**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | : | Civil Action No. 2:17-cv-04214 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| AN EASEMENT TO CONSTRUCT, | : | |
| OPERATE AND MAINTAIN A 42-INCH | : | |
| GAS TRANSMISSION LINE ACROSS | : | |
| PROPERTIES IN THE COUNTIES OF | : | |
| NICHOLAS, GREENBRIER, MONROE, | : | |
| SUMMERS, BRAXTON, HARRISON, | : | |
| LEWIS, WEBSTER, AND WETZEL, WEST | : | |
| VIRGINIA, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
AND IMMEDIATE ACCESS TO SURVEY THE EASEMENTS CONDEMNED**

Pursuant to its power of eminent domain as authorized by the Natural Gas Act, 15 U.S.C.

§§ 717-717(z) and Federal Rule of Civil Procedure 71.1, Mountain Valley Pipeline, L.L.C.

("MVP") condemned property interests necessary for the construction, operation, and

maintenance of an interstate pipeline and associated appurtenances necessary for its operation

(the "MVP Project") across properties in the counties of Nicholas, Greenbrier, Monroe,

Summers, Braxton, Harrison, Lewis, Webster, and Wetzel, West Virginia owned by defendants

identified in the Complaint and Unknown Persons and Interested Parties (the "Landowners").

MVP has the authority to condemn the permanent and exclusive rights-of-way, access road

rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way

identified in the Complaint because it has a Federal Energy Regulatory Commission ("FERC")

Certificate of Public Convenience and Necessity, the rights-of-way are necessary for the MVP Project, and MVP has been unable to acquire the rights-of-way by agreement with the Landowners.

MVP must have access to the properties of Hilry Gordon, Barry G. Pallay, Charles F. Chong and Rebecca Ann Eneix-Chong, Teresa D Erickson, POA for Gerald Wayne Corder, Lorena B. Krafft, POA for Randall N. Corder, Fred L. Golden, Paco Land, Inc., Artie Orlena Robinson and David Lane Robinson, Heirs of J.H. Harrah, Ira Hickman Harrah, Jr., Reinhard Bouman and Ashofteh Assad-Bouman, Kiranasa Swami, Philip J. Harrah, Robert Jackson Holt, Richard and Anne M. Berkley, Orus Ashby Berkley, Donna M. Huffman, Bonnie Larew Walsh, Gladys Larew Carter, James Tully Larew, and Janet Larew Haag, Landcey Ragland, Petrie Dobbs Brown, Maury W. Johnson, Maury W. Johnson, David Allen Johnson, Wayne Johnson, and Everett Johnson, Jr., Earl C. and Patricia J. Williams, William H. Mann, Lucy G. Booth, Harry L. Mann, Nancy L. Phillips, Donald E. Mann, Carl E. Mann, Larry W. Mann, and Bonnie K. Barberie, Norvel P. and Jean M. Mann, Thomas B. and Hannah G. Mann, and Chloda Crosier, Norvel P. and Jean M. Mann, David R. Hughes, James O. Gore, Thomas E. and Rosetta B. Toney and Austin B. Toney, James O. Gore, Barry G. and Lisa B. Meadows, and Zane R. Lawhorn, James Robert Persinger and Lillian Sue Persinger, Rodger L. and Marjorie Boothe, Trustee of The Paulette A. Sears Family Trust, Melanie J. Miller, Carol M. and Kenneth L. Vass, Anne C. Chambers, Executrix of the Estate of Thomas P. Long, Trustee of the Lacy H. Toney Farm Trust, Roger D. and Rebecca H. Crabtree, Mountain Lair, LLC, Jeffrey Dewayne Osborne, Ronald and Elisabeth Tobey, Doreen S. Allen, Frederick M. Osborne, Jo Lynn Blankenship, Mickey D. Osborne, and Scott S. Osborne, Arthur C. and Judy D. Roberts, Rebecca K. Bragg, Quinwood Coal Company f/k/a Alex Energy, LLC f/k/a Alex Energy, Inc. f/k/a Green Valley

Coal Company, LLC, D. Lane McMillion, Gregory L. Berry, Laura Bowen-Coffelt, Trustee of the Susan H. Leeper (a/k/a Ella Susan Houcins) Revocable Living Trust, Monte G. and Elora C. McKenzie, Clarence Frank Sills, Jr. and Kelley Anne Sandell Sills, and Stephen C. and Lorrie P. Broyles by January 15, 2018, along with any other Landowners' properties necessary to access these Landowners' properties (collectively, the "Survey Landowners"), to conduct surveying for the MVP Project on those properties that it has not already surveyed by agreement of the parties. The MVP Project is in the public interest and delaying the surveying of properties affected by the MVP Project will cause irreparable harm to the public because it will delay construction, which will jeopardize the reliability of service of natural gas to MVP's customers in the winter months. Delays will also cause unnecessary environmental risks to protect species, because MVP will be prevented from surveying properties to identify additional areas with wetlands, streams, protected species, or protected cultural resources. Delaying surveying necessary for the MVP Project will also cause irreparable harm to MVP because it will incur delay fees and contractor costs, and it will be unable to meet the requirements of its contracts and agency approvals and permits. In addition, to the extent MVP and its surveyors are unable to gain access to the Survey Landowners' properties by January 15, 2018, MVP may be unable to identify protected species that would require any tree clearing to be completed by March 31, 2018. The Survey Landowners will not suffer any harm by the grant of immediate access because MVP will be accessing the properties solely to conduct survey activities on those properties that it has not previously surveyed by agreement, and the Survey Landowners may continue to use and enjoy their properties as long as that use does not interfere with MVP's rights to survey the properties, and access will not affect their rights to receive just compensation for the property interests condemned.

