IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AN EASEMENT TO CONSTRUCT, ) <br> OPERATE AND MAINTAIN A 42-INCH ) <br> GAS TRANSMISSION LINE ACROSS ) <br> PROPERTIES IN THE COUNTIES OF ) <br> NICHOLAS, GREENBRIER, MONROE, ) <br> SUMMERS, BRAXTON, HARRISON, ) <br> LEWIS, WEBSTER, AND WETZEL, WEST ) <br> VIRGINIA, et al., ) <br> ) <br> ) <br> Defendants. ) | Civil Action No. 2:17-cv-4214 |

**LANDOWNERS' EMERGENCY MOTION TO SUSPEND BRIEFING SCHEDULE ON PLAINTIFF'S PENDING MOTIONS, TO SET SCHEDULING CONFERENCE, TO EXPEDITE BRIEFING AND CONSIDERATION OF THIS EMERGENCY MOTION, AND TO TREAT SERVICE OF THIS MOTION ON PLAINTIFF AS NOTICE TO ALL PARTIES UNDER FRCP 5(c)(1)(C)**

Defendants Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand (collectively, "Landowners"), by counsel, file this emergency motion to suspend the briefing schedule on Plaintiff's premature motions and to set a scheduling conference. Landowners also seek an order expediting briefing and consideration of this emergency motion. Landowners further move the Court to order that service of this motion on Plaintiff constitutes notice to all parties under Federal Rule of Civil Procedure 5(c)(1)(C). In support of this motion, Landowners assert the following:

1. On October 24, 2017, Plaintiff commenced this action seeking to condemn through the power of eminent domain easements across more than 180 properties, owned by more than 200 individuals, business associations, trusts, and groups of intestate heirs. CM/ECF No. 1 at Ex. 1.

2. On October 27, 2017, before it had returned proof of service for a single defendant, Plainiff filed three motions in this action, styled as follows: (1) a "Motion for Partial Summary Judgment and Immediate Access to Survey the Easements Condemned" (CM/ECF No. 4), (2) a "Motion for Partial Summary Judgment and Immediate Access to and Possession of The Easements Condemned for Construction of MVP Project" (CM/ECF # 6), and (3) a "Motion for Expedited Hearing on Motions for Partial Summary Judgment and Immediate Access to and Possession of the Easements Condemned" (hereinafter, "Motion to Expedite") (CM/ECF No. 8).

3. In its Motion to Expedite, Plaintiffs asked this Court "to enter an Order requiring any defendant opposing the Motions for Partial Summary Judgment and Immediate Access to file a response by December 4, 2017, and allowing [Plaintiff] to file a reply by December 11, 2017" and to "schedule a hearing on the Motions on or before December 13, 2017." CM/ECF No. 8 at 2.[1]

4. On November 1, 2017, this Court entered an order to Plaintiff to file a report detailing Plaintiff's efforts to achieve personal service by November 8, 2017, stating that "[d]ue to the vast number of defendants named in the complaint, the court must be assured that Plaintiff

---

[1] Landowners reserve the right to present additional argument on whether a single hearing date is appropriate for Plaintiff's pending motions. Plaintiffs seek preliminary relief to access more than 180 parcels owned by more than 200 individuals, business associations, trusts, and groups of intestate heirs, each of whom should have the right to develop and present evidence on the four preliminary injunction factors and to probe—through discovery and cross-examination—the evidence of harm presented by Plaintiff.

has personally served the defendants before entering a schedule for the pending motions." CM/ECF No. 9 at 2.

5. Under Local Rule 7.1(a)(7), memoranda and other materials in response to Plaintiff's three pending motions would be due 14 days from the date of service of the motion.

