IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MOUNTAIN VALLEY PIPELINE, L.L.C., )
)
              Plaintiff, )
)
v. )     Civil Action No.  2:17-cv-4214
)
AN EASEMENT TO CONSTRUCT, )
OPERATE AND MAINTAIN A 42-INCH )
GAS TRANSMISSION LINE ACROSS )
PROPERTIES IN THE COUNTIES OF )
NICHOLAS, GREENBRIER, MONROE, )
SUMMERS, BRAXTON, HARRISON, )
LEWIS, WEBSTER, AND WETZEL, WEST )
VIRGINIA, et al., )
)
)
              Defendants. )

**LANDOWNERS' REPLY TO PLAINTIFF'S RESPONSE TO LANDOWNERS'
EMERGENCY MOTION**

Defendants Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand (collectively, "Landowners"), by counsel, respectfully submit this reply to Plaintiff's response to Landowners' emergency motion.

In its response, Plaintiff maintains that the Court has set a December 4, 2017 deadline for response to Plaintiff's motions for summary judgement and that the Court's November 9, 2017 Order moots Landowners' request for a suspension of the briefing schedule as to those motions. CM/ECF No. 25 at 2. Plaintiff overstates the effect of the Court's November 9, 2017 Order. Although the Court did extend the time for responding to Plaintiff's motions for partial summary judgment until at least December 4, 2017, it also expressly stated that "[t]he Landowners' motion

is not otherwise ruled upon." CM/ECF No. 17 at 3. Accordingly, whether the briefing schedule on Plaintiff's motions for partial summary judgment should be suspended remains a live issue.

As explained below, Plaintiff's motions for partial summary judgment and for preliminary injunction premature, and briefing on those motions should be suspended until all defendants have been served and have had the opportunity to conduct necessary discovery.

Plaintiff is correct when it asserts that Federal Rule of Civil Procedure 56 allows a motion for summary judgment to be filed "at any time." CM/ECF No. 25 at 3 (quoting Fed. R. Civ. P. 56). Local Rule 7.1(a)(1), however, prohibits premature motions. Summary judgment motions filed contemporaneously with complaints are usually premature. As explained in the Committee Notes to the 2010 Amendments to the Federal Rules of Civil Procedure, although Federal Rule of Civil Procedure 56(b) "allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."

The procedure invoked by Plaintiff here is overwhelmingly disfavored. *See, e.g.*, *Turner v. County of San Diego*, Civ. No. 14-cv-2003-JAH (JLB), 2016 WL 6804998 at *6 (S.D. Cal. Oct. 3, 2016) (denying premature motion for summary judgment filed the same day that the defendant answered and citing four other cases where federal district courts rejected similarly premature motions for summary judgment); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F.Supp.3d 173, 189 (S.D.N.Y. 2014) ("[C]ourts have denied pre-answer motions for summary judgment that seek premature adjudication of a claim notwithstanding any technical compliance with the timing provisions of Rule 56."). As the United States District Court for the Southern District of Alabama held, "[f]iling a Rule 56 motion at the outset of a case (before the commencement of discovery) is not forbidden under the Federal Rules of Civil Procedure;

2

however, it is procedurally suspect, or at least discouraged, in the vast majority of cases." *St. Aerospace Servs. Co. Pte, Ltd v. Evergreen Int'l Airlines*, Civ. No. 13-0003-WS-C, 2013 WL 12122572 at *1 (S.D. Ala. Jan. 10, 2013). On that basis, that court denied a premature motion for summary judgment, stating:

> [T]his Court will not permit plaintiffs to exact an improper, unfair strategic advantage by placing defendants behind the eigh-ball of a comprehensive Rule 56 motion briefing schedule less than 72 hours after they were served with process, and without the benefit of any discovery.
>
> . . . Although summary judgment motions may be filed at an early stage of the litigation in appropriate circumstances, they are not property deployed as a tool to ambush unwitting defendants who are getting their feet wet and orienting themselves in a newly filed case.

Id. at *1–*2.

