IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-cv-4214 |
| | ) | |
| AN EASEMENT TO CONSTRUCT, | ) | |
| OPERATE AND MAINTAIN A 42-INCH | ) | |
| GAS TRANSMISSION LINE ACROSS | ) | |
| PROPERTIES IN THE COUNTIES OF | ) | |
| NICHOLAS, GREENBRIER, MONROE, | ) | |
| SUMMERS, BRAXTON, HARRISON, | ) | |
| LEWIS, WEBSTER, AND WETZEL, WEST | ) | |
| VIRGINIA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**LANDOWNERS' MOTION FOR EXPEDITED DISCOVERY**

Defendants Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand (collectively, "Landowners"), by counsel, hereby move this Court for an order permitting them to conduct limited discovery before the Rule 26(f) conference in order for them to prepare their responses to Plaintiff's pending "Motion for Partial Summary Judgment and Immediate Access to Survey the Easements Condemned" (CM/ECF No. 4) and "Motion for Partial Summary Judgment and Immediate Access to and Possession of the Easements Condemned for Construction of MVP Project" (CM/ECF No. 6). In support of this motion, Landowners assert the following:

///

1

**ARGUMENT**

**I.      Good Cause Exists to Permit Expedited Discovery in this Action**

      **A.      Standard of Review**

The Federal Rules of Civil Procedure do not provide a specific standard for courts to apply when parties seek expedited discovery. *Dimension Data N. Am, Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 530 (E.D.N.C. 2005). The Federal Rules do, however, provide that although a "party may not seek discovery . . . before" a Rule 26(f) conference without court approval, a court may order discovery before the conference. Fed. R. Civ. P. 26(d)(1).

A survey of federal caselaw shows that such discovery is regularly allowed when it is necessary to resolve factual disputes before a preliminary injunction is considered. *See, e.g.*, *KBG Holding Corp. v. Union Bank*, 56 Fed. App'x 111, 114 (4th Cir. 2003) ("The parties engaged in expedited discovery in preparation for the . . . hearings on the competing motions for preliminary injunction."); *CIENA Corp. v. Jarrard*, 203 F.3d 312, 315 (4th Cir. 2000) (remanding to give defendant an opportunity to conduct expedited discovery to defend on a preliminary injunction). The Fourth Circuit has not adopted any particular standard to determine when expedited discovery is warranted. Notwithstanding, district courts from around the country have applied a "good cause," or "reasonableness," standard to determine the propriety of expedited discovery in the preliminary injunction context. *See Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 1063, 1066 (C.D. Cal. 2009); *Disability Rights Council of Greater Wash. v. Wash. Metro Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005); *Dimension Data*, 226 F.R.D. at 531 (collecting cases); *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419–20 (D. Colo. 2003); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill 2000).

A minority of courts, however, apply a more rigid competing standard commonly referred to as the "*Notaro*" test to assess a request for expedited discovery. *See St. Louis Grp. Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (finding the *Notaro* standard to be a minority view). The *Notaro* standard requires the proponent of expedited discovery to satisfy, more or less, the traditional standard for preliminary injunctions before the party may conduct expedited discovery.[1] *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). The *Notaro* standard has been roundly criticized and its use is waning among the federal courts. *See, e.g.*, *Semitool*, 208 F.R.D. at 275–76.

Indeed, the purpose of the *Notaro* standard is at odds with a court's discretion to manage the timing of discovery. *See* Fed. R. Civ. P. 26(d)(1). "The *Notaro* factors would not accommodate expedited discovery in circumstances even where such discovery would facilitate case management and expedite the case with little or no burden to the defendant simply because the plaintiff would not suffer 'irreparable injury.'" *Id.*; *Ayyash v. Bank Al-Madina*, 233 F.R.D. at 326 ("As the Rules permit the Court to act by order, but do not elaborate on the basis for taking action, it seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent standard.")

Moreover, in *Notaro* the plaintiffs sought a permanent injunction and expedited discovery in lieu of a preliminary injunction. "In such circumstances, it may well have made sense to utilize the preliminary injunction factors to consider whether expedited discovery was appropriate." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624

---

[1] The *Notaro* factors are as follows: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

(E.D. Ill. 1998). In fact, even the *Notaro* Court observed that the purpose of the preliminary injunction requirements "have been established by courts to protect [parties] from the potential damages of speeded up remedies." *Notaro*, 95 F.R.D. at 405. Expedited discovery, however, does not attempt to determine the rights of the parties outside of the litigation process, as an injunction does. The purpose of discovery, expedited or otherwise, is to disclose relevant information such that the trial process results in a full and fair assessment of the facts and the parties and the court can be confident that the truth of the matter has been reached. *See Hickman v. Taylor*, 329 U.S. 495, 516 (1947) (Jackson, J., concurring). Thus, concerns of harm to the parties or likelihood of success on the merits are, in most cases, irrelevant to whether expedited discovery is proper.[2]

The reasonableness standard directs a court to consider "the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances." *Disability Rights Council*, 234 F.R.D. at 6. Courts applying the reasonableness standard commonly assess "(1) whether a preliminary injunction motion is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Landwehr v. FDIC*, 282 F.R.D. 1, 3–4 (D.D.C. 2010) (quoting *In re Fannie Mae*, 227 F.R.D. 142, 143 (D.D.C. 2005)).

**B.    Plaintiff's Premature Motions for Partial Summary Judgment, Preliminary Injunction, and Expedited Review Establish Good Cause to Open Discovery in this Action Prior to a Rule 26(f) Conference**

The good cause "standard may be satisfied where a party seeks a preliminary injunction."

*Am. LegalNet*, 673 F. Supp. at 1066; *see also El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*,

---

[2] Nonetheless, even were the Court to apply the *Notaro* standard, Landowners readily meet that standard as will be demonstrated below.

344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Qwest Commc'ns*, 213 F.R.D. at 419. Of course, this does not mean that every case where a preliminary injunction is pending expedited discovery is justified. Rather, where a party seeks discovery to prepare for a preliminary injunction hearing, "it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request . . . ." *Am. LegalNet*, 673 F. Supp. 2d at 1067 (quoting *Merrill Lynch*, 194 F.R.D. at 624)).

In addition, where as here, a party has filed a summary judgment motion in advance of any discovery, "summary judgment should only be granted after adequate time for discovery." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask," *id.*, and that is why Federal Rule 56(d) allows further discovery where facts relevant to defending a summary judgment motion have not been adduced. *Id.*; Fed. R. Civ. P. 56(d)(2).

Good cause exists here to allow Landowners to conduct discovery. It is Plaintiff's premature motions for summary judgment and preliminary injunction that have precipitated the accelerated time frame in this case. See Sabal Trail Transmission, LLC v. 9.669 Acres of Land, More or Less, in Polk County, Florida, Civ. No. 8:16-cv-640-T-33AEP, 2016 WL 1729484 at *2 (M.D. Fla. Apr. 20, 2016) (allowing landowner expedited discovery in condemnation action under Natural Gas Act because, among other reasons, "it is due to Sabal Trail's request to expedite the proceedings that Defendant is operating under an accelerated time frame and has therefore requested expedited discovery"). Moreover, the injunctive relief that Plaintiff requests is a mandatory preliminary injunction, which does not merely "'preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation

demand such relief.'" East Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Mandatory injunctions of this type are "'particularly disfavored' in the law." Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cty., 550 F.3d 770, 776 (9th Cir. 2008); see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (holding that mandatory preliminary injunctions should be denied "unless the facts and law clearly favor the moving party"). The Fourth Circuit has held that a party opposing an injunction must be given "an opportunity to oppose that is commensurate with the duration of the injunction." Ciena Corp., 203 F.3d at 320. Here, the preliminary relief sought by Plaintiff is essentially permanent and alters the status quo. Thus, the nature of the relief sought by Plaintiff, as well as Plaintiff's effort to obtain partial summary judgment before discovery would otherwise begin, provide good cause to allow Landowners to conduct expedited discovery.[3]

---

[3] Even if the Court were to apply the more stringent *Notaro* test, expedited discovery would still be appropriate here. Without discovery, Landowners are threatened with irreparable injury in the form of deprivation of their property interests without due process of law if a generally disfavored mandatory preliminary injunction were to issue. *See Carpenter Technology Corp. v. City of Bridgeport*, 180 F.3d 93, 97 (2d Cir. 1999) (finding threat of irreparable injury presented by potentially wrongful exercise of eminent domain); *Tioronda, LLC v. New York*, 386 F. Supp. 2d 342, 350 (S.D.N.Y. 2005) (holding that deprivation of an interest in real property, and damage to sensitive vegetation and wetlands that would result from wrongful condemnation, constitutes irreparable harm); *Monarch Chemical Works, Inc. v. Exon*, 452 F. Supp. 493, 502 (D. Neb. 1978) (holding condemnation of land can result in irreparable injury). Mandatory preliminary injunctions do not issue automatically and, based on the legal arguments raised elsewhere in this motion, and the harm that an injunction would cause Landowners, it is safe to say that they have some probability of success on the merits of the motions for partial summary judgment and preliminary injunction. *Notaro*, 95 F.R.D. at 405. Expedited discovery is necessary to allow Landowners to present fully their defenses to Plaintiffs' motion, so there is a connection between the expedited discovery and Landowners' irreparable injury. *Id.* Finally, as discuss in Section I.C *infra*, the prejudice to Plaintiff from expedited discovery is minimal compared to the irreparable harm to Landowners. *Id. See also Sampson v. Murray*, 415 U.S. 61, 90 (1974) (potential monetary injury is not irreparable); *San Louis Valley Ecosystem Council v. U.S. Fish & Wildlife Serv.*, 657 F. Supp. 2d 1233, 1242 (D. Colo. 2009) ("delay in drilling the exploratory wells is not irreparable"); *Ohio Valley Envtl. Coalition v. U.S. Army Corps of Eng's*, 528 F.

### C.      Plaintiff Will Not Be Prejudiced By Expedited Discovery

Although Plaintiff enlists the Court in its attempt to execute a "hurry-up offense," allowing Landowners to conduct limited discovery will not prejudice Plaintiff's efforts to construct the Mountain Valley Pipeline for at least two reasons. First, Plaintiff must comply with more than thirty conditions prior to beginning construction of the Mountain Valley Pipeline. Second, the Certificate Order does not anticipate that Plaintiff will complete construction of the Mountain Valley Pipeline until October 13, 2020.

Plaintiff's pleadings in this case obscure an essential fact: it is not yet entitled to begin construction of the Mountain Valley Pipeline. Appendix C to Plaintiff's Certificate Order sets out 12 pages of "Environmental Conditions," many of which are conditions precedent to the commencement of construction. CM/ECF # 1-2 at 125–136. Among the most important conditions precedent to construction is the requirement that Plaintiff obtain all applicable authorizations required under federal law. Id. at 129. Those authorizations include certifications from Virginia under Section 401 of the Federal Water Pollution Control Act (33 U.S.C. § 1341(a)); authorization from three districts of the United States Army Corps of Engineers for the disposal of dredged and/or fill material into waters of the United States (33 U.S.C. § 1344(a)); consultation under Section 106 of the National Historic Preservation Act, and authorization by the United States Forest Service for construction across the Jefferson National Forest (including a special use permit and condemnation agreement). In total, Plaintiff must satisfy more than 30 conditions precedent prior to construction of the Mountain Valley Pipeline. In that way, this case is distinguishable from *Sage*, where the only conditions in the FERC certificate were

Supp. 2d 625, 632 (S.D. W. Va. 2007) ("Money can be earned, lost, and earned again; a valley once filled is gone.").

construction conditions to be met *during* construction, rather than *prior to* construction. 361 F.3d at 819. Plaintiff has not even attempted to argue to this Court that it will be able to satisfy the litany of conditions in Appendix C during the next few weeks or months. Accordingly, Plaintiff will not be prejudiced if this Court permits expedited discovery before requiring responses to Plaintiff's pending motions for partial summary judgment and preliminary injunction.

Moreover, Plaintiff's Certificate Order allows it until October 13, 2020—three years from its issuance—to construct and place the Mountain Valley Pipeline in service. CM/ECF No. 1-2 at 109 (Certificate Order at 108). According to Plaintiff's Senior Vice-President of Engineering and Construction, in sworn declarations to this Court, the Mountain Valley Pipeline can be constructed and placed in service in less than twelve months. See CM/ECF No. 4-1 at ¶ 13 (stating that "MVP plans to construct the pipeline and place it into service by December 2018"); see also CM/ECF No. 6-1 at ¶ 20. Unlike the project at issue in *Sage*, there is no danger that Plaintiff will be unable to comply with the construction and service deadlines in its Certificate Order without expedited relief. 361 F.3d at 829 (concluding that the pipeline developer would not be able to meet FERC deadline without preliminary relief). Consequently, a brief delay to allow the Landowners to conduct limited discovery before their private property rights are taken from them will not prejudice Plaintiff.

## II.    The Discovery Sought by Landowners Is Limited to Factual Issues Presented by Plaintiff's Motions

Landowners seek an Order from this Court permitting them to conduct discovery through depositions, interrogatories, and document production on the following factual issues relevant to Plaintiff's motions for partial summary judgment and preliminary injunction: (1) whether the scope, nature, location, dimensions, and terms of the easements sought correspond to those approved by the Federal Energy Regulatory Commission ("FERC") in Plaintiff's Certificate

Order; (2) whether there is adequate assurance that Plaintiff can guarantee just compensation to all condemnees and to return the land to the status quo should the pipeline not be built; (3) whether and when Plaintiff will satisfy all conditions precedent to construction; (4) the amount of security to be posted pursuant to Rule 65(c); and (5) Plaintiff's claimed irreparable injuries. That limited breadth supports the reasonableness of Landowners' request for expedited discovery. *Landwehr*, 282 F.R.D. at 3–4.

### A. Whether the Scope, Nature, Location, Dimensions and Terms of the Easements Sought Correspond to those Approved by FERC in the Certificate Order

Plaintiff describes the scope, nature, and location of the easements it seeks to condemn in very general terms in its Complaint. CM/ECF No. 1 at ¶¶ 10–12. Exhibit C to the Complaint sets out maps and plats that Plaintiff claims set out the locations of the easements sought to be condemned. CM/ECF Nos. 1-3 through 1-16. However, "[t]he power of eminent domain given to a holder of a certificate of public convenience and necessity, to obtain an easement for the underground storage of natural gas, extends only to the property located within the geographical area designated on the map or maps attached to the application for the certificate of public convenience and necessity as required by 18 C.F.R. § 157.14(a)(6)." *Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement*, 578 F. Supp. 930, 932 (N.D. Ohio 1983). The maps and plats in Exhibit C indicate that they were created in the second half of 2017. *See, e.g.*, CM/ECF No. 1-3 at 2 (dated September 5, 2017). Plaintiff submitted its application to FERC on October 23, 2015, and filed a revised pipeline route with FERC on October 14, 2016. Complaint Ex. B, CM/ECF No. 1-2 at 2. A landowner defendant in a condemnation action under the Natural Gas Act has good cause for expedited discovery on the question of whether the easements sought correspond to the FERC-approved route in order to

prepare and present defenses to the pipeline company's motions for partial summary judgment and preliminary injunction allowing early possession. *Sabal Trail Transmission, LLC*, 2016 WL 1729484. Here, before the Court issues an order determining that Plaintiff has the authority to condemn the easements identified in Exhibit 3 to the Complaint, and before it issues an order allowing Plaintiff early possession in order to clear, grade, and trench those easements, Landowners should be allowed to conduct discovery to ensure that there are no disputed facts as to the location and scope of the easements sought.

### B. Whether There is Adequate Assurance that Defendant Can Guarantee Just Compensation to All Condemnees

Landowners seek expedited discovery prior to responding to Plaintiff's motions for partial summary judgment and preliminary injunction on whether Plaintiff is sufficiently capitalized or has sufficient financing to construct the pipeline. As the Supreme Court has held, "a statute which undertakes to appropriate private property for a public highway of any kind, without adequate provision for the payment of compensation, is unconstitutional and void." *Sweet v. Rechel*, 159 U.S. 380, 401 (1895) (internal quotation marks omitted). As a private entity, Plaintiff "has neither sovereign authority nor the backing of the U.S. Treasury to assure adequate provision of payment." *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa County*, 550 F.3 770, 775 (9th Cir. 2008). Accordingly, to constitutionally exercise the authority of eminent domain that it claims under 15 U.S.C. § 717f(h), Plaintiff must show that it has "very substantial assets" such that "just compensation is, to a virtual certainty, guaranteed." *Wash. Metro. Area Transit Auth. v. One Parcel of Land in Montgomery County*, 706 F.2d 1312, 1320–21 (4th Cir, 1983). Indeed, as part of its analysis of the propriety of early possession under the Natural Gas Act in *Sage*, the Fourth Circuit relied on the substantial earnings of the

condemnor from its existing natural gas transmissions business of $1.17 billion to conclude that there was adequate assurance of just compensation. 361 F.3d at 824.

Here, Plaintiff has made no showing of the very substantial assets that a private entity must have to provide adequate assurance of the provision of just compensation for landowners along the entire length of the pipeline. Moreover, there is reason to doubt Plaintiff's ability to provide just compensation and to complete the construction of the Mountain Valley Pipeline based on an October 26, 2017 statement in its owner-operator EQT Midstream Partners, LP's Quarterly Report for the third quarter of 2017 in which it admitted that "[t]he MVP Joint Venture . . . has insufficient equity to finance its activities during the construction stage of the project." EQT Midstream Partners Form 10-Q, Filed Oct. 26, 2017 for period ending Sept. 30, 2017 at 11.[4] Without sufficient equity to finance construction, Plaintiff may not be able to establish an adequate assurance that it can provide just compensation to all affected condemnees or even complete the project. Without such assurance, Plaintiff cannot prevail on its motions for partial summary judgment or preliminary injunction.[5] Accordingly, Landowners should be permitted to conduct expedited discovery on questions related to, *inter alia*, (1) Plaintiff's ability to pay just compensation for all of the property that it seeks to condemn as well as its financial ability to complete construction of the pipeline, (2) the total cost of the pipeline project and all necessary easements, and (3) Plaintiff's capitalization and financing structure.

---

[4] *Available at*
http://app.quotemedia.com/data/downloadFiling?ref=11855003&type=PDF&symbol=EQM&companyName=EQT+Midstream+Partners+LP+representing+Limited+Partner+Interests&formType=10-Q&formDescription=Quarterly+report+with+a+continuing+view+of+a+company%27s+financial+position&dateFiled=2017-10-26 (last visited Nov. 15, 2017).

[5] Posting a bond as to any particular condemned easement does not solve this problem. No particular easement has independent utility along the pipeline route. Hence, if Plaintiff cannot complete the entire project, then individual parcels may be condemned for no reason.

**C.     Whether and When Plaintiff Will Satisfy All Conditions Precedent to Construction**

As discussed above, Plaintiff's pleadings in this case to date obscure an essential fact: it is not yet entitled to begin construction of the Mountain Valley Pipeline. Appendix C to Plaintiff's Certificate Order sets out 12 pages of "Environmental Conditions," many of which are conditions precedent to the commencement of construction. CM/ECF # 1-2 at 125–136. Among the most important conditions precedent to construction is the requirement that Plaintiff obtain all applicable authorizations required under federal law. Id. at 129. Those authorizations include certifications from Virginia under Section 401 of the Federal Water Pollution Control Act (33 U.S.C. § 1341(a)); authorization from three districts of the United States Army Corps of Engineers for the disposal of dredged and/or fill material into waters of the United States (33 U.S.C. § 1344(a); consultation under Section 106 of the National Historic Preservation Act, and authorization by the United States Forest Service for construction across the Jefferson National Forest (including a special use permit and condemnation agreement). In total, Plaintiff must satisfy more than 30 conditions precedent prior to construction of the Mountain Valley Pipeline. CM/ECF No. 1-2 at 125–136.  The eminent domain provision of the Natural Gas Act, 15 U.S.C. § 717f(h), should be construed to limit the grant of eminent domain to recipients of unconditional certificates of public convenience and necessity in order to avoid conflict with the Fifth Amendment to the United States Constitution under the doctrine of constitutional avoidance. Hence, satisfaction of the conditions is relevant to whether Plaintiff is entitled to a condemnation order.  Moreover, the status of Plaintiff's efforts to satisfy the host of conditions precedent to construction is relevant to whether Plaintiff is truly threatened with irreparable harm absent a preliminary injunction. Accordingly, expedited discovery on the issue raised by the conditions

precedent to construction are required prior to briefing on Plaintiff's motions for partial summary judgment and preliminary injunction.

### D.     The Amount of Security to be Posted Pursuant to Rule 65(c)

Federal Rule of Civil Procedure 65(c) requires the preliminary injunction movant to post a security. Moreover, *Sage* contemplates a deposit with the Court at least "equal to the appraised value of the interests condemned." 361 F.3d at 824. Here, Plaintiff declares that it "is prepared to post a bond equal to <u>its</u> estimate of the just compensation" due Landowners. CM/ECF Doc. # 4-1 at ¶ 35; CM/ECF Doc. No. 6-1 at ¶ 31. Nonetheless, in none of its materials submitted to the Court has Plaintiff set out a single one of its estimates of the value of the interests to be condemned. As a result, Landowners have no idea what amount Plaintiff is proposing for security. Moreover, this Court should not base the amount of security under Federal Rule of Civil Procedure 65(c) on Plaintiff's self-interested assertions about the value of Landowners' properties. Consequently, the Court should allow Landowners expedited discovery on questions related to Plaintiff's estimates of and bases for the security to be posted for the preliminary injunctions that they seek. Additionally, Plaintiff did not even estimate the amount of money that it would take to restore and reclaim Landowners' property after construction has begun if the pipeline is not ultimately built. The cost of such remedies, in addition to the value of the compensation for the take of the property, should be included in any bond; discovery is necessary to determine that cost.

### E.     Plaintiff's Claimed Irreparable Injuries

To obtain preliminary injunctive relief, Plaintiff must establish likely, imminent irreparable injury in the absence of preliminary relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20–22 (2008). In an effort to satisfy that standard, Plaintiff relies on two

declarations from its Senior Vice President of Engineering and Construction, Robert J. Cooper. CM/ECF No. 4-1; CM/ECF No. 6-1. Because of the heightened scrutiny that must be applied to Plaintiff's request for preliminary mandatory relief,[6] Landowners have good cause to obtain expedited discovery on the facts underlying Plaintiff's claims of irreparable harm. Mr. Cooper's conclusory allegations and bases for them should be subjected to probing examination through the traditional tools of discovery including depositions, interrogatories, and document production.

## CONCLUSION

For the foregoing reasons, good cause exists to allow Landowners to conduct expedited discovery before responding to Plaintiff's pending motions for partial summary judgment and preliminary injunction. Moreover, Plaintiff will not be significantly prejudiced by allowing such discovery. Accordingly, Landowners respectfully request that the Court enter an order permitting them to conduct the limited discovery described above.

Respectfully submitted,

/s/ Isak Howell
ISAK HOWELL (W. Va. Bar No. 11558)
119 Norfolk Ave. SW # 330
Roanoke, VA 24011
Phone: (540) 998-7744
Email: isak@howell-lawoffice.com
*Counsel for Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand*

/s/ Derek O. Teaney
DEREK O. TEANEY (W. Va. Bar No. 10223)
Appalachian Mountain Advocates

---

[6] *Transwestern Pipeline Co.*, 550 F.3d at 776; *Sage*, 361 F.3d at 828; *Stanley*, 13 F.3d at 1320; *Wetzel*, 635 F.2d at 286.

14

PO Box 507
Lewisburg, WV 24901
Phone: (304) 793-9007
Fax:     (304) 645-9008
Email: dteaney@appalmad.org
*Counsel for Charles F. Chong & Rebecca Ann*
*Eneix-Chong*


**/s/ Joseph M. Lovett**
JOSEPH M. LOVETT (W. Va. Bar No. 6926)
Appalachian Mountain Advocates
415 7th St. NE
Charlottesville, VA 22902
Phone: (304) 520-2324
Email: jlovett@appalmad.org
*Counsel for Charles F. Chong & Rebecca Ann*
*Eneix-Chong*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-cv-4214 |
| | ) | |
| AN EASEMENT TO CONSTRUCT, | ) | |
| OPERATE AND MAINTAIN A 42-INCH | ) | |
| GAS TRANSMISSION LINE ACROSS | ) | |
| PROPERTIES IN THE COUNTIES OF | ) | |
| NICHOLAS, GREENBRIER, MONROE, | ) | |
| SUMMERS, BRAXTON, HARRISON, | ) | |
| LEWIS, WEBSTER, AND WETZEL, WEST | ) | |
| VIRGINIA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Certificate of Service

I hereby certify that, on November 16, 2017, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following counsel of record:

| | |
|---|---|
| Nicolle S. Bagnell | Anna Ziegler |
| REED SMITH | ZIEGLER AND ZIEGLER, LC |
| Suite 1200 | 110 James Street |
| 225 Fifth Avenue | Hinton, WV 25951 |
| Pittsburgh, PA 15222 | anna.ziegler@zieglerandziegler.com |
| nbagnell@reedsmith.com | *Counsel for Richard and Anne M. Berkley,* |
| *Counsel for Plaintiff* | *Monte G. and Elora C.McKenzie, James* |
| | *Robert Persinger and Lillian Sue Persinger,* |
| | *and Landcey Ragland* |

///

///

Nicholas S. Preservati
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321
npreservati@spilmanlaw.com
*Counsel for ICG Eastern, LLC*

/s/ Isak Howell
Isak Howell (WV. Bar No. 11558)