**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | : | Civil Action No. 2:17-cv-04214 |
| | : | |
| Plaintiff, | : | Judge John T. Copenhaver, Jr. |
| | : | |
| vs. | : | |
| | : | |
| AN EASEMENT TO CONSTRUCT, | : | |
| OPERATE AND MAINTAIN A 42-INCH | : | |
| GAS TRANSMISSION LINE ACROSS | : | |
| PROPERTIES IN THE COUNTIES OF | : | |
| NICHOLAS, GREENBRIER, MONROE, | : | |
| SUMMERS, BRAXTON, HARRISON, | : | |
| LEWIS, WEBSTER, AND WETZEL, WEST | : | |
| VIRGINIA, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RESPONSE IN OPPOSITION TO LANDOWNERS' REPLY TO PLAINTIFF'S
RESPONSE TO LANDOWNERS' EMERGENCY MOTION**

Mountain Valley Pipeline, L.L.C. ("MVP") filed its Complaint and Motions for Partial Summary Judgment and Immediate Access in order to commence a federally certificated natural gas pipeline project, which will traverse over 300 miles in West Virginia and Virginia and bring natural gas to the Northeast, mid-Atlantic, and Southeast regions of the United States (the "MVP Project"). On October 13, 2017, the FERC issued a Certificate of Public Convenience and Necessity to MVP for the construction, operation, and maintenance of the MVP Project (the "FERC Certificate"). *See* 161 FERC ¶ 61,043. FERC has determined that the MVP Project is a matter of public convenience and necessity and the FERC Certificate cannot be challenged in this action.

Prior to filing its condemnation action, MVP acquired the necessary rights for the MVP Project in West Virginia across 1091 parcels out of the 1216 parcels needed, or roughly 90%.

Since filing the condemnation, MVP has acquired rights from some or all of the owners of an additional 22 parcels. MVP's Motion for Partial Summary Judgment and Immediate Access to Survey the Easements Condemned, Doc. No. 4 (the "Survey Motion"), requests access by January 15, 2018 as to 57 parcels to perform surveying activities to identify, among other things, protected species, wetlands, streams, or cultural resources that may require adjustments to the construction plan. MVP's Motion for Partial Summary Judgment and Immediate Access to and Possession of Easements Condemned for Construction, Doc. No. 6 (the "Construction Motion"), seeks access to all the parcels condemned to commence clearing work and other construction activities by February 1, 2018. Access no later than February 1, 2018 is necessary to comply with requirements mandated by the U.S. Fish and Wildlife Service that tree clearing must be complete by March 31, 2018 across all properties affected by the MVP Project. If MVP is unable to gain access to commence work on each respective deadline, construction of the entire MVP Project may be delayed for as much as one year given that the window for tree clearing is limited to only a few months each year. MVP has moved this Court to set a briefing schedule and hearing date on its pending motions so that the MVP Project, which the FERC has found to be in the public interest, is not delayed to the detriment of MVP and the public. *See* Doc. No. 8.

Eleven landowners of fourteen parcels (the "Moving Landowners") of the remaining 114 parcels have filed a Reply to Plaintiff's Response to Landowners' Emergency Motion, Doc. No. 28 (the "Reply"), seeking to delay the briefing schedule and hearing on MVP's motions for immediate access. The Moving Landowners' arguments amount to nothing more than a collateral attack on the FERC Certificate and its findings and arguments they lack standing to raise, with the goal to delay a project that has been thoroughly analyzed and approved by the

2

FERC and found to be in the public interest.  *See* 161 FERC ¶ 61,043.[1]  Specifically, they argue

that the motions are premature, that discovery is warranted on the motions, and that service on all

landowners is incomplete.  None of these arguments merit delay of consideration of MVP's

requests for preliminary relief.

## ARGUMENT

I.      **MVP's Motions for Partial Summary Judgment Are Not Premature.**

      A.      **The Motions for Partial Summary Judgment are Limited to MVP's Authority for the Taking and Can Be Timely Decided.**

The Moving Landowners argue that MVP's motions for partial summary judgment are

premature.  *See* Doc. No. 28 at 2[2].  Contrary to the Moving Landowners' assertions, summary

judgment is appropriate at this time.

Courts in this Circuit and in other circuits commonly have considered and granted

motions for partial summary judgment that are filed contemporaneously with the complaint in a

condemnation action filed pursuant to the Natural Gas Act.  *See, e.g., E. Tenn. Natural Gas Co.

v. Sage*, 361 F.3d 808 (4th Cir. 2004) (affirming the district court's order granting motions for

partial summary judgment and for immediate access where the motions were filed at the same

time the condemnation complaint was filed); *Transcontinental Gas Pipe Line Co., LLC v.

Permanent Easement for 2.59 Acres*, 2017 WL 1105237 (M.D. Pa. Mar. 24, 2017) (granting a

motion for partial summary judgment and a motion for preliminary injunction that was filed five

days after the complaint in condemnation was filed); *Transcontinental Gas Pipe Line Co., LLC

v. Permanent Easement for 2.59 Acres*, 2017 WL 3425595 (M.D. Pa. Aug. 9, 2017) (granting

---

[1] The Moving Landowners had an opportunity to and did intervene before the FERC prior to issuance of the FERC Certificate and have filed Petitions for Rehearing.  However, "a motion for rehearing not accompanied by a stay from FERC has no effect on the district court's obligation to enforce a FERC certificate."  *See Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cnty., Ala.*, 2016 WL 3248666 (M.D. Ala. June 8, 2016).

[2] The Moving Landowners have subsequently stipulated to access for surveying only and MVP continues to work with other defendants to agree to survey access.

partial summary judgment in a case where the motion for partial summary judgment and for preliminary injunction was filed one day after the condemnation complaint was filed); *Sabal Trail Transmission, L.L.C. v. 7.72 Acres in Lee Cnty.*, 2016 WL 3671419 (M.D. Ala. July 8, 2016) (granting partial summary judgment and preliminary injunction where the motions were filed simultaneously with the complaint); *E. Tenn. Natural Gas, LLC v. 1.28 Acres in Smyth Cnty., Va.*, 2006 WL 1133874 (W.D. Va. Apr. 26, 2006) (multiple complaints along with expedited motions to determine right to condemn and for immediate possession filed on Feb. 28, 2006 and Mar. 27, 2006; hearings held on April 6-7, 2006; Magistrate Judge Report issued on Apr. 26, 2006 recommending granting of motions; District Court affirmed May 18, 2006 by separate decision (*see E. Tenn. Natural Gas LLC v. 3.62 Acres in Tazewell Cnty.*, 2006 WL 1453937 (W.D. Va. May 18, 2006))); *Hardy Storage Co. v. An Easement to Construct, Operate and Maintain 12-inch and 20-inch Gas Transmission Pipelines*, 2006 WL 1004719 (N.D. W.Va. Apr. 12, 2006) (expedited motions for partial summary judgment on right to condemn and preliminary injunction for immediate possession filed at outset of case on February 28, 2006; motion for expedited hearing granted on Mar. 27, 2006; Magistrate Judge Report issued on Mar. 31, 2006 recommending granting of motions; District Court affirmed Apr. 12, 2006); *Alliance Pipeline L.P. v. 2.679 Acres of Land*, 911 F. Supp. 2d 816 (D. N.D. 2012) (combined motion for partial summary judgment on right to condemn and motion for immediate possession filed at beginning of litigation on Oct. 10, 2012; District Court order granting both motions issued on Nov. 21, 2012).

In *Sabal Trail Transmission*, Sabal Trail filed a motion for partial summary judgment to condemn temporary and permanent easements and for a preliminary injunction granting Sabal Trail immediate possession of the easements owned by the defendant landowners.  2016 WL

4

3671419 at *1. The defendant landowners attempted to argue that the motion for summary judgment was inappropriate and premature. *See id.* at *5. The court rejected this argument and granted the motion for partial summary judgment, concluding that there was no genuine dispute of material fact that Sabal Trail was a holder of a FERC certificate authorizing the project, that the FERC had determined that the subject property was necessary to the project, and that the plaintiff had been unable to acquire the property by contract. *See id.* Similarly, in *Transcontinental Gas Pipe Line Co., LLC*, the landowners argued that the motion for partial summary judgment was premature because the defendants had "been denied the opportunity to challenge the FERC Order and its findings." 2017 WL 3425595 at *2. The court rejected this argument and granted summary judgment to the pipeline company, noting that "a certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, and that 'this court's role is mere enforcement.'" *See id.* (quoting *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998)).

The cases relied upon by the Moving Landowners in support of their contention that "the procedure invoked by plaintiff here is overwhelmingly disfavored," *see* Doc. No. 28 at 2, are wholly inapposite and not binding on this Court. None of the cases cited by the Moving Landowners involve a condemnation under the Natural Gas Act. Instead, in support of their argument that the motions for summary judgment are premature, the Moving Landowners cite to a case involving a *pro se* complaint in tort in the Southern District of California, a complaint asserting RICO and fraud claims in the Southern District of New York, and a dispute over a late payment in the Southern District of Alabama. *See* Doc. No. 28 at 2-3. None of these cases are remotely related to the issues presented in this condemnation action.

5

MVP has demonstrated that partial summary judgment as to MVP's right to condemn is appropriate at this time.  To succeed in obtaining summary judgment, MVP must establish the following: (1) it is a holder of a certificate of public convenience and necessity; (2) the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue; and (3) it has been unable to acquire the necessary property interest from the owner. *Transcontinental Gas Pipe Line Co. v. Permanent Easement Totaling 2.322 Acres*, 2014 WL 4365476 (E.D. Va. Sept. 2, 2014); *see also Columbia Gas Transmission, LLC v. 691.72 Acres of Land*, 2016 WL 7031897 (S.D. W.Va. Dec. 1, 2016).  Here, MVP has met all three requirements. First, MVP is the holder of a certificate of public convenience and necessity.  *See* Complaint (Doc. No. 1), Exh. B.  Second, the FERC Certificate "establishes that the property condemned in this matter is necessary for the construction, operation, and maintenance of the pipeline at issue." *See Transcontinental Gas Pipe Line Co.*, 2014 WL 4365476, at *5.  Collateral attacks in this action on FERC's findings are improper and not permitted.  *See, e.g., Hardy Storage Co. v. Prop. Interests Necessary to Conduct Gas Storage Operations in Oriskany Sandstone Subterranean Geological Formation*, 2009 WL 689054, *4 (N.D. W.Va. Mar. 9, 2009) (noting that the FERC's decision of necessity cannot be attacked in a district court proceeding); *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cnty.*, 550 F.3d 770, 778 n.9 (9th Cir. 2009) ("The NGA does not allow landowners to collaterally attack the FERC certificate in the district court…"); *Alliance Pipeline L.P. v. 4,500 Acres of Land*, 911 F. Supp. 2d 805, 813 (D.N.D. 2012) ("In a condemnation action, a district court lacks jurisdiction to hear collateral attacks on certificates issued by FERC."); *Kansas Pipeline Co., v. A 200 Foot By 250 Foot Piece of Land*, 210 F. Supp. 2d 1253, 1256 (D. Kan. 2002) ("Once the holder of a FERC certificate of public convenience and necessity asks a district court to enforce its right to condemn, the findings in the

FERC certificate are conclusive."). Third, MVP has been unable to acquire the easements from the Moving Landowners by agreement. *See* Survey Motion (Doc. No. 4), Exh. 1, ¶ 8; Construction Motion (Doc. No. 6), Exh. 1, ¶ 8. *See also Columbia Gas Transmission, LLC*, 2016 WL 7031897, at *2 ("the filing of litigation is strong evidence that the parties are unable to agree on compensation.") (citing *USG Pipeline Co. v. 1.74 Acres*, 1 F. Supp. 2d 816, 822 (E.D. Tenn. 1998)). Accordingly, MVP has satisfied all the elements necessary to establish its substantive right of condemnation at this stage and, therefore, its motions for partial summary judgment are not premature.

**B.     All of the Moving Landowners Have Been Personally Served and Service of Process Has Progressed and Will Be Timely Completed.**

The Moving Landowners argue that the briefing schedule should be delayed because not all defendants have been served in this action. *See* Doc. No. 28 at 6. The Moving Landowners have no standing to assert this argument, because they have all been personally served. Service was completed on November 15, 2017 as to the last of the Moving Landowners. *See* Doc. No. 31 (attaching Return of Service of Brian and Helen Montague Van Nostrand). MVP has stipulated with the Moving Landowners to a response date of December 4, 2017. *See* Doc. No. 32.

Moreover, service has significantly progressed since the last update provided to the Court on the status of service. MVP has successfully personally served 154 of 174 defendants. Of those defendants who have been personally served, four of them were originally listed on the Certificate for Service by Publication. *See* Doc. No. 14.[3]   Service by publication has begun as to

---

[3] In addition, Anne Ziegler has entered an appearance and a stipulation setting an agreed-upon response deadline as to three landowners who were originally served by publication – Monte G. and Elora C. McKenzie, and Landcey Ragland. *See* Doc. Nos. 19, 21 and 39. Lollar Law and Stevens and Stevens entered an appearance and a stipulation setting an agreed-upon response deadline as to nine defendants who were originally served by publication – Addison Dunlap Dobbs, Lee Filmore Dobbs, Maury W. Johnson, David Allen Johnson, Wayne Johnson, Everett Johnson, Jr., Thomas B. and Hannah G. Mann, and Oscar D. Darago. *See* Doc. Nos. 33 and 34.

ten defendants and will be completed by November 30, 2017.[4]  Service remains as to only ten

defendants.  Five of those defendants could not be located for personal service and will be served

by publication.  *See* Second Certificate for Service by Publication (Doc. No. 43).  MVP has made

multiple attempts to serve the remaining five landowners – Nancy Shewmake Bates, Silas

Stevens and Laurel Tucker, Jesse James Richmond, and Bryan Simmons – but has been unable

to successfully personally serve these landowners.  MVP will continue its best efforts to

personally serve these individuals.

### C. Discovery Is Not Needed Prior to The Court's Consideration of the Limited Motions for Partial Summary Judgment.

The Moving Landowners argue that "discovery is necessary prior to briefing of Plaintiff's

motions for partial summary judgment."  *See* Doc. No. 28 at 3.  Defendants contend they need

discovery on the following issues: (1) whether the property to be taken corresponds with FERC's

grant; (2) whether MVP has satisfied the conditions precedent to construction; and (3) whether

MVP has sufficient assets to finance the MVP Project and to assure payment of just

compensation.[5]  *See id.* at 3-4.  The discovery sought by the Moving Landowners is not

necessary to the limited issues before this Court in MVP's motions for summary judgment.

The first category of documents sought by the Moving Landowners relates to the FERC's

issuance of the FERC Certificate.  *See* Doc. No. 28 at 3.  To the extent that the Moving

Landowners are challenging the scope of MVP's FERC Certificate, the district court has no

---

[4] Although MVP stated in its reply that service by publication would not be completed until December 6, 2017 for the defendants listed on the initial Certificate filed with the Court who were located in Braxton County, MVP has successfully personally served those individuals, *see* Doc. Nos. 22 and 31 (Returns of Service of Allan Walter Lehr, Estate of Roger L. Richmond, and Carolyn S. Walls), and MVP has acquired the property of the defendant located in Lewis County.  *See* Doc. No. 23 (Notice of Voluntary Dismissal listing Sherman and Mary Gamble).

[5] The Moving Landowners also seek discovery on MVP's estimate of just compensation due to the Moving Landowners and facts supporting the irreparable harm to MVP outlined in its Survey Motion and Construction Motion.  This discovery is not needed prior to this Court's consideration of MVP's motions for summary judgment. With regard to just compensation, that is not at issue at this time and  with regard to the motions for access, this Court may hold an evidentiary hearing in which the defendants can cross-examine MVP's declarant, Robert Cooper, on the irreparable harm MVP will suffer if it is not granted access by January 15, 2018 to survey, and by February 1, 2018 to commence tree clearing and construction.

jurisdiction to hear that challenge. "When a property owner comes to federal court to challenge FERC's findings in the certificate of public convenience and necessity, the property owner thereby mounts what in essence is a collateral attack on that certificate." *See Transcontinental Gas Pipe Line Co., LLC*, 2017 WL 3425595 at *3.  "The validity and conditions of the FERC Certificate cannot be collaterally attacked in district court." *See id.*; *see also Rover Pipeline LLC v. Rover Tract No. WB-D-SHB-011.510-ROW-T, et al.*, No. 5:17-cv-00016-IMK (N.D. W.Va. Mar. 7, 2017) ("FERC's determination that the Rover Project is a matter of public convenience and necessity cannot be collaterally attacked in this action.") (citing *Hardy Storage Co., v. Proper Interests Necessary to Conduct Gas Storage Operations, et al.*, 2009 WL 689054 (N.D. W.Va. Mar. 9, 2009)).

To the extent the Moving Landowners seek to assert that the proposed takings are not within the scope of the FERC Certificate, this issue is irrelevant to the Court's determination of the limited issue of MVP's right to condemn.  In *Constitution Pipeline Co., LLC v. A Permanent Easement for 2.40 Acres*, the court rejected a similar argument that the proposed taking was not within the scope of the FERC certificate.  2015 WL 1638211, *2 (N.D. N.Y. Feb. 24, 2015). The court entered an order that expressly limited the easements being condemned to those rights "approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission" that issued the FERC Certificate to the natural gas company.  *See id.*  Accordingly, any discovery related to the proposed taking is not necessary to allow this Court to decide MVP's motions for partial summary judgment on the right to condemn.  MVP will stipulate that it is only condemning what was approved by the FERC – and in fact, that is all MVP can condemn.

As to the second category of documents related to whether MVP has complied with the conditions that MVP must meet prior to commencing construction on the MVP Project, again, this cannot be raised before this Court. Those conditions are set by the FERC and the Moving Landowners have no standing to challenge them here. *See Sabal Trail Transmission*, 2016 WL 3248666, *4 ("There is no basis to delay the condemnation proceedings because any failure to comply with the FERC certificate is an issue for FERC – not this court at this stage in the proceedings."). Even if MVP "is violating FERC Certificate conditions, this would not affect the validity of the FERC Certificate or [MVP's] ability to exercise its authority of eminent domain." *See id.* (quoting *Gas Transmission Nw. LLC v. 15,833 Acres*, 126 F. Supp. 3d 1192, 1198 (D. Or. 2015)). Whether or not MVP has satisfied the conditions listed in its FERC Certificate is not before this Court. *See Kansas Pipeline Co. v. A 200 Foot By 250 Foot Piece of Land*, 210 F. Supp. 2d at 1256 ("The district court lacks jurisdiction to review the validity and/or conditions of a FERC certificate."); *see also Rover Pipeline LLC*, No. 5:17-cv-00016-IMK (noting that the pipeline company required immediate access in order to fell trees and perform other pre-construction conditions of the FERC Certificate in order to place the easements in construction-ready conditions). The conditions in the FERC Certificate have no impact on MVP's request to survey and, to the extent MVP is unable to satisfy all of the conditions listed in its FERC Certificate that must be completed prior to commencing construction of the MVP Project, MVP will not have authorization from the FERC to proceed. Though these objections are not properly before this Court, if it chooses to address them, it can do so by limiting its Order granting access to MVP for construction as conditioned upon authorization from FERC.

Finally, the Moving Landowners seek discovery on MVP's financial ability to pay for the MVP Project, including its ability to pay just compensation, the total cost of the pipeline project

and all necessary easements, and MVP's capitalization and financing structure.  *See* Doc. No. 28 at 3-4.  Any challenge on the part of the Moving Landowners as to MVP's financial ability to pay for the MVP project, again, amounts to a prohibited collateral attack on the FERC Certificate, which already considered MVP's financial status when assessing whether to grant the FERC Certificate.  *See* Doc. No. 1, Exh. B, at p. 12-13; *Tenn. Gas Pipeline Co.*, 2 F. Supp. 2d at 109 ("[T]his Court would have no authority to amend or qualify the [FERC's] order. This Court's role is one of mere enforcement.").  In fact, the FERC Certificate notes that "the threshold requirement for pipelines proposing new projects is that the pipeline must be prepared to financially support the project without relying on subsidization from existing customers."  *See id.*  The FERC found that the MVP Project satisfied this threshold requirement.  *See id.* at p. 14, 30.  Discovery on MVP's financial ability to finance the MVP Project is not a reason to warrant a delay in hearing MVP's motions because "before being granted immediate possession, [MVP] will pay an appropriate bond to the court to ensure protection of Defendants' interests."  *Rover Pipeline, LLC v. Mark C. Kanzigg, et al.*, 2017 WL 5448425 (S.D. Oh. Mar. 1, 2017).  To the extent the Moving Landowners have concerns regarding MVP's ability to finance the project or pay just compensation, these concerns will be addressed at the bond hearing.

None of the cases relied upon by the Moving Landowners hold that discovery is necessary with regard to the limited issue of whether a natural gas company has the right to condemn in a condemnation action.  Further, the courts in the cases cited by the Moving Landowners in support of their request for discovery do not even authorize discovery.  For example, the Moving Landowners rely on *Washington Metro. Area Transit Auth. v. One Parcel of Land in Montgomery County*, 706 F.2d 1312, 1321 (4th Cir. 1983) for the proposition that discovery is necessary to determine whether MVP has sufficient assets to guarantee payment of

just compensation. The court in that case did not actually hold that discovery was necessary to determine whether the condemnor had substantial assets. *See id.*

Discovery is not necessary for this Court to consider MVP's motions on the limited question of whether MVP has the right to condemn, and it does not warrant delay of this Court's decision on these motions.

## II.        MVP's Motions for Immediate Access Are Not Premature.

The Moving Landowners argue that the motions for immediate access filed by MVP are premature because MVP's "motion for partial summary judgment is premature, and [the] success on that motion is a condition precedent to a preliminary injunction." *See* Doc. No. 28 at 5.  For the reasons addressed above, the motions for partial summary judgment are not premature, and this Court can rule on those motions at this time.  That assertion ignores the law of this Circuit as set forth in *Sage*, which holds that the court may properly first address MVP's substantive right to condemn the Moving Landowners' properties through the filing of a motion for partial summary judgment, and once the right to condemn is established and MVP obtains an equitable interest in the properties, the court may then consider motions for equitable relief, specifically requests for preliminary injunctions granting immediate possession. *See Sage*, 361 F.3d at 819.

Although the Moving Landowners argue that MVP cannot cite to any cases where a plaintiff filed its motion for immediate access contemporaneously with the complaint in a condemnation involving multiple landowners, *see* Doc. No. 28 at 5-6, that is precisely the procedural posture of *Sage* and the cases cited above.  In *Sage*, the condemnor filed its motions for partial summary judgment and for immediate access contemporaneously with its complaints against approximately 85 landowners, which the district court granted.  361 F.3d at 820.  On appeal to the Fourth Circuit, the condemnees argued that the district court could not grant possession to the pipeline company prior to the determination of just compensation. *See id.*  The

issue before the Fourth Circuit was whether a district court can order immediate possession in a condemnation case. *See id.* The Fourth Circuit noted that once the right to exercise eminent domain is established, the condemnor has "an interest in the landowners' property that could be protected in equity if the conditions for granting equitable (in this case, injunctive) relief were satisfied." *See id.* at 823. The Court concluded that "once [the condemnor's] right to take the easements was determined, it was proper for the district court to consider [the condemnor's] motions for equitable relief." *See id.* The Court further noted that equity may be invoked in circumstances such as this given "that there is a substantial public interest – the need for natural gas supply – at stake in this case." *See id.* at 826. The Fourth Circuit then considered the elements necessary to grant a preliminary injunction, and found that injunctive relief was proper. As to the harm to the condemnor, the court noted that it would not be possible to meet FERC's deadline without a preliminary injunction because "[c]onstructing a ninety-four-mile pipeline is a complex project that can only progress in phases. Certain portions of the project have to be completed before construction can begin on other portions." *See id.* at 828-29. The Court also considered possible harm to the landowners, and rejected the landowners' argument that early possession would disturb the productive capacity of their land, noting that "the early loss of use is blunted by [the landowners'] right to draw down the money [the condemnor] has deposited with the Court," and that any argument regarding undermining the ability to negotiate a favorable price was unconvincing given the Fifth Amendment guarantee to just compensation. *See id.* at 829 (internal quotations omitted).

Other courts have similarly found that granting a preliminary injunction in cases involving multiple parcels is appropriate, even at this early stage in the litigation.[6] For example,

---

[6] *See e.g. Williston Basin Interstate Pipeline Co. v. Easement and Right-of-Way Across .152 Acres of Land, et al.,* 2003 WL 21524816 (D. N.D. June 3, 2003) (ten parcels); *USG Pipeline Co. v. 1.74 Acres in Marion Cnty.,* 1 F.

in *Sabal Trail Transmission v. Real Estate et al.*, 2016 WL 8919397 (N.D. Fla. May 23, 2016),

the court granted partial summary judgment and immediate possession on multiple parcels 9 ½

weeks after the cases were filed.  In doing so, the court relied upon decisions from the Third and

Fourth Circuits, and district courts in Ohio, Illinois, Pennsylvania, New Jersey, Massachusetts,

Maine, Tennessee, Louisiana, Kansas, North Dakota and Washington, that reached the same

result.  *Id.* at *6.  As the *Sabal* court held:

> This Court has already concluded that Sabal Trail has a right to condemn  the
> subject easements and granted partial summary judgment on that issue. Having so
> found, this Court is satisfied that Sabal Trail is likely, if not certain, to succeed on
> the merits in each action.
>
> This Court also finds that Sabal Trail will suffer irreparable injury in the absence
> of immediate possession.  A delay in construction of the pipeline may jeopardize
> Sabal Trail's ability to meet its FERC authorized in-service date and cause Sabal
> Trail to suffer significant financial losses.
>
> This Court finds that the irreparable injury to Sabal Trail from not granting
> immediate possession outweighs any reparable injury to Defendants. The damage
> to Defendants is simply the loss of possession that "would still be disturbed, albeit
> at a later time, if just compensation was determined first." *Sage,* 361 F.3d at 829.
> Any harm from the immediate possession can be compensated for from security
> to be deposited with the Court before Sabal Trail takes possession.
>                                        * * *
> Accordingly, this Court finds that Sabal Trail's request for a preliminary
> injunction should be granted in these 11 condemnation actions.

*See id.* at *8.  Similarly here, MVP has satisfied the standards for a preliminary injunction, as

outlined in its Survey Motion and Construction Motion and accompanying briefs in support.  *See*

Doc. Nos. 4-8.

    The Moving Landowners also argue that the hearing should not be scheduled so soon

after the condemnation proceedings have begun because "it could result in a permanent taking of

hundreds of landowners' properties."  *See* Doc. No. 28 at 5.  It is simply not true that this Court's

---

Supp. 2d at 817 (21 consolidated cases); *E. Tenn. Natural Gas, LLC v. 1.28 Acres in Smyth Cnty.*, 2006 WL
1133874 (W.D. Va. March 25, 2006) (seven consolidated cases).

ruling granting immediate access to MVP will result in a permanent taking of land with no remedies to the Moving Landowners.  As noted by the Court in *Sage*, any question regarding the timing of access was unpersuasive because the landowners had the right to draw upon the money deposited with the Court by the condemnor.  *See Sage*, 361 F.3d at 829.  The Court also noted that "the Fifth Amendment guarantees the landowners just compensation for their land no matter when the condemnor takes possession."  *See id.*  The Court in *Sage* also considered whether the circumstances warranted mandatory relief.  *See id.* at 830.  The Court found that a federal agency, FERC, had determined the project was necessary to serve the public interest, and imposed a deadline in order to meet said public interest.  *See id.*  The Court held that the condemnor could not meet the FERC's deadline without immediate possession, and that the condemnor would otherwise face irreparable harm, including increased construction costs.  *See id.*  Similarly here, and as discussed in its briefing on the Survey Motion and Construction Motion, MVP will suffer irreparable harm that warrants the issuance of a preliminary injunction granting access to the defendants' properties, and any harm to the Moving Landowners' is "slight at best" given that MVP's right to take the easements "is indisputably clear", and the Moving Landowners will be entitled to just compensation.  *See id.*

## III.    MVP is Entitled to a Timely Hearing on its Requests for Preliminary Relief.

MVP filed a Motion for Expedited Hearing asking this Court to hear its Motions expediently given the potential irreparable harm to MVP.  Other courts have similarly heard motions for preliminary injunctions on an expedited schedule for reasons similar to those affecting MVP here.  For example, in *Columbia Gas Transmission, LLC v. 1.092 Acres of Land in Township of Woolwich*, 2015 WL 389402 (D. N.J. Jan. 28, 2015), the plaintiff sought to "exercise [its] rights immediately, and on an expedited basis, in order to begin actual pipeline construction" because of "certain environmental constraints on the timing of Plaintiff's

construction, coupled with" the "in-service date established by the shipping contracts." *See id.* at

*2. The court set the hearing on an expedited basis, and ultimately granted the motion for partial

summary judgment and motion for immediate access. *See id.; see also Rover Pipeline LLC*, No.

5:17-cv-00016-IMK (granting motion for expedited hearing and granting immediate access to

easements condemned less than one month after filing of complaint).

     As outlined in MVP's Survey Motion and Construction Motion, MVP must have access

to the properties of those defendants identified in the Survey Motion by January 15, 2018, and by

February 1, 2018, to all properties being condemned. *See* Doc. No. 4, Exh. 1, ¶ 12; Doc. No. 6,

Exh. 1, ¶ 12. If MVP is unable to access the properties by that time, the entire construction

schedule will be delayed. Although the FERC Certificate provides that the MVP Project must be

completed by October 13, 2020, *see* Complaint (Doc. No. 1), Exh. B, the magnitude of the MVP

Project and the timing concerns related to the MVP Project necessitate entry to the defendants'

properties by the dates requested in MVP's motions. As discussed in the Survey Motion and

Construction Motion, tree clearing on the properties affected by the MVP Project is limited to

only a few months each year, and all tree clearing must be complete across all properties by

March 31, 2018. *See* Doc. No. 4, Exh. 1 at 26; *See* Doc. No. 6, Exh. 1 at 22. MVP requires

access to the properties prior to the deadline for tree clearing so that MVP may identify protected

species, wetlands, streams, and cultural resources that may require MVP to adjust its tree

clearing and construction schedule. *See* Doc. No. 4, Exh. 1, ¶ 15.

     If MVP is unable to access the remaining parcels to conduct surveying by January 15,

2018, and access all properties condemned by February 1, 2018 to commence tree clearing, the

MVP Project may be delayed by up to an entire year, until MVP is able to commence tree

clearing within the window allowed by the U.S. Fish and Wildlife Service. Further, even though

MVP has stated that its projected in-service date is December 2018, MVP's work on the MVP Project will not be completed at that time. The FERC Certificate provides that MVP is required to complete all reclamation activities across all properties affected by the MVP Project after the pipeline is put into service. *See* Complaint (Doc. No. 1), Exh. B, at p. 71 ("all wetlands will be restored after pipeline installation"); p. 80 ("Following pipeline installation, the right-of-way will be restored to near pre-construction conditions and use…"); p. 87 ("[MVP] will restore all roads to their pre-construction condition …"). If construction is delayed until the next window for tree clearing permitted by the U.S. Fish and Wildlife Service, MVP will suffer irreparable harm. Any delay in granting MVP access to the properties to commence surveying and construction will impact MVP's ability to meet project deadlines. Accordingly, and for the reasons set out in MVP's Survey Motion and Construction Motion and accompanying briefs in support, *see* Doc. Nos. 4-8, MVP will suffer irreparable harm if it does not gain access to the properties by the requested deadlines.

## **CONCLUSION**

For the reasons stated above and those stated in MVP's motions for partial summary judgment and immediate access, and in MVP's motion for expedited hearing, it is respectfully requested that this Court enter a briefing schedule and set a hearing date on the Survey Motion and the Construction Motion so that MVP may access certain properties by January 15, 2018, for purposes of surveying, and all properties condemned by February 1, 2018, to commence clearing and construction of the MVP Project.

November 22, 2017                                      REED SMITH LLP

/s/ Nicolle R. Snyder Bagnell
Nicolle R. Snyder Bagnell
W.V. I.D. No. 11081
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
nbagnell@reedsmith.com

*Counsel for Plaintiff*
*Mountain Valley Pipeline, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing has been served via the Court's ECF system on all counsel of record, and by U.S. First Class Mail upon the individuals identified on the attached Service List.


Dated: November 22, 2017                                   <u>/s/ Nicolle R. Snyder Bagnell</u>

## SERVICE LIST

The undersigned hereby certifies that a true and correct copy of the foregoing has been

served upon the following via U.S. First Class Mail:

| | |
|---|---|
| D. Lane McMillion<br>P. O. Box 633<br>Craigsville, WV 26205-0633 | Ervin E. Richmond<br>136 Rockhill Dr.<br>Alderson, WV 24910 |
| D. Lane McMillion and<br>Dale L. and Alicia D. McMillion<br>P. O. Box 633<br>Craigsville, WV 26205-0633 | Gerald K. Richmond<br>941 Bun Fink Road<br>Alderson, WV 24910 |
| Brian and Beth Armstrong<br>312 Ritchie Farm Road<br>Summersville, WV 26651-4521 | Jesse James Richmond<br>707 Freezeland Mountain Rd.<br>Hinton, WV 25951 |
| Bruce A. and Kimberly Roberts<br>PO Box 321<br>Nettie, WV 26681-0321 | Carolyn S. Walls<br>PO Box 82<br>Coal Mountain, WV 24823-0082 |
| Virginia D. and Connie McClung<br>453 Power Plant Rd<br>Summersville, WV 26651-2031 | Richard Dean Ward<br>124 Maryville MBL<br>Alcoa, TN 37701 |
| Artie Orlena Robinson<br>and David Lane Robinson<br>5907 Ward Road<br>Nettie, WV 26681-4563 | Ashby A. and Emma Jean Boone<br>and Dorothy Marie Boone Fogle<br>34 Orchard Tree Drive<br>Front Royal, VA 22630-5808 |
| Quinwood Coal Company f/k/a<br>Alex Energy, LLC f/k/a<br>Alex Energy, Inc. f/k/a<br>Green Valley Coal Company, LLC<br>1415 Louisiana Street<br>Suite 2400<br>Houston, TX 77002-7361 | Mark Grey Smith<br>1036 Ficklen Road<br>Fredericksburg, VA 22405-2102 |
| Estate of C. L. Keener<br>118 Dawson Road<br>Meadow Bridge, WV 25976-9424 | Caitlyn A. Gragg<br>PO Box 58<br>Alderson, WV 24910-0058 |
| James Keener<br>38692 Adains Road<br>Willoughby, OH 44094 | Wiseman Living Trust<br>Gene and Phyllis M. Wiseman<br>7507 Walton Lane<br>Annandale, VA 22003-2558 |

| | |
|---|---|
| Johnnie Ray Keener,<br>Brande Nicole Keener,<br>and David Harmon<br>118 Dawson Road<br>Meadow Bridge, WV 25976-9424 | Robert Jackson Holt<br>1611 Smith Bridge Road<br>Chadds Ford, PA 19317-9765 |
| Thomas Keener<br>2929 Dawson Road<br>Meadow Bridge, WV 25976 | Philip J. Harrah<br>78 Starling Lane<br>Sandstone, WV 25985-9419 |
| Clyde Fox, Michael Fox,<br>Naomi J. Fox, and Robert W. Fox<br>P. O. Box 646<br>Leslie, WV 25972-0646 | Meadow Creek Coal Corporation<br>263 White Oak Drive<br>Beckley, WV 25801-8133 |
| Naomi J. and Robert W. Fox<br>386 Clifftop Loop Road<br>Danese, WV 25831-7273 | Gregory L. Berry<br>1211 New River Road<br>Hinton, WV 25951-8125 |
| Rex Coal Land Company<br>PO Box 564<br>Lewisburg, WV 24901-0564 | Charles D. Simmons Estate<br>Sharon G. Simmons<br>P.O. Box 65<br>Lester, WV 25865-0065 |
| Silas Steven and Laurel Tucker<br>5354 Forest Brook Drive<br>Milton, FL 32583-6224 | Bryan Charles Simmons<br>11 Red Fox Trail<br>Euharlee, GA 30145 |
| Jeffrey Dewayne Osborne<br>110 Goddard Mountain Road<br>Rainelle, WV 25962-6860 | Joshua Simmons<br>1741 Barkers Ridge<br>Stephenson, WV -9613 |
| Unknown Heirs of Martha I. Kessler<br>Unknown Address | Joshua Simmons and Jerry L. Cannady<br>1741 Barkers Ridge<br>Stephenson, WV -9613 |
| Unknown Heirs of Mary L. Surbaugh<br>Unknown Address | Red Hawk Trust<br>Robert C. Pierson, III<br>and Vicki L. Pierson<br>PO Box 51<br>Walkersville, WV 26447-0051 |
| Unknown Heirs of Nora E. Vandall<br>Unknown Address | William G. Lloyd<br>4350 Sutton Lane<br>Sutton, WV 26601-9717 |

| | |
|---|---|
| Unknown Heirs of Azel Ford Zickafoose<br>Unknown Address | Chad W. Johnson<br>109 Platinum Drive, Suite 1<br>Bridgeport, WV 26330-2007 |
| Unknown Heirs of Joseph Orville Zickafoose<br>Unknown Address | Estate of Barbara June Reger<br>Unknown Address |
| Unknown Heirs of Robert C. Zickafoose<br>Unknown Address | Kincheloe Mitigation Holdings LLC<br>23 South Main St.<br>3rd Floor<br>Hanover, NH 03755 |
| Doreen S. Allen,<br>Fredereck M. Osborne,<br>Jo Lynn Blankenship,<br>Mickey D. Osborne,<br>and Scott S. Osborne<br>377 Dark Hollow Rd<br>Rainelle, WV 25962-9713 | George Ernest Bright<br>220 Heritage Point<br>Morgantown, WV 26505-2831 |
| David R. Hughes<br>232 Cedar Ridge Farm Road<br>Greenville, WV 24945-0067 | The John A. Bright Revocable Living Trust<br>909 4th St SE<br>Roanoke, VA 24013-2351 |
| The Paulette A. Sears Family Trust<br>222 Navajo Street<br>Tavernier, FL 33070-2119 | William H. Brown, Jr.<br>1316 15th Street<br>Huntington, WV 25701-3622 |
| Stephen M. Miller<br>88 Monroe Ave<br>Peterstown, WV 24963-6720 | Trustees Under the Will of A. L. Morrison<br>William B. Morrison and<br>Robert J. Morrison<br>383 Townhill Road<br>Grantsville, WV 26147 |
| Mountain Lair, LLC<br>Robert Allen<br>2044 Wilson Mill Road<br>Lindside, WV 24951-4517 | Mary E. Sebring<br>987 Norwood St.<br>Kent, OH 44240-3476 |
| Thomas E. and Rosetta B. Toney<br>and Austin B. Toney<br>48 Sun View Dr.<br>Peterstown, WV 24963-5015 | Megann M. Sheppard<br>931 Wayne Drive<br>Winchester, VA 22601-6395 |
| Estate of Dannie Lee Spence<br>Danny Spence, Jr.<br>PO Box 292<br>Peterstown, WV 24963-0292 | WMS WVMinerals Trust<br>Jesse Frank Williams IV<br>1347 E. Kensington Ave<br>Salt Lake City, UT 84105-2653 |

| | |
|---|---|
| Cheryl Bowers<br>PO Box 165<br>Lindside, WV 24951-0165 | Western Pocahontas Properties Limited Partnership<br>5260 Irwin Road<br>Huntington, WV 25705-3247 |
| Allan Walter Lehr<br>536 Allters Way<br>Alderson, WV 24910-0079 | Edward "Ted" Charles Smith, Sr.<br>12191 Deihl Road<br>North Jackson, OH 44451 |
| Heirs of J.H. Harrah<br>P. O. Box 161<br>Meadow Bridge, WV 25976-0161 | Dale Eastham<br>710 Salt Spring Road<br>Warren, OH 44481-9669 |
| Connie Harper<br>P.O. Box 2234<br>Beckley, WV 25802-2234 | Andrew A. Fairbanks<br>1095 N. Turner Road<br>Youngstown, OH 44515 |
| Sandra Richmond<br>5753 Keeney Mountain Road<br>Sandstone, WV 25985-9285 | Michael Fairbanks<br>8992 New Road<br>North Jackson, OH 44451 |
| Melissa A. Leslie<br>304 Miller Ave<br>Hinton, WV 25951 | Todd Edward Smith<br>12191 Deihl Road<br>North Jackson, OH 44451 |
| Estate of Roger L. Richmond<br>Rhonda Richmond<br>26 Teal Lane<br>Alderson, WV 24910-9714 | Nancy Jane Shewmake f/k/a<br>Nancy Jane Bates<br>780 Stouts Run Road<br>Smithfield, WV 26437-8664 |
| Anthony D. Richmond<br>329 Rock Hill Drive<br>Alderson, WV 24910-7143 | |

Dated: November 22, 2017       By:  /s/ Nicolle R. Snyder Bagnell