# BACKGROUND

The MVP Project includes approximately 303 miles of new 42-inch-diameter natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia, three new compressor stations, four new meter and regulation stations and interconnections, and other appurtenances. The MVP Project seeks to help meet the public's demand for natural gas in the Northeast, Mid-Atlantic, and Southeast regions of the United States by providing transportation of natural gas from the Marcellus and Utica Shale formations in central Appalachia. The pipeline will be capable of transporting at least two million dekatherms per day of natural gas. To construct the MVP Project as certificated by the FERC, it is necessary for MVP to acquire easements for permanent and exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way across the properties in the counties of Nicholas, Greenbrier, Monroe, Summers, Braxton, Harrison, Lewis, Webster, and Wetzel, West Virginia.

Despite attempts at negotiation by MVP, the Landowners have refused to agree to the permanent and temporary rights-of-way necessary to accomplish the MVP Project. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717 f(h), MVP has the right to condemn permanent and exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way across the Landowners' properties in order to construct, operate, and maintain the MVP Project.

MVP must have access to the Survey Landowners' properties by January 15, 2018, to survey the properties of Landowners who have previously denied MVP access to conduct necessary surveying activities, or that have otherwise not been surveyed by agreement. *See* **Exhibit 1** to the Motion, Declaration of Robert J. Cooper, at ¶ 12. MVP and its surveyors need

access by January 15, 2018, to go onto each property, and survey and identify any protected species, wetlands, streams, or cultural resources that would require adjusting the construction plan. *See id.* at ¶ 15. For example, MVP needs access to survey for bat portals, which may impact the schedule for tree felling. *See id.* Any delay in conducting the necessary surveying of properties will delay the construction schedule of the approximately 303 miles of the MVP Project, which is planned to be complete by winter 2018. *See id.* at ¶ 21.

For each of the eleven segments of the MVP Project, MVP and its contractors will work in a continuous straight line down the path of the pipeline and permanent rights-of-way, clearing and grading the rights-of-way, ditching the line, and moving the pipe from lay down yards to the rights-of-way. *See id.* at ¶ 18. By mid-April to early May 2018, MVP and its contractors are scheduled to begin welding pipe in each of the eleven segments of the MVP Project. *See id.* at ¶ 19. After welding is complete, MVP and its contractors will test the welds, lower the pipe into the trench, cover and grade the surface over the pipeline, work on crossings and tie-ins to the pipeline, clean and dry the pipeline, and finally put natural gas into the pipeline. *See id.* at ¶ 20. This construction is planned to be complete along all approximately 303 miles of the MVP Project by winter 2018, with meters being placed into service in late November or December of 2018. *See id.* at ¶ 21. The planned in-service date of the pipeline is December 2018. *See id.* at ¶ 13.

## ARGUMENT

**I.  MVP HAS THE LEGAL AUTHORITY TO CONDEMN THE PROPERTY INTERESTS NECESSARY FOR THE EASEMENTS TAKEN FOR THE MVP PROJECT.**

Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), authorizes the holder of a certificate of public convenience and necessity to condemn property rights necessary to construct, operate, and maintain a pipeline or pipelines for the transportation of natural gas:

**Right of eminent domain for construction of pipelines, etc**. When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for, the necessary right-of-way to construct, operate and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located.

15 U.S.C. § 717f(h); *see also E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 822 (4th Cir. 2004) (any holder of a certificate of public convenience and necessity may acquire property by eminent domain); *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp*., 768 F.3d 300, 304 (3d Cir. 2014) ("a certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement").

To condemn a property interest under Section 7(h) of the Natural Gas Act, the condemning party must demonstrate that it holds a FERC certificate of public convenience and necessity, the property interests at issue are necessary to the operation of the pipeline system, and it has been unable to acquire the necessary property interests by agreement. 15 U.S.C. § 717f(h). MVP has met these elements necessary to exercise its eminent domain power.

> **A.   MVP Holds A FERC Certificate of Public Convenience and Necessity For the MVP Project.**

MVP holds the required FERC Certificate of Public Convenience and Necessity. On October 13, 2017, the FERC issued a Certificate of Public Convenience and Necessity to MVP for the construction, operation, and maintenance of the MVP Project, which includes approximately 303 miles of new 42-inch-diameter natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia, three new compressor stations, four new meter

and regulation stations and interconnections, and other appurtenances. *See* 161 FERC ¶ 61,043. A true and correct copy of that certificate is attached as Exhibit B to the Complaint. To construct the MVP Project as certificated by FERC, MVP is authorized to condemn easements for permanent and exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way across properties in the counties of Nicholas, Greenbrier, Monroe, Summers, Braxton, Harrison, Lewis, Webster, and Wetzel, West Virginia.

### B.    The Property Interests and Rights-of-Way Condemned Are Necessary.

The property interests and rights-of-way condemned by MVP are necessary. By the Natural Gas Act, Congress intended to give natural gas companies the power to condemn any property interest or facility necessary to fulfill their duty of providing gas service. 15 U.S.C. § 717f(h); *see also Kansas Pipeline Co. v. A 200 Foot by 250 Foot Piece of Land*, 210 F. Supp. 2d 1253, 1255 (D. Kan. 2002). The rights condemned by MVP, a natural gas company within the meaning of the Natural Gas Act, are necessary to safely construct, operate, and maintain the MVP Project as certificated by FERC. *See* Complaint, Exh. B; **Exhibit 1** at ¶ 10. Access to the Landowners' properties to conduct surveying in the counties of Nicholas, Greenbrier, Monroe, Summers, Braxton, Harrison, Lewis, Webster, and Wetzel, West Virginia is necessary for MVP to safely and effectively accomplish the MVP Project. *See* **Exhibit 1** at ¶ 10.

FERC has determined that the MVP Project is a matter of public convenience and necessity and that determination cannot be challenged in this action. *See* Complaint, Exh. B. Collateral attacks in this action on FERC's finding that the construction, operation, and maintenance of the MVP Project are a matter of public convenience and necessity are improper and not permitted. *See, e.g., Hardy Storage Co. v. Prop. Interests Necessary to Conduct Gas Storage Operations in Oriskany Sandstone Subterranean Geological Formation*, 2009 WL

689054, *4 (N.D. W. Va. Mar. 9, 2009) (noting that the FERC's decision of necessity cannot be attacked in a district court proceeding); *Transcontinental Pipe Line Co. v. Permanent Easement for 2.59 Acres*, No. 4:17-CV-00289, 2017 WL 1105237 (M.D. Pa. Mar. 24, 2017) ("The district court's jurisdiction extends solely to examining the scope of the certificate and ordering condemnation of property as authorized by the certificate."). *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cnty.*, 550 F.3d 770, 778 n.9 (9th Cir. 2009) ("The NGA does not allow landowners to collaterally attack the FERC certificate in the district court…"); *Alliance Pipeline L.P. v. 4,500 Acres of Land*, 911 F. Supp. 2d 805, 813 (D.N.D. 2012) ("In a condemnation action, a district court lacks jurisdiction to hear collateral attacks on certificates issued by FERC."); *Kansas Pipeline Co.,* 210 F. Supp. 2d at 1256 ("Once the holder of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings in the FERC certificate are conclusive."). Accordingly, any objections must be raised at the FERC and may not be raised in this action as collateral attacks as to the necessity of the MVP Project or the authority of MVP to exercise its eminent domain authority to gain survey access.

### C. MVP Has Been Unable to Acquire the Condemned Easements By Agreement.

Finally, MVP made offers to the Landowners to acquire by agreement the property rights necessary for the construction, operation, and maintenance of the MVP Project. **Exhibit 1** at ¶ 8. It is undisputed that, despite negotiations and attempts to work cooperatively with the Landowners, MVP and the Landowners have been unable to agree. *See id.*

MVP has satisfied its obligations under the Natural Gas Act. *See Hardy Storage Co*., 2009 WL 689054 at *5 (holding that the plaintiff had no legal duty under the Natural Gas Act or Fed. R. Civ. P. 71.1 to engage in good faith negotiations, and that it need only show that it has

been unable to reach an agreement regarding just compensation with the property owners);

*Columbia Gas Transmission Corp. v. An Easement to Construct, Operate and Maintain a 24-Inch Pipeline*, 2008 WL 2439889, *4 n.4 (W.D. Va. June 9, 2008) ("All the NGA requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid."); *Kansas Pipeline Co.*, 210 F. Supp. 2d at 1257; *Maritimes & Ne. Pipeline, LLC v. Decoulos*, 146 Fed. Appx. 495, 498 (1st Cir. 2005). Accordingly, MVP has the authority pursuant to the Natural Gas Act to condemn the necessary property interests. The only remaining issue is the just compensation due to the Landowners for the property interests taken.

## II.   MVP IS ENTITLED TO IMMEDIATE ACCESS TO THE EASEMENTS CONDEMNED TO CONDUCT SURVEYING NECESSARY TO THE MVP PROJECT.

MVP is entitled to immediate access to survey the property interests condemned of those properties where the Landowners have previously denied access or where MVP has not previously surveyed the properties by agreement. *See Transcontinental Pipe Line Co. v. Permanent Easement for 2.59 Acres*, No. 4:17-CV-00289, 2017 WL 1105237 (M.D. Pa. Mar. 24, 2017) (granting an injunction to a pipeline company seeking access to properties to conduct field surveys where any delay in field surveys would delay construction of and completion of the pipeline project); *E. Tenn. Natural Gas*, 361 F.3d at 824; *Guardian Pipeline v. 950.80 Acres of Land*, 2002 U.S. Dist. LEXIS 5904 (N.D. Ill. 2002); *Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement*, 2002 U.S. Dist. LEXIS 10541 (E.D. Wash. 2002). Pursuant to the Natural Gas Act, federal district courts have the "equitable power to grant immediate entry and possession where such relief is essential to the pipeline construction schedule." *Tenn. Gas Pipeline Co.*, 6 F. Supp. at 104; *see also Columbia Gas Transmission*, 768 F.3d at 314-16. To obtain that equitable relief and possession prior to the award of just

compensation, the condemning party must establish it has eminent domain power and that it satisfies the preliminary injunction standard. *See* Fed. R. Civ. P. 65; *E. Tenn. Natural Gas Co.*, 361 F.3d at 828 (holding that once a court determines that a gas company has the substantive right to condemn property under the Natural Gas Act, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction); *Columbia Gas Transmission*, 768 F.3d at 314-15; *Sabal Trail Transmission*, 2016 WL 2991151 at *4 ("It is well established that granting immediate possession of property through a preliminary injunction is appropriate where a pipeline company holds a valid FERC certificate, a court has entered an order establishing the pipeline company's right to condemn the necessary easements, and the pipeline company has satisfied the standard for injunctive relief.").

MVP has met those requirements: it holds eminent domain power to condemn the easements identified in the Complaint across the Survey Landowners' properties and it has satisfied the requirements for a preliminary injunction granting access to survey the property interests condemned by January 15, 2018. *See* **Exhibit 1** at ¶¶ 9, 12.

First, the MVP Project is in the public interest and seeks to help meet the public's demand for natural gas in the Northeast, Mid-Atlantic, and Southeast regions of the United States by providing transportation of natural gas from the Marcellus and Utica Shale Formations in central Appalachia. *See id.* at ¶ 6. Prohibiting MVP from accessing the properties to conduct surveying will ultimately delay the construction of the MVP Project and will cause irreparable harm to the public because it will prevent MVP from surveying properties to identify additional areas with wetlands, streams, protected species, or protected cultural resources, which will result in unnecessary environmental risks to protected species. *See id.* at ¶ 15. Second, any delay to the start of construction of the MVP Project will result in harm to MVP by causing MVP to incur

delay fees and contractor costs.  *See id.* at ¶ 28.  Construction delays will also prevent MVP from

meeting requirements of its contracts with other parties and agency approvals and permits.  *See

id.* at ¶ 29.  Lastly, and in contrast, any harm to the Survey Landowners by the grant of

immediate access is outweighed by the benefits of the MVP Project because the Survey

Landowners may continue to use and enjoy their properties as long as that use does not interfere

with MVP's rights to survey within its rights-of-way.  *See id.* at ¶ 33.  Significantly, a grant of

immediate access does not affect the Survey Landowners' rights to receive just compensation for

the property interests condemned and MVP is prepared to file a bond with this Court equal to its

estimate of just compensation.  *See id.* at ¶¶  34-35.

> **A.**     **MVP Has Eminent Domain Power.**

As stated above, MVP has eminent domain power by virtue of FERC's certificating the

MVP Project and the authority of the Natural Gas Act, 15 U.S.C. § 717f(h).  For the same

reasons, MVP is likely to succeed on the merits of its claim.  MVP has satisfied the requirements

of the Natural Gas Act: it holds a FERC Certificate of Public Convenience and Necessity for the

MVP Project, the property interests condemned are necessary for the construction, operation, and

maintenance of the MVP Project, and MVP and the Landowners have been unable to reach

agreements for MVP to acquire the easements.

> **B.**     **MVP Satisfies the Requirements for a Preliminary Injunction Granting
> Immediate Access to Survey the Easements Condemned.**

MVP requires access to the property interests condemned by January 15, 2018, to survey

the properties of Survey Landowners.  *See* **Exhibit 1** at ¶ 12.  As in any injunction motion,

courts considering a motion for immediate access evaluate the likelihood of success on the

merits, whether the plaintiff pipeline company will suffer irreparable harm in the absence of

preliminary relief, whether the balance of equities tips in the plaintiff pipeline's favor, and

whether an injunction is in the public interest. *See* Fed. R. Civ. P. 65; *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009); *Columbia Gas Transmission*, 768 F.3d at 314-15.

### 1. *MVP's Construction Schedule*

MVP's request for access to and possession of the property interests condemned by January 15, 2018, is based on MVP's construction schedule for the MVP Project. MVP and its surveyors need access by January 15, 2018, to go onto each property that was not previously surveyed by agreement, and survey and identify any protected species, wetlands, streams, or cultural resources that would require adjusting the construction plan. *See id*. at ¶ 15. Any delay in conducting the necessary surveying of properties will delay the construction schedule of the approximately 303 miles of the MVP Project, which is planned to be complete by winter 2018. *See id*. at ¶ 21. For each of the eleven segments of the MVP Project, MVP and its contractors will work in a continuous straight line down the path of the pipeline and permanent rights-of-way, clearing and grading the rights-of-way, ditching the line, and moving the pipe from lay down yards to the rights-of-way. *See id*. at ¶ 18. Tree clearing must begin by no later than February 1, 2018, to be completed in compliance with environmental restrictions, specifically prior to March 31, 2018 for locations with protected bats, and prior to May 31, 2018 for locations with protected migratory birds. *See id.* at ¶ 26. By mid-April to early May 2018, MVP and its contractors are scheduled to be welding pipe in each of the eleven segments of the MVP Project. *See id*. at ¶ 19. After welding is complete, MVP and its contractors will test the welds, lower the pipe into the trench, cover and grade the surface over the pipeline, work on crossings and tie-ins to the pipeline, clean and dry the pipeline, and finally put natural gas into the pipeline. *See id*. at ¶ 20. This construction is planned to be complete along all approximately 303 miles of the MVP

Project by winter 2018, with meters being placed into service in late November or December 2018. *See id*. at ¶ 21. The planned in-service date of the pipeline is December 2018. *See id*. at ¶ 13.

**2.** ***Delaying the MVP Project Will Harm the Public***

The MVP Project is in the public interest. FERC certification of the MVP Project is conclusive evidence that the permanent easements and temporary access and workspace easements are a public necessity and in the public interest. *Sabal Trail Transmission*, 2016 WL 2991151 at *5. There is a public interest in transporting natural gas to residential, commercial and industrial markets in the Northeast, Mid-Atlantic, and Southeast regions of the United States, which will be served by the pipeline. *See* **Exhibit 1** at ¶ 6; Complaint, Exh. B; *Transcontinental Gas Pipe Line Co., LLC*, 2017 WL 1105237, at *8 (granting survey access and noting that "granting the preliminary injunction is in the public interest as it will give the general public access to natural gas from the Marcellus Shale deposits for heating their homes and businesses"). Delaying the construction of the MVP Project will unnecessarily postpone the public benefits that the pipeline will provide and unnecessarily increase the costs of completing the work and result in the loss of substantial revenue to MVP. *See* **Exhibit 1** at ¶ 32.

Denying access and delaying construction will further harm the public because it will have environmental consequences. *See id*. at ¶ 25. Specifically, access by January 15, 2018, will ensure that MVP is able to complete surveys on the properties where MVP was not able to enter and survey by agreement of the Landowners so as not to delay the construction schedule. *See id*. at ¶ 22. It is necessary to access the Survey Landowners' properties as soon as possible so that environmental concerns such as wetlands, streams, protected species, or cultural resources may be identified and MVP can adjust the construction schedule and activities in accordance with

applicable laws and regulations. *See id*. at ¶ 15. For example, MVP needs access to survey for bat portals, which may impact the schedule for tree felling. *See id.* It would cause irreparable harm to the public, including the Survey Landowners, if MVP is not able to timely access and survey those properties. *See id*. at ¶ 23.

### 3. *Delaying the MVP Project Will Irreparably Harm MVP*

MVP will also suffer irreparable harm if it is unable to access the easements on the Survey Landowners' properties by January 15, 2018, to survey the properties. If MVP and its contractors are unable to access the properties to survey those properties that have not been surveyed by agreement by January 15, 2018, it will be unable to work according to its construction schedule and will incur additional delay fees and contractor costs. *See id*. at ¶ 28. This type of delay constitutes irreparable damage to MVP. *See Sabal Trail Transmission*, 2016 WL 2991151 at *4 (additional construction costs due to delays constitute irreparable injury). In addition, MVP will suffer irreparable harm because it will be unable to meet its contractual requirements to begin clearing activities in February 2018. *See* **Exhibit 1** at ¶ 29; *see also Transcontinental Gas Pipe Line Co.*, LLC, 2017 WL 1105237, at *5 (finding irreparable harm where the pipeline company noted that "it will breach contracts with both subcontractors and vendors if it cannot possess the subject properties in a timely fashion."). MVP has contractual requirements to begin clearing activities in February 2018. MVP also has must comply with administrative agency regulations of the United States Fish and Wildlife Service requiring that certain clearing be complete by March 31, 2018, and that construction of roads be complete by March 31, 2018. *See* **Exhibit 1** at ¶ 29. MVP also has agreements in place to begin shipping gas in 2018. *See id.* at ¶ 30. If MVP cannot timely access the properties to survey, this will cause "undue delay" and "significant financial harm to [MVP] and some of its putative customers,"

which is sufficient to grant immediate access to the property interests condemned.  *See E. Tenn. Natural Gas Co.*, 361 F.3d at 828; *see also Columbia Gas Transmission*, 768 F.3d at 316.

### 4.    *Immediate Access Will Not Harm the Landowners*

In contrast, the Landowners will not suffer harm by the grant of immediate access to and possession of the easements taken for the limited purpose of surveying properties to which MVP was previously denied access or where MVP has not previously surveyed by agreement, and any harm suffered is outweighed by the benefits to the public, MVP, and MVP's putative customers. The grant of immediate access does not affect the Landowners' rights to receive just compensation and MVP is willing to post a bond as a condition to its immediate access and possession, which will protect the Survey Landowners' interests.  **Exhibit 1** at ¶ 35; *see also Dominion Carolina Gas Transmission, LLC v. 1.169 Acres*, 218 F. Supp. 3d 476 (D. S.C. 2016) (holding that granting immediate access to a pipeline company would not harm the Landowners because "the Fifth Amendment guarantees the landowners just compensation for their land no matter when the condemnor takes possession.") (citing *E. Tenn. Natural Gas Co.*, 361 F.3d at 829); *see also E. Tenn. Natural Gas Co.*, 361 F.3d at 829 (finding harm "slight at best" when funds representing appraised value of the interests sought were deposited with the Court). Further, the easements condemned by MVP still permit the Survey Landowners to use and enjoy their properties as long as that use is not inconsistent with MVP's rights to survey the properties. *See* **Exhibit 1** at ¶ 33.  Accordingly, there is no harm caused by the pre-judgment access to survey the properties.

## CONCLUSION

For the foregoing reasons, MVP requests that the Court enter an Order granting partial summary judgment as to its authority to condemn the necessary easements to effectuate the MVP Project and granting immediate access to the easements condemned to survey those properties affected by the MVP Project that have not been surveyed by agreement.

October 27, 2017

REED SMITH LLP

/s/ Nicolle R. Snyder Bagnell
Nicolle R. Snyder Bagnell
W.V. I.D. No. 11081
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
nbagnell@reedsmith.com

*Counsel for Mountain Valley Pipeline, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

Memorandum of Law In Support of Motion for Partial Summary Judgment and Immediate

Access to Survey the Easements Condemned of Plaintiff Mountain Valley Pipeline, L.L.C. has

been served via hand delivery on the individuals identified on the attached Service List.



Dated: October 27, 2017                                    <u>/s/ Nicolle R. Snyder Bagnell</u>

## SERVICE LIST

| | |
|---|---|
| D. Lane McMillion<br>P. O. Box 633<br>Craigsville, WV 26205-0633 | Ervin E. Richmond<br>136 Rockhill Dr.<br>Alderson, WV 24910 |
| D. Lane McMillion and<br>Dale L. and Alicia D. McMillion<br>P. O. Box 633<br>Craigsville, WV 26205-0633 | Gerald K. Richmond<br>941 Bun Fink Road<br>Alderson, WV 24910 |
| Paco Land, Inc.<br>196 Middletown Road<br>Richwood, WV 26261-1028 | Jesse James Richmond<br>707 Freezeland Mountain Rd.<br>Hinton,WV 25951 |
| Brian and Beth Armstrong<br>312 Ritchie Farm Road<br>Summersville, WV 26651-4521 | Carolyn S. Walls<br>PO Box 82<br>Coal Mountain, WV 24823-0082 |
| Jerry Allen and Mary E. Hammons<br>354 Crupperneck Road<br>Craigsville, WV 26205-8711 | Richard Dean Ward<br>124 Maryville MBL<br>Alcoa, TN 37701 |
| Bruce A. and Kimberly Roberts<br>PO Box 321<br>Nettie, WV 26681-0321 | Kerry N. and Cheryl L. Boone<br>110 Perry Boone Lane<br>Alderson, WV 24910-1501 |
| Todd E. White<br>1584 North Hill Drive<br>Rockwall, TX 75087-3237 | Ashby A. and Emma Jean Boone<br>and Dorothy Marie Boone Fogle<br>34 Orchard Tree Drive<br>Front Royal, VA 22630-5808 |
| Tamara L. White Delong<br>5345 Germaine CT<br>Colorado Springs, CO 80919-7935 | Robert M. Jarrell<br>482 West Clayton Rd<br>Alderson, WV 24910 |
| Virginia D. and Connie McClung<br>453 Power Plant Rd<br>Summersville, WV 26651-2031 | Mark Grey Smith<br>1036 Ficklen Road<br>Fredericksburg, VA 22405-2102 |
| Artie Orlena Robinson<br>and David Lane Robinson<br>5907 Ward Road<br>Nettie, WV 26681-4563 | Orus Ashby Berkley<br>P.O. Box 366<br>Talcott, WV 24981-0366 |

| | |
|---|---|
| Quinwood Coal Company f/k/a<br>Alex Energy, LLC f/k/a<br>Alex Energy, Inc. f/k/a<br>Green Valley Coal Company, LLC<br>1415 Louisiana Street<br>Suite 2400<br>Houston, TX 77002-7361 | Tammy A. Capaldo<br>and Caitlyn A. Gragg<br>PO Box 58<br>Alderson, WV 24910-0058 |
| Estate of C. L. Keener<br>118 Dawson Road<br>Meadow Bridge, WV 25976-9424 | Wiseman Living Trust<br>Gene and Phyllis M. Wiseman<br>7507 Walton Lane<br>Annandale, VA 22003-2558 |
| James Keener<br>38692 Adains Road<br>Willoughby, OH 44094 | Robert Jackson Holt<br>1611 Smith Bridge Road<br>Chadds Ford, PA 19317-9765 |
| Johnnie Ray Keener,<br>Brande Nicole Keener,<br>and David Harmon<br>118 Dawson Road<br>Meadow Bridge, WV 25976-9424 | Philip J. Harrah<br>78 Starling Lane<br>Sandstone, WV 25985-9419 |
| Thomas Keener<br>2929 Dawson Road<br>Meadow Bridge, WV 25976 | Reinhard Bouman<br>and Ashofteh Assad-Bouman<br>282 Ashwood Drive<br>Meadow Bridge, WV 25976 |
| Clyde Fox, Michael Fox,<br>Naomi J. Fox, and Robert W. Fox<br>P. O. Box 646<br>Leslie, WV 25972-0646 | Meadow Creek Coal Corporation<br>263 White Oak Drive<br>Beckley, WV 25801-8133 |
| Naomi J. and Robert W. Fox<br>386 Clifftop Loop Road<br>Danese, WV 25831-7273 | Kiranasa Swami<br>RR 1 Box 278-B<br>Meadow Bridge , WV 25976-9514 |
| Rex Coal Land Company<br>PO Box 564<br>Lewisburg, WV 24901-0564 | Gregory L. Berry<br>1211 New River Road<br>Hinton, WV 25951-8125 |
| Eugene Ray and Tina Robin Tuckwiller<br>627 Crosier Road<br>Rainelle, WV 25962-1060 | L. C. Miller, Jr.<br>P. O. Box 65<br>Lester, WV 25865-0065 |

| | |
|---|---|
| Silas Steven and Laurel Tucker<br>5354 Forest Brook Drive<br>Milton, FL 32583-6224 | James R. Miller<br>1741 Barkers Ridge Sand Gap Road<br>Stephenson, WV 25928-9613 |
| Jeffrey Dewayne Osborne<br>110 Goddard Mountain Road<br>Rainelle, WV 25962-6860 | Charles D. Simmons Estate<br>Sharon G. Simmons<br>P.O. Box 65<br>Lester, WV 25865-0065 |
| Ronald and Elisabeth Tobey<br>531 Burns Hollow Road<br>Meadow Bridge, WV 25976-1100 | Charles D. Simmons Estate<br>Sharon G. Simmons<br>P.O. Box 65<br>Lester, WV 25865-0065 |
| Unknown Heirs of Martha I. Kessler<br>1240 Lawn Road<br>Meadow Bridge, WV 25976-9332 | Bryan Charles Simmons<br>11 Red Fox Trail<br>Euharlee, GA 30145 |
| Unknown Heirs of Mary L. Surbaugh<br>1240 Lawn Road<br>Meadow Bridge, WV 25976-9332 | Joshua Simmons<br>1741 Barkers Ridge<br>Stephenson, WV -9613 |
| Unknown Heirs of Nora E. Vandall<br>1240 Lawn Road<br>Meadow Bridge, WV 25976-9332 | Joshua Simmons and Jerry L. Cannady<br>1741 Barkers Ridge<br>Stephenson, WV -9613 |
| Unknown Heirs of Azel Ford Zickafoose | Red Hawk Trust<br>Robert C. Pierson, III<br>and Vicki L. Pierson<br>PO Box 51<br>Walkersville, WV 26447-0051 |
| Unknown Heirs of Joseph Orville Zickafoose<br>1240 Lawn Road<br>Meadow Bridge, WV 25976-9332 | William G. Lloyd<br>4350 Sutton Lane<br>Sutton, WV 26601-9717 |
| Unknown Heirs of Robert C. Zickafoose<br>1240 Lawn Road<br>Meadow Bridge, WV 25976-9332 | James McAllister<br>2703 Curry Ridge Road<br>Napier, WV 26631-7045 |

| | |
|---|---|
| Doreen S. Allen,<br>Fredereck M. Osborne,<br>Jo Lynn Blankenship,<br>Mickey D. Osborne,<br>and Scott S. Osborne<br>377 Dark Hollow Rd<br>Rainelle, WV 25962-9713 | Hilry Gordon<br>299 Llama Fork Road<br>Wallace, WV 26448-8817 |
| Donna M. Huffman<br>61 Grassy Meadow Lane<br>Alderson, WV 24910 | Chad W. Johnson<br>109 Platinum Drive, Suite 1<br>Bridgeport, WV 26330-2007 |
| Norvel P. and Jean M. Mann,<br>Thomas B. and Hannah G. Mann,<br>and Chloda Crosier<br>46 Narrows Hans Creek Road<br>Lindside, WV 24951-9606 | Martha Jean Kotschenreuther,<br>Karen Jean Kotschenreuther, and<br>Elsa Lyn Kotschenreuther<br>c/o Martha Jean Kotschenreuther<br>144 Monticello Ave.<br>Anapolis, MD 21401-3451 |
| William H. Mann, Lucy G. Booth,<br>Harry L. Mann, Nancy L. Phillips,<br>Donald E. Mann, Carl E. Mann,<br>Larry W. Mann, and<br>Bonnie K. Barberie<br>150 Barberie Lane<br>Princeton, WV 24740-9004 | Estate of Barbara June Reger<br>Address Unknown |
| Rebecca K. Bragg<br>HC 65, Box 10<br>Wayside, WV 24985-9104 | Barry G. Pallay<br>124 Diamond Court<br>Morgantown, WV 26505-2512 |
| Landcey Ragland<br>163 Slate Run Road<br>Greenville, WV 24945-7163 | Adam L. Matheny<br>303 Maken Rd<br>Salem, WV 26426-8054 |
| John White, II and Shellie White<br>PO Box 120<br>Greenville, WV 24945-0120 | Glenn D. Matheny, II<br>182 Sugar Mill Loop<br>Myrtle Beach, SC 29588-4630 |

| | |
|---|---|
| Petrie Dobbs Brown<br>1179 Hans Creek Road<br>Greenvlle, WV 24945-7016 | Charles F. Chong and<br>Rebecca Ann Eneix-Chong<br>1839 Halls Run Road<br>Bristol, WV 26426-7350 |
| Addison Dunlap Dobbs<br>and Lee Filmore Dobbs, III<br>1179 Hans Creek Road<br>Greenvlle, WV 24945-7016 | Courtney Cecil<br>and Stacey Postus<br>RR 2 Box 194 A<br>Bristol, WV 26426-7324 |
| Oscar D. Darago<br>3514 Ellison Ridge<br>Greenville, WV 24945-7035 | Clifford S. and Laura Cleavenger<br>3373 Raccoon Run Road<br>Bristol, WV 26426- 7311 |
| Maury W. Johnson<br>3227 Ellison's Ridge<br>Greenville, WV 24945 | Gerald Wayne Corder<br>Teresa D Erickson, POA<br>109 Columbus Street<br>Elyria, OH 44035-5130 |
| Maury W. Johnson,<br>David Allen Johnson,<br>Wayne Johnson, and<br>Everett Johnson, Jr.<br>3227 Ellison's Ridge<br>Greenville, WV 24945 | Randall N. Corder<br>Lorena B. Krafft, POA<br>720 Park Ave.<br>Elyria, OH 44035 |
| Clarence Frank Sills, Jr. and<br>Kelley Anne Sandell Sills<br>PO Box 37<br>Greenville, WV 24945-0037 | Kincheloe Mitigation Holdings LLC<br>23 South Main St.<br>3rd Floor<br>Hanover, NH 03755 |
| Norvel P. and Jean M. Mann<br>46 Narrows Hans Creek Road<br>Lindside, WV 24951-9606 | Danny and Tina Martin<br>RR 2 Box 195<br>Bristol, WV 26426-7326 |
| James O. Gore<br>49 Fairview Drive<br>Peterstown, WV 24963-1116 | Gary Casto, Sharon Casto,<br>and Averal Todd Casto<br>PO Box 12<br>Craigsville, WV 26205-0012 |

| | |
|---|---|
| David R. Hughes<br>232 Cedar Ridge Farm Road<br>Greenville, WV 24945-0067 | Arthur C. and Judy D. Roberts<br>158 Point Lick Drive<br>Charleston, WV 25306-6723 |
| James O. Gore,<br>Barry G. and Lisa B. Meadows,<br>and Zane R. Lawhorn<br>HC 77, Box 19<br>Peterstown, WV 24963-9604 | Fred L. Golden<br>Route 1, Box 3618<br>Orlando, WV 26412 |
| James Robert Persinger<br>and Lillian Sue Persinger<br>121 Watson Avenue<br>Belle, WV 25015-1925 | Sherman and Mary Gamble<br>PO Box 268<br>Kistler, WV 25628-0268 |
| Stephen C. and Lorrie P. Broyles<br>549 Cooks Run Road<br>Lindside, WV 24951-9605 | David Finster<br>4570 Crains Run Road<br>Miamisburgh, OH 45342-6212 |
| The Paulette A. Sears Family Trust<br>222 Navajo Street<br>Tavernier, FL 33070-2119 | Donald J. Finster<br>and Paul W. Finster<br>5900 Homedale Street<br>Dayton, OH 45449-2922 |
| Stephen M. and Melanie J. Miller<br>88 Monroe Ave<br>Peterstown, WV 24963-6720 | Dana M. Finster<br>36 Goosepen Road<br>Roanoke, WV 26447 |
| Estate of Thomas P. Long<br>Anne C. Chambers<br>3681 Wolf Creek Road<br>Narrows, VA 24124-2609 | Leonard G. Finster, Jr.<br>46 Maple Drive<br>Jane Lew, WV 26378-6958 |
| William S. Broyles Revocable Trust<br>Virginia B. Broyes Revocable Trust<br>Cynthia A. Broyles Morris<br>PO Box 137<br>Lindside, WV 24951-0137 | Venice Eileen Finster<br>2564 Bryan Circle<br>Grove City, OH 43123-3527 |
| Roy P. and Joyce A. Reese<br>1606 Adair Ridge Road<br>Ballard, WV 24918-5005 | Estate of Diana Wimer f/k/a<br>Diana Finster<br>c/o Michael Wimer, Executor<br>4102 US Highway 19 S<br>Weston, WV 26452-7192 |

| | |
|---|---|
| Trustee of The Lacy H. Toney Farm Trust<br>RR 1, Box 348<br>Peterstown, WV 24963-9713 | Brian and Helen Montague Van Nostrand<br>P. O. Box 111<br>Hacker Valley, WV 26222-0111 |
| Mountain Lair, LLC<br>Robert Allen<br>2044 Wilson Mill Road<br>Lindside, WV 24951-4517 | George Ernest Bright<br>220 Heritage Point<br>Morgantown, WV 26505-2831 |
| Dennis F. and Carla D. Fountain<br>609 Hurd Hollow Road<br>Blackwater, VA 24221-8208 | The John A. Bright Revocable Living Trust<br>909 4th St SE<br>Roanoke, VA 24013-2351 |
| Norvel P. and Jean M. Mann and<br>Thomas B. and Hannah G. Mann<br>46 Narrows Hans Creek Road<br>Lindside, WV 24951-9606 | William Townsend Bright<br>PO Box 460<br>Summersville, WV 26651 |
| Thomas E. and Rosetta B. Toney<br>and Austin B. Toney<br>48 Sun View Dr.<br>Peterstown, WV 24963-5015 | William H. Brown, Jr.<br>1316 15th Street<br>Huntington, WV 25701-3622 |
| Estate of Dannie Lee Spence<br>Danny Spence, Jr.<br>PO Box 292<br>Peterstown, WV 24963-0292 | Trustees Under the Will of A. L. Morrison<br>William B. Morrison and<br>Robert J. Morrison<br>383 Townhill Road<br>Grantsville, WV 26147 |
| The Susan H. Leeper (a/k/a<br>Ella Susan Houcins)<br>Revocable Living Trust<br>Laura Bowen-Coffelt<br>2724 Edmond Road<br>Lookout, WV 25868-6266 | Mary E. Sebring<br>987 Norwood St.<br>Kent, OH 44240-3476 |
| Monte G. and Elora C. McKenzie<br>3503 Wayside Talcott Road<br>Talcott, WV 24981-7030 | Megann M. Sheppard<br>931 Wayne Drive<br>Winchester, VA 22601-6395 |

| | |
|---|---|
| Earl C. and Patricia J. Williams<br>964 Casey Creek Lane<br>Greenville, WV 24945-7037 | WMS WVMinerals Trust<br>Jesse Frank Williams IV<br>1347 E. Kensington Ave<br>Salt Lake City, UT 84105-2653 |
| Roger D. and Rebecca H. Crabtree<br>2050 Wilson Mill Road<br>Lindside, WV 24951-9721 | ICG Eastern, LLC<br>Sheldon Sanders<br>City Place One, Suite 300<br>St. Louis, MO 63141 |
| Rodger L. and Marjorie Boothe<br>RR 1 Box 24<br>Lindside, WV 24951-9604 | Western Pocahontas Properties Limited<br>Partnership<br>5260 Irwin Road<br>Huntington, WV 25705-3247 |
| Cheryl Bowers<br>PO Box 165<br>Lindside, WV 24951-0165 | Brent Fairbanks<br>1030 Old Town Road<br>Youngstown, OH 44515 |
| Bonnie Larew Walsh,<br>Gladys Larew Carter,<br>James Tully Larew,<br>and Janet Larew Haag<br>1581 Back Valley Rd<br>Lindside, WV 24951-9482 | Edward "Ted" Charles Smith, Sr.<br>12191 Deihl Road<br>North Jackson, OH 44451 |
| Allan Walter Lehr<br>536 Allters Way<br>Alderson, WV 24910-0079 | Dale Eastham<br>710 Salt Spring Road<br>Warren, OH 44481-9669 |
| Heirs of J.H. Harrah<br>P. O. Box 161<br>Meadow Bridge, WV 25976-0161 | Andrew A. Fairbanks<br>1095 N. Turner Road<br>Youngstown, OH 44515 |
| Ira Hickman Harrah, Jr.<br>132 Diehl Street<br>Meadow Bridge, WV 25976 | Edward "Teddy" Charles Smith, II<br>4710 Bailey Road<br>North Jackson, OH 44451 |
| Richard and Anne M. Berkley<br>133 Montclair Circle<br>Durham, NC 27713-2516 | Michael Fairbanks<br>8992 New Road<br>North Jackson, OH 44451 |

| | |
|---|---|
| Connie Harper<br>P.O. Box 2234<br>Beckley, WV 25802-2234 | Travis Eastham<br>3540 Austintown-Warren Road<br>Mineral Ridge, OH 44440 |
| Melissa A. Leslie<br>304 Miller Ave<br>Hinton, WV 25951 | Jeremy Collins<br>1563 Harding<br>Mineral Ridge, OH 44440 |
| Anthony D. Richmond<br>329 Rock Hill Drive<br>Alderson, WV 24910-7143 | David Fairbanks<br>6951 Silica Road<br>Austintown, OH 44515 |
| Dennis Wayne Richmond<br>707 Freezeland Mountain Rd.<br>Hinton, WV 25951 | Todd Edward Smith<br>12191 Deihl Road<br>North Jackson, OH 44451 |
| Estate of Roger L. Richmond<br>Rhonda Richmond<br>26 Teal Lane<br>Alderson, WV 24910-9714 | Nancy Jane Shewmake f/k/a<br>Nancy Jane Bates<br>780 Stouts Run Road<br>Smithfield, WV 26437-8664 |
| Sandra Richmond<br>5753 Keeney Mountain Road<br>Sandstone, WV 25985-9285 | John H. and Pamela J. Melvin<br>PO Box 103<br>Smithfield, WV 26437-0103 |