6. Without waiving any arguments as to the sufficiency of such service, it appears that Plaintiff served Landowners on dates set forth in the table in the following table. The deadlines under the default schedule set by Local Rule 7.1 and FRCP 6 for each of the Landowners is set out in the table, as well as the date that each of the Landowners would have been required to file an appearance and answer or otherwise respond to the complaint under FRCP 12.[2]

| Landowner | Apparent Service Date | Deadline for Response to Plaintiff's Motion | Otherwise Applicable Deadline for Response to Complaint |
|---|---|---|---|
| Orus Ashby Berkley | 11/05/17 | 11/20/17 | 11/20/17 |
| Reinhard Bouman | 11/06/17 | 11/20/17 | 11/27/17 |
| Ashofteh Bouman | 11/06/17 | 11/20/17 | 11/27/17 |
| Charles Chong | 10/28/17 | 11/13/17 | 11/20/17 |
| Rebecca Eneix-Chong | 10/28/17 | 11/13/17 | 11/20/17 |
| Hilry Gordon | 11/03/17 | 11/17/17 | 11/24/17 |

---

[2] Landowners note that the documents that were served upon them did not inform them that Local Rule 7.1 placed a 14-day response period upon them. Rather, the only indication of the time that a response to the documents served would be due was in the summons, which indicated that the recipients had to appear and file an answer within 21 days.

Landowners further note that they present the answer deadlines as further evidence of the prematurity of Plaintiff's motion and that they intend to attempt to negotiate a stipulation with Plaintiff regarding the deadline to answer or otherwise respond to the Complaint.

| Robert M. Jarrell | 10/30/2017 | 11/13/17 | 11/20/17 |
| Ronald Tobey | 10/30/17 | 11/13/17 | 11/20/17 |
| Elizabeth Tobey | 10/30/17 | 11/13/17 | 11/20/17 |
| Brian Van Nostrand | NOT YET SERVED | N/A | N/A |
| Helen M. Van Nostrand | NOT YET SERVED | N/A | N/A |

8. As this Court acknowledged in its November 1, 2017 Order, a briefing schedule on the pending motions should not be entered until service on all defendants is complete. CM/ECF No. 9.

9. With regard to Plaintiff's pending motions for summary judgment, Plaintiff has requested a response deadline of December 4, 2017. Accordingly, suspending the briefing schedule that would apply under Local Rule 7.1 and FRCP 6 is appropriate and would not prejudice Plaintiff.[3]

10. With regard to Plaintiff's Motion to Expedite, principles of judicial economy for the Court and the parties support the establishment of a single deadline for all defendants to respond to the Motion to Expedite. Otherwise, the Court and the parties will be faced with seriatim response and reply memoranda related to the Motion to Expedite, filed on deadlines determined by the default in Local Rule 7.1 and the date of service of a particular defendant. Such seriatim memoranda will waste resources of the Court and the parties.

---

[3] Landowners interpret Plaintiff's request for a December 4, 2017 response deadline for its motions for summary judgment to be an acknowledgment that its motions for summary judgment are premature. Although FRCP 56(b) allows a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery," the time for filing summary judgment motions may be altred "by local rule[.]" Local Rule 7.1(a)(1) prohibits premature motions. Landowners reserve the right to present additional arguments as to why Plaintiff's motions for summary judgment are premature, including, but not limited to, the unavailability of facts to the nonmovant under Federal Rule of Civil Procedure 56(d).

4

11.     Moreover, absent the relief sought by this emergency motion, some defendants, such as Defendants Charles Chong, Rebecca Eneix-Chong, Robert M. Jarrell, Ronald Tobey, and Elizabeth Tobey may be forced to expend resources to file a response to the Motion to Expedite as soon as November 13, 2017—presumably before all defendants have been served. For example, to date Plaintiff has failed to serve Defendants Brian and Helen Van Nostrand. As Landowners interpret the Court's November 1, 2017 Order, the completion of service date will determine the briefing schedule on the pending motions. Accordingly, responding to the Motion to Expedite when the completion of service date remains unknown puts a moving target before Landowners and prejudices their ability to respond to the motion.

12.     Landowners anticipate making substantive arguments in opposition to Plaintiff's Motion to Expedite, including, but not limited to, the prematurity of Plaintiffs' motions for summary judgment, the need for discovery, the inadequacy of a single hearing date, and whether Plaintiff's chosen litigation strategy complies with the procedures approved by the United States Court of Appeals for the Fourth Circuit in *East Tennessee Gas Natural Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004). Those arguments may vary depending on the terms of the expedited procedures requested by Plaintiff. Because the terms of the expedited procedures should be dictated by the completion of service date, Landowners would be prejudiced by having to respond to a motion for unknown expedited procedures that will occur after an unknown completion of service date.

13.     Because of the uncertainty surrounding completion of service, and because of the vast number of defendants that Plaintiff chose to include in this single action, a Scheduling and Status Conference held by the Court with the Parties following the completion of service

presents the most efficient way to resolve setting a briefing schedule for Plaintiff's pending motions.[4]

14. This motion presents a request for emergency relief because the deadlines for responses to Plaintiff's pending motions begin to fall on November 13, 2017—just two business days from the date of this motion. Accordingly, Landowners also seek expedited briefing and consideration of this emergency motion, and respectfully request an order from the Court directing Plaintiff to file any response to this motion by 11:59 p.m. on November 8, 2017, and that Landowners be permitted to file a reply to any response by 12:00 p.m. on November 9, 2017.

15. Landowners acknowledge that they are without sufficient information to accomplish service of this motion on any party other than Plaintiff. Even so, because the relief sought would benefit all defendants, Landowners respectfully submit that their inability to serve all defendants should not pose an obstacle to this Court granting the relief sought or ordering the expedition of Plaintiff's response to this motion. Under Federal Rule of Civil Procedure 5(c)(1)(C), the Court may order that service of this motion on Plaintiff constitutes notice of the motion to all parties.

**WHEREFORE**, Landowners respectfully request that the Court enter an order suspending the briefing schedules for Plaintiff's pending motions and directing Plaintiff to inform the Court once it completes service of all defendants in order to allow the Court to set a Scheduling and

---

[4] Landowners acknowledge that they have filed this motion before the filing of Plaintiff's service status report, but, as noted above, Plaintiff has failed to serve Brian and Helen Van Nostrand at the time of this filing. Even in the unlikely event that Plaintiff's status report avers that all defendants have been personally served, Landowners still request that the Court suspend the briefing schedules for Plaintiffs' pending motions and that the Court set a Scheduling and Status Conference for the purposes of determining a briefing schedule for all three pending motions.

Status Conference in this action, and further request that the Court expedite briefing and consideration of this motion.

Respectfully submitted,

**/s/ Isak Howell**
ISAK HOWELL (W. Va. Bar No. 11558)
119 Norfolk Ave. SW #330
Roanoke, VA 24011
Phone: (540) 998-7744
Email: isak@howell-lawoffice.com
*Counsel for Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand*

**/s/ Derek O. Teaney**
Derek O. Teaney (W. Va. Bar No. 10223)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901
Phone: (304) 793-9007
Fax:    (304) 645-9008
Email:  dteaney@appalmad.org
*Counsel for Charles F. Chong & Rebecca Ann Eneix-Chong*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:17-cv-4214 |
| AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 42-INCH GAS TRANSMISSION LINE ACROSS PROPERTIES IN THE COUNTIES OF NICHOLAS, GREENBRIER, MONROE, SUMMERS, BRAXTON, HARRISON, LEWIS, WEBSTER, AND WETZEL, WEST VIRGINIA, et al., | ) |
| Defendants. | ) |

## Certificate of Service

I hereby certify that, on November 8, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Nicolle S. Bagnell
Lucas Liben
REED SMITH
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
nbagnell@reedsmith.com
lliben@reedsmith.com
*Counsel for Plaintiff*

         /s/ Isak Howell
Isak Howell (WV. Bar No. 11558)