Plaintiff's motions for partial summary judgment are likewise premature and procedurally inappropriate at this time. Scores of defendants have only recently been served and many apparently have still not been served. Plaintiff would have all defendants answer the complaint in this action, identify affirmative defenses, respond to a motion to expedite, respond to two motions for partial summary judgment and two motions for preliminary injunction, all without the benefit of discovery. Discovery is necessary prior to briefing of Plaintiff's motions for summary judgment and preliminary injunction, and Landowners intend to file a motion for expedited discovery on issues including, but not limited to, the precise location, dimensions, nature, and scope of the easements sought by Plaintiff (including how they compare to the plats and conditions approved by the Federal Energy Regulatory Commission); the ability of Plaintiff to pay just compensation for all of the property that it seeks to condemn; the total cost of the pipeline project and all necessary easements; Plaintiff's capitalization and financing structure; the status of Plaintiff's satisfaction of the litany of pre-construction conditions in its Certificate

Order; Plaintiff's estimate of and basis for just compensation due to Landowners; and Plaintiff's claimed irreparable injuries. Discovery on those issue is necessary in order for Landowners to respond to Plaintiff's motions.

As the Fourth Circuit has explained:

> As a general proposition, "summary judgment is appropriate only after 'adequate time for discovery.'" *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Discovery is usually essential in a contested proceeding prior to summary judgment because "[a] party asserting that a fact ... is genuinely disputed must support the assertion by," inter alia, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). Obviously, "by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir.2007). A district court therefore "must refuse summary judgment 'where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir.2008) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013). Landowners proffer that factual development prior to summary judgment briefing is needed on the questions of (1) whether the property to be taken corresponds to the grant of eminent domain approved by FERC, (2) whether Plaintiff has satisfied the many conditions precedent to construction, and (3) whether Plaintiff has sufficiently substantial assets to adequately assure the payment of just compensation and completion of the project.[1] *See Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa County*, 550 F.3d 770, 776 (9th Cir. 2008) (holding that to obtain an order of condemnation the condemnor must, among other things, establish that the land to be taken is necessary for the project); *Washington*

---

[1] The other issues on which Landowners intend to seek expedited discovery go to the preliminary injunction factors, such as the amount of the bond, the balance of harms, and the public interest.

*Metro. Area Transit Auth. v. One Parcel of Land in Montgomery County*, 706 F.3d 1312, 1321 (4th Cir. 1983) (holding that, to ensure constitutional exercise of eminent domain, the condemnor must have substantial assets to guarantee the payment of just compensation). Accordingly, Plaintiff's motions for summary judgment are premature prior to discovery.

Plaintiff's preliminary injunction motions are, likewise, premature. A condition precedent for preliminary relief in a condemnation action under the Natural Gas Act ("NGA") is an order of the district court determining "that a gas company has the substantive right to condemn property under the NGA." *East Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004). That is, before it can obtain a preliminary injunction, Plaintiff must first prevail on a motion for partial summary judgment on the issue of its substantive right to condemn the properties at issue. That is precisely the sequence that the Fourth Circuit approved in *Sage* where "[t]he district court decided to deal with the litigation in stages, dealing first with the question about [the condemnors] right to take. Thereafter, if required, the court would consider the motions for immediate possession . . . ." *Id.* at 820. Accordingly, because Plaintiff's motion for partial summary judgment is premature, and because success on that motion is a condition precedent to a preliminary injunction, Plaintiff's motions for preliminary injunction are also premature.

Likewise, Plaintiff's proposed hearing date of December 13, 2017 is premature.[2] In its Reponse to Landowners' Emergency Motion, Plaintiff cites three inapposite cases to support its assertion that a hearing that could result in the permanent taking of hundreds of landowners' property should be scheduled so soon after the commencement of condemnation proceedings is

---

[2] Landowners reserve the right to present additional objections to Plaintiff's proposed hearing date, including but not limited to the fact that a single-day hearing would be inadequate, in a response in opposition to Plaintiff's motion to expedite.

appropriate. CM/ECF No. 25 at 4. Two of those cases, *Sabal Trail Transmission, LLC v. 1.44 Acres*, No. 5:16-cv-164, 2016 WL 2991151 (M.D. Fla. May 24, 2016), and *Columbia Gas Transmission, LLC v. 0.85 Acres*, No. CV 14-2288, 2014 WL 4471541 (D. Md. Sept. 8, 2014), were condemnation actions against a single property, and in one of those cases (*Sabal Trail*), the landowner never answered the complaint or responded to the motions for partial summary judgment and preliminary injunction. 2016 WL 2991151 at *1. Additionally, although the third case on which Plaintiff relies involved multiple defendants, only one briefly asserted oral objections to the motions for partial summary judgment and preliminary injunction and ultimately withdrew those objections. *Columbia Gas Transmission, LLC v. 171.43 Acres of Land, More or Less*, Civ. No. 2:17-cv-70, 2017 WL 838214 at *5 (S.D. Ohio Mar. 3, 2017). In contrast, Landowners intend to zealously present defenses and objections to Plaintiff's motion for partial summary judgment and preliminary injunction.[3] Plaintiff has not shown the Court a single case where hundreds of landowners, many of whom have defenses to condemnation and preliminary relief, were forced into a premature hearing on a motion for preliminary injunction. Accordingly, the cases cited by Plaintiff do not support that the procedure that they are invoking.

Finally, the problems of incomplete service that the Court identified in its November 1, 2017 Order remain. Plaintiff asserts that service will not be complete for those defendants that it is serving by publication until December 6, 2017—after Plaintiff's proposed date for responses to its motions and just one week before its proposed hearing date. CM/ECF No. 25 at 2 n.1.

---

[3] In seeking the emergency relief from the briefing schedule through their Emergency Motion, Landowners cannot be construed as having made an appearance under Federal Rule of Civil Procedure 71.1(e)(1) or a waiver of an answer under Federal Rule of Civil Procedure 71.1(e)(2). Landowners filed their Emergency Motion and make arguments in support of it subject to fully reserving their rights to file answers; allege objections, affirmative defenses, and specific denials; and make specific substantive and procedural arguments in opposition to Plaintiff's motions for partial summary judgment and preliminary injunction.

Moreover, it appears that at least 41 defendants that Plaintiff intends to serve personally had not been served as of the time that Plaintiff filed its response to the Emergency Motion. *Compare* CM/ECF No. 25 at 2 n. 1 (asserting that, between the time of Plaintiff's service status report and the filing of its response to the Emergency Motion, it had personally served an additional 23 defendants), *with* CM/ECF No. 15 at 1 (identifying 64 defendants on whom Plaintiff intended to perfect personal service). Accordingly, incomplete service and the delay until all defendants are served further counsels for the suspension of the briefing schedules on Plaintiff's motions.

## CONCLUSION

For the foregoing reasons, and for the reasons set out in Landowners' Emergency Motion, Landowners respectfully request that the Court enter an order suspending the briefing schedules for Plaintiff's pending motions and directing Plaintiff to inform the Court once it completes service of all defendants in order to allow the Court to set a Scheduling and Status Conference in this action.

Respectfully submitted,

**/s/ Isak Howell**
ISAK HOWELL (W. Va. Bar No. 11558)
119 Norfolk Ave. SW # 330
Roanoke, VA 24011
Phone: (540) 998-7744
Email:  isak@howell-lawoffice.com
*Counsel for Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand*

**/s/ Derek O. Teaney**
DEREK O. TEANEY (W. Va. Bar No. 10223)
JOSEPH M. LOVETT (W. Va. Bar No. 6926)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901

Phone: (304) 793-9007
Fax:    (304) 645-9008
Email: dteaney@appalmad.org
*Counsel for Charles F. Chong & Rebecca Ann*
*Eneix-Chong*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-cv-4214 |
| | ) | |
| AN EASEMENT TO CONSTRUCT, | ) | |
| OPERATE AND MAINTAIN A 42-INCH | ) | |
| GAS TRANSMISSION LINE ACROSS | ) | |
| PROPERTIES IN THE COUNTIES OF | ) | |
| NICHOLAS, GREENBRIER, MONROE, | ) | |
| SUMMERS, BRAXTON, HARRISON, | ) | |
| LEWIS, WEBSTER, AND WETZEL, WEST | ) | |
| VIRGINIA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Certificate of Service

I hereby certify that, on November 15, 2017, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following counsel of record:

Nicolle S. Bagnell
REED SMITH
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
nbagnell@reedsmith.com
*Counsel for Plaintiff*

    /s/ Isak Howell
Isak Howell (WV. Bar No. 11558)