IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MOUNTAIN VALLEY PIPELINE, L.L.C.,   )
      )
    Plaintiff,   )
      )
v.   )   Civil Action No. 2:17-cv-4214
      )
AN EASEMENT TO CONSTRUCT,   )
OPERATE AND MAINTAIN A 42-INCH   )
GAS TRANSMISSION LINE ACROSS   )
PROPERTIES IN THE COUNTIES OF   )
NICHOLAS, GREENBRIER, MONROE,   )
SUMMERS, BRAXTON, HARRISON,   )
LEWIS, WEBSTER, AND WETZEL, WEST   )
VIRGINIA, et al.,   )
      )
      )
    Defendants.   )

## LANDOWNERS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION

Pursuant to the Court's November 22, 2017 Order (ECF # 28), Defendants Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Charles F. Chong, Rebecca Ann Eneix-Chong, Hilry Gordon, Robert M. Jarrell, Ronald Tobey, Elizabeth Tobey, Brian Van Nostrand, and Helen M. Van Nostrand (collectively, "Landowners"), by counsel, respectfully submit this reply to Plaintiff's November 22, 2017 Response in Opposition (ECF # 44).

In justifying its premature motions for summary judgment and preliminary injunction, Plaintiff assumes this Court's role in the condemnation process to be merely ministerial and treats the resolution of its motions for summary judgment and preliminary injunction in its favor as a foregone conclusion. It does so on the basis of its possession of a conditional certificate of public convenience and necessity under Section 7 of the Natural Gas Act ("NGA") from the Federal Energy Regulatory Commission ("FERC"), a document that appears to be the

"Schrödinger's cat" of administrative orders—an action simultaneously both final and non-final, depending on who is asking and why.[1] With that conditional certificate in hand, Plaintiff insists that it is automatically entitled to judgment as a matter of law on its right to condemn and a mandatory preliminary injunction allowing it early possession of easements on Landowners' property. Plaintiff appears so confident in its case that it all but argues that no amount of discovery would allow Landowners to defend against the inevitable early possession of their property. But "[s]ummary judgment before discovery forces the non-moving party into a fencing match without a sword or mask," *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014), and "a federal judge sitting as chancellor is not mechanically obligated to grant an injunction . . . ." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Plaintiff attempts to exercise the power of eminent domain, but "[t]he exercise of that power . . . carries with it the correlative duty to protect individual rights to the fullest possible extent." *United States v. 364.82 Acres of Land, More or Less, in Mariposa Cty., State of Cal.*, 38 F.R.D. 411, 413 (N.D. Cal. 1965). Accordingly, to protect Landowners' rights fully, the Court should postpone briefing of Plaintiffs' motions for summary judgment and preliminary injunction until after all defendants have been served and expedited discovery allowed.

///

---

[1] Certificate holders insist that a conditional certificate is final and valid for purposes of instituting condemnation actions such as this one under 15 U.S.C. § 717f(h) and for purposes of proceeding with the construction and operation of natural gas pipelines. *See Moreau v. FERC*, 982 F.2d 556, 559–62 (D.C. Cir. 1993) (describing construction activities performed under a conditional certificate of public convenience and necessity). Yet FERC insists that a conditional certificate is not final and only "an incipient authorization without current force or effect" in order to justify its issuance of such certificates prior to the completion of environmental review by other regulatory agencies. *See, e.g.*, *Algonquin Gas Transmission, LLC*, 154 FERC ¶ 61,048 at P 27 (Jan. 28, 2016). FERC also insists that its certificates are not final for purposes of judicial review until it acts on a request for rehearing. 15 U.S.C. § 717r(a). Meanwhile, condemnation and construction proceed. Consequently, just as Schrödinger's cat is simultaneously both alive and dead, FERC maintains that its certificates are simultaneously both final and non-final.

I. **Plaintiff's Motion for Partial Summary Judgment Is Premature in the Absence of all Defendants and Before Expedited Discovery.[2]**

A. **The Timing of Plaintiff's Motion is Procedurally Suspect.**

As the Fourth Circuit has held, "[s]ummary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." *McCray*, 741 F.3d at 483. For that reason, the filing of a summary judgment motion at the outset of a case has been described as "procedurally suspect." *St. Aerospace Servs. Co. Pte, Ltd. v. Evergreen Int'l Airlines*, Civ. No. 13-0003, 2013 WL 12122572 at *1 (S.D. Ala. Jan. 10, 2013).

To defend the timing of its motion for summary judgment, Plaintiff points to a number of condemnation cases under the NGA, including *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004). In none of those cases, however, did a court reject a request for discovery prior to resolution of a motion for summary judgment. In one of the cases on which Plaintiff relies, the defendant landowners presented no opposition at all to early possession. *See Hardy Storage Co. v. An Easement to Construct, Operate and Maintain 12-inch and 20-inch Gas Transmission Pipelines*, Civ. NO. 2:06-cv-00007, 2006 WL 1004719 at *2 (N.D. W. Va. Apr. 12, 2006). Moreover, in *Sage*, although the pipeline developer filed its motion for immediate possession simultaneously with its complaint, the district court denied the developer's motion for an expedited ruling on the motion for possession and did not hold a hearing on the merits of the motion for possession until more than four months after that motion was filed. *See* Civil Docket *E. Tenn. Nat. Gas Co. v. Sage*, Civ. No. 4:02-cv-00107 (W.D. Va.) at 3 (ECF # 16 – "ORDER denying [11-1] motion for expedited ruling on motion for possession") and 4 (Motion Hearing

---

[2] On November 22, 2017, Landowners and Plaintiff filed a stipulation with the Court in which they agreed that Landowners, among others, will voluntarily provide Plaintiff license to access their properties for the limited purposes of surveying by January 15, 2018. ECF # 42. Accordingly, Plaintiff's Motion for Partial Summary Judgment and Immediate Access to Survey the Easements Condemned (ECF # 4) is moot as to Landowners.

held April 10, 2003) (attached as Ex. 1). As in the other cases cited by Plaintiff, the landowners in *Sage* never sought discovery before the hearing on the motion for early possession. *Id.*

Plaintiff holds out *Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cnty.*, Civ. Nos. 3:16-cv-173-WKW et al., 2016 WL 3671419 (M.D. Ala. July 8, 2016), as an example of a case where a federal district court rejected an argument that a motion for partial summary judgment in an NGA condemnation action was premature. But the prematurity argument there was based on the landowner's assertion that negotiations on a price for the easement were ongoing and that the parties were "only $450,000 apart." *Id.* at *5. In contrast, here Plaintiff's motion is premature because of the need for discovery and delays in achieving service of all defendants. Moreover, although the landowner raising the prematurity argument in *Sabal Trail* lost in the decision cited by Plaintiff, he prevailed on a previous motion for summary judgment because there was a disputed issue of material fact resulting from the pipeline developer's misidentification of the location of its easement in its court filings. *Sabal Trail Trans., LLC v. 7.72 Acres*, Civ. No. 3:16-cv-173-WKW, 2016 WL 3248666 at *7–*8 (M.D. Ala. June 8, 2017). Accordingly, the *Sabal Trail* case shows the need for discovery in NGA condemnation actions to ensure the accuracy of the facts asserted by the condemnor.

Plaintiff's reliance on *Transcontinental Gas Pipe Line Co., LLC v. Permanent Easement for 2.49 Acres*, Civ. No. 4:17-cv-00307, 2017 WL 3425595 (M.D. Pa. Aug. 9, 2017), to support the timeliness of its motion for partial summary judgment is also misplaced. Again, there is no indication that the landowners in that case sought discovery. Moreover, the process in that case was hardly expedited in that nearly six months passed between the filing of the motion for partial summary judgment and the hearing on that motion. *See id.* at *1 (motion hearing on August 3, 2017, for motion filed February 21, 2017).

Plaintiffs denigrate the many cases that Landowners cited demonstrating that summary judgment before discovery is overwhelmingly disfavored as "wholly inapposite and not binding on this Court." ECF # 44 at 5. Plaintiff makes that assertion on the ground that none of the cited cases are NGA condemnation cases and none come from the Fourth Circuit.

As a threshold matter, that none of the cases cited by Landowners are condemnation cases under the NGA is not persuasive. The Fourth Circuit has held that the federal rule applicable to condemnation proceedings—Rule 71.1—provides "that the regular rules of procedure apply to any subject not covered by the special rule." *Sage*, 361 F.3d at 824. *See* Fed. R. Civ. P. 71.1(a) (providing that the other rules of civil procedure govern proceedings to condemn real property except as otherwise provided in Rule 71.1). Plaintiff has evoked Rule 56(b) in filing a motion for partial summary judgment simultaneously with its complaint. Consequently, federal precedent interpreting Rule 56(b) is squarely on point.

As for binding precedent, although the Fourth Circuit has not expressly addressed the revised timing provisions of Rule 56(b), it has long held that summary judgment motions absent needed discovery are premature. *See, e.g.*, *McCray*, 741 F.3d at 483-84; *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 247 (4th Cir. 2002). For that reason, requests for discovery before summary judgment, such as the Landowners' pending motion for expedited discovery, are "'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." *McCray*, 741 F.3d at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)). As a result, although the Fourth Circuit has not specifically addressed the timing provisions of Rule 56(b), it would be consistent with binding Fourth Circuit precedent for this

Court to determine that Plaintiff's motion for summary judgment is premature.[3]

Plaintiff's final argument in defense of the timing of its motion for summary judgment is that it has "satisfied all the elements necessary" for partial summary judgment on its claimed substantive right to condemn. ECF # 44 at 7. In essence, Plaintiff maintains that its motion for summary judgment is not premature because it expects to prevail. Landowners disagree and reserve the right to present complete substantive arguments at the appropriate time, which, as this Court has acknowledged, is not now. ECF # 38 at 1–2 (continuing generally the time for filing responses to Plaintiff's pending motions). Landowners expect to challenge legally and factually whether Plaintiff can satisfy the first element, namely whether it is a "holder of a certificate of public convenience and necessity" under 15 U.S.C. § 717f(h), based on the conditional nature of its certificate and FERC's position that such certificates are "incipient authorization[s] without current force or effect." *Constitution Pipeline Co., LLC Iroquois Gas Transmission Sys., L.P.*, 154 FERC ¶ 61,046 P 62 (Jan. 28, 2016) (internal quotation marks omitted). *See also Algonquin Gas Transmission, LLC*, 154 FERC ¶ 61,048 P 27 (Jan. 28, 2016) (same). Landowners also expect to argue that Plaintiff must satisfy additional elements to establish a substantive right to exercise eminent domain, including but not limited to the ability to pay for the completion of the project. Moreover, as detailed below, discovery is necessary on issues presented by Plaintiff's motion for partial summary judgment. Accordingly, simply because Plaintiff expects to prevail does not render its motion for partial summary judgment timely. The Federal Rules of Civil Procedure provide important protections to allow nonmovants to develop their defenses,

---

[3] Indeed, Judge Chambers of the Huntington Division of this Court relied on Fourth Circuit precedent regarding premature summary judgment motions to allow early discovery and delay briefing on a summary judgment motion filed contemporaneously with a complaint under Rule 56(b). *Ohio Valley Envtl. Coalition, Inc. v. Maple Coal Co.*, Civ. No. 3:11-cv-0009, ECF # 26, Memorandum Opinion and Order (S.D. W. Va. Mar. 25, 2011) (attached as Ex. 2).

regardless of the arrogance of the moving party.

**B.    The Court Should Not Proceed on Plaintiff's Motions for Summary Judgment and Preliminary Injunction Until All Defendants Have Been Served with Process and Appeared.**

In response to the Landowners' position that this case should not proceed until service of process is complete on all defendants, Plaintiff asserts that the Landowners lack standing to take that position because they have been personally served. Plaintiff misunderstands the Landowners' position. Landowners are not asserting the rights of the absent parties, but rather are seeking to protect their own rights. Plaintiff chose to bring a single action against all of the condemnees, rather than proceeding against each landowner separately. As a result, the Landowners have more than 100 co-defendants. If this action proceeds in a piecemeal fashion, first against some landowners and then against others, Landowners will be prejudiced. They will be subject to seriatim proceedings and the unnecessary burden and expense of participating in multiple preliminary procedures to ensure that their interests are not adversely affected by proceedings against other defendants. Plaintiff chose to proceed in a single action; it should not be permitted to unnecessarily burden the Landowners by proceeding against some landowners immediately and others at a later time after service is perfected.

As Landowners understand Plaintiff's service status update, at least 10 landowners remain unserved. ECF # 44 at 8. Five will be served by publication, but Plaintiff did not provide an estimate of the time by which that service will be complete. *Id.* Assuming that Plaintiff initiated service by publication on November 22, 2017—the date it filed its Second Certificate for Service by Publication—the earliest service could be complete under Rule 71.1(d)(3)(B) is December 13, 2017. Plaintiff expressed its intention to serve an additional five landowners personally, but concedes that, as of November 22, 2017, it had been unable to achieve personal

service and provides no timeframe for the perfection of service on those individuals. *Id.*

Because Plaintiff has not yet served all defendants in this action, its motions for summary judgment and preliminary injunction are premature. Parties that have been served should not be burdened with duplicative proceedings that would result from allowing seriatim discovery, briefing, and hearings on Plaintiff's pending motions. Accordingly, the Court should await the appearance of all defendants before proceeding on Plaintiff's pending motions.

### C.     Summary Judgment is Inappropriate Without Discovery.

Despite Plaintiff's contention that no discovery is needed before resolution of its motion for partial summary judgment, federal courts have allowed such discovery in NGA condemnation cases. For example, in *Sabal Trail Transmission, LLC v. 9.669 Acres of Land*, the court granted a landowner's motion for expedited discovery to defend against a motion for partial summary judgment like the one pending in this action. Civ. No. 8:16-cv-640-T-33AEP, 2016 WL 1729484 at *1–*3 (M.D. Fla. Apr. 20, 2016). The landowner sought discovery on, among other things, "the scope of the FERC certificate, whether the FERC-approved alignment sheets correspond to the easements Sabal Trail seeks to condemn, whether May 1, 2017, is the correct in-service date for the pipeline, and the damages Sabal Trail claims it will incur if it does not obtain possession of the easements by June 21, 2016." *Id.* at *1. The court held that the landowner had shown good cause for expedited discovery. *Id.* at *2. Accordingly, the court required discovery in the form of document production and depositions before conducting a hearing on the pipeline developer's motion for partial summary judgment. *Id.* at *3.

Likewise, the court in *Northern Natural Gas Company v. Approximately 9117.53 Acres* allowed discovery before a hearing on a pipeline company's motion to confirm condemnation authority. Civ. No. 10-1232-WEB-DWB, 2011 WL 7491556 at *1 (D. Kan. Nov. 16, 2011).

8

Most recently, the court in *Columbia Gas Transmission, LLC v. Temporary Easements for Abandonment of a Natural Gas Transmission Pipeline* deferred ruling on a motion for partial summary judgment on the condemnation question to allow discovery. Civ. No. 3:16-cv-268, 2017 WL 1284943 at *6 (W.D. Pa. Apr. 5, 2017).[4] In short, numerous federal courts have allowed discovery before summary judgment on the right to take in NGA condemnation actions, and Plaintiff has not pointed to a single case where a court has denied a request for such discovery.

In opposing Landowners' request for discovery of facts related to whether the property sought to be condemned in this action properly corresponds to the route approved by FERC, Plaintiff wrongly asserts that the facts sought are not relevant to the issues presented by its motion for partial summary judgment. As Plaintiff concedes, "[t]o succeed in obtaining summary judgment, MVP must establish . . . the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue . . . ." ECF # 44 at 6 (citing *Transcontinental Gas Pipe Line Co. v. Permanent Easement Totaling 2.322 Acres*, 2014 WL 4365476 (E.D. Va. Sept. 2, 2014)). Landowners seek discovery from Plaintiff to confirm whether the easements sought in this action correspond to the route approved by FERC. Such discovery was allowed in *Sabal Trail Transmission*, 2016 WL 1729484 at *1–*3, precisely because it is relevant to the issues presented by a motion for partial summary judgment on the right to exercise eminent domain.

To avoid discovery on the location of the approved easements, Plaintiff relies on a case readily distinguishable for two reasons. First, the court in *Constitution Pipeline Co., LLC v. A*

---

[4] The court in *Columbia Gas Transmission* erred under the *Sage* procedure by granting a preliminary injunction for early possession before making a determination on the condemnation question, which the *Columbia Gas Transmission* court acknowledged created a "strange situation." 2017 WL 1284943 at *7.

*Permanent Easement for 2.40 Acres* was not presented with a request for discovery. Civ. No. 3:14-cv-2046, 2015 WL 1638211 (N.D.N.Y. Feb. 24, 2015). Second, in contrast to this case, the pipeline developer had presented evidence that the easements described in the court filing conformed to the route approved by FERC. *Id.* at *2. Here, Plaintiff's filings lack evidence authenticating the exhibits attached to the complaint that depict the easements sought by Plaintiff—which were created well after the approved route was submitted to FERC—or otherwise establishing that they conform to the approved route depicted in the alignment sheets provided to FERC. It is not unheard of for a project implicating thousands of individual properties to result in an inaccurate easement depiction in a condemnation complaint. *See Sabal Trail Transmission*, 2016 WL 3248666 at *6–*7 (explaining how the pipeline developer incorrectly described one of the sought easements in a way that differed from the approved FERC alignment sheets). Such errors have "significant legal consequences," including precluding summary judgment. *Id.* For that reason, discovery regarding the FERC-approved route, as Landowners seek here, is permissible before addressing a motion for partial summary judgment. *Sabal Trail Transmission*, 2016 WL 1729484 at *1–*3.

Plaintiff asserts that discovery regarding the conditions in its FERC certificate is irrelevant to the issues presented by its motion for partial summary judgment. ECF # 44 at 10. But one of the elements that Plaintiff must establish to prevail on its motion is that it is a holder of a certificate of public convenience and necessity under 15 U.S.C. § 717f(h). Landowners maintain that, in accordance with the doctrine of constitutional avoidance, the NGA must be construed to limit the power of eminent domain to holders of *unconditional* certificates of public convenience and necessity. As FERC has repeatedly observed, a conditional certificate under Section 7 of the NGA is an "incipient authorization without current force or effect." *Constitution*

*Pipeline Co., LLC Iroquois Gas Transmission Sys., L.P.*, 154 FERC ¶ 61,046 P 62 (internal quotation marks omitted). *See also Algonquin Gas Transmission, LLC*, 154 FERC ¶ 61,048 P 27 (same). Accordingly, the conditional nature of Plaintiff's certificate, and the status of its satisfaction of those conditions, make discovery necessary before summary judgment.[5]

Plaintiff also argues that Landowners are not entitled to discovery on Plaintiff's ability to pay for the completion of the MVP project. To the contrary, to constitutionally exercise the authority of eminent domain under 15 U.S.C. § 717f(h), Plaintiff must show that it has "very substantial assets" such that "just compensation is, to a virtual certainty, guaranteed." *Wash. Metro. Area Transit Auth. v. One Parcel of Land in Montgomery County*, 706 F.2d 1312, 1320–21 (4th Cir. 1983). That is because, as the Supreme Court has held, "a statute which undertakes to appropriate private property for a public highway of any kind, without adequate provision for the payment of compensation, is unconstitutional and void." *Sweet v. Rechel*, 159 U.S. 380, 401 (1895) (internal quotation marks omitted). As a private entity, Plaintiff "has neither sovereign authority nor the backing of the U.S. Treasury to assure adequate provision of payment." *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa County*, 550 F.3d 770, 775 (9th Cir. 2008). For that reason, in *Sage* the Fourth Circuit examined the condemnor's substantial earnings to conclude that there was adequate assurance of just compensation. 361 F.3d at 824.

Here, Plaintiff has made no showing of the substantial assets that a private entity must have to provide adequate assurance of the provision of just compensation for landowners along

---

[5] The status of Plaintiff's satisfaction of the conditions in its certificate is also relevant to the balancing of the equities on Plaintiff's motion for an injunction granting immediate possession and, hence, appropriate for discovery. Plaintiff maintains it will suffer irreparable harm unless permitted to begin construction on the condemned easements by February 1, 2018. ECF # 6-1 at ¶ 24. The likelihood of that harm is undercut by the myriad of as-yet-unsatisfied preconstruction conditions imposed by the FERC certificate.

the entire length of the pipeline. Moreover, there is reason to doubt Plaintiff's ability to provide just compensation and to complete the construction of the Mountain Valley Pipeline based on a statement in its owner-operator EQT Midstream Partners, LP's Quarterly Report for the third quarter of 2017, which admitted that "[t]he MVP Joint Venture . . . has insufficient equity to finance its activities during the construction stage of the project." EQT Midstream Partners Form 10-Q, Filed Oct. 26, 2017 for the period ending Sept. 30, 2017 at 11.[6] Without sufficient equity to finance construction, Plaintiff cannot assure that it will be able to fairly compensate all affected condemnees or even complete the project. Without such assurance, Plaintiff cannot demonstrate its right to take property or take immediate possession.

If Plaintiff does not have the financial resources necessary to complete the entire pipeline, it may not take property from unwilling sellers.  Taking is permissible only when it is for "public use." U.S. Const., Amend. V. By definition, a project that cannot be completed is not in the public use. The ability to pay for a bond for individual properties is not, therefore, sufficient to allow the take. Moreover, the easement on an individual property has no utility independent of the entire project.  Thus, Defendants have the right to discover whether Plaintiff is sufficiently capitalized to build the entire pipeline.

Plaintiff's suggestion that Landowners' concerns about Plaintiff's "ability to finance the project or pay just compensation . . . will be addressed at the bond hearing" falls flat. ECF # 44 at 11. Plaintiff asserts that it has evidence to address this issue, but contends that the Landowners

---

[6] *Available at* http://app.quotemedia.com/data/downloadFiling?ref=11855003&type=PDF&symbol=EQM&companyName=EQT+Midstream+Partners+LP+representing+Limited+Partner+Interests&formType=10-Q&formDescription=Quarterly+report+with+a+continuing+view+of+a+company%27s+financial+position&dateFiled=2017-10-26 (last visited Nov. 15, 2017).

have no right to know what that evidence is until the hearing on Plaintiff's motion for partial summary judgment. That is wholly inconsistent with federal practice and procedure, which are intended to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). *See also Walker v. West Publishing Corp.*, Civ. No. 5:09-cv-00723, 2011 WL 3667613 at *3 (S.D. W. Va. Aug. 22, 2011) (holding that "the rules governing discovery were designed to prevent a trial by ambush"). Accordingly, Plaintiff's ability to pay for construction of the entire pipeline should be the subject of discovery before proceeding on Plaintiff's motion for partial summary judgment.

## II. Briefing on Plaintiff's Motion for Preliminary Injunction Should be Deferred.

Plaintiff's motion for preliminary injunction is premature for two reasons. First, because *Sage* requires that a condemnor obtain an order confirming its right to exercise eminent domain before it invokes the Court's equitable authority, and because Plaintiff's motion for summary judgment is premature as established above, Plaintiff's motion for preliminary injunction is necessarily premature. Second, because Plaintiff seeks a preliminary *mandatory* injunction, Plaintiff's motion for preliminary injunction is premature without discovery.

With regard to *Sage*, it is true that the Fourth Circuit endorsed a procedure in which a federal district court first issued an order confirming the pipeline developer's right to exercise eminent domain and then allowed early possession through a preliminary mandatory injunction. 361 F.3d at 823–24. The Fourth Circuit made clear, however, that a necessary condition precedent for the *equitable* relief of early possession was the determined *legal* right to condemnation. *Id.* at 828. *See also Transwestern Pipeline Co.*, 550 F.3d at 777–78 (requiring an order of condemnation before the issuance of an injunction allowing early possession). As the

Ninth Circuit has observed, "[t]his protection is particularly necessary when, as here, the landowners have challenged the validity of the FERC certificate itself in a separate proceeding." *Id.* As in *Transwestern Pipeline Co.*, Landowners Orus Ashby Berkley, Charles Chong, Rebecca Eneix-Chong, Elisabeth Tobey, and Ronald Tobey, among others, have formally submitted a request for rehearing to FERC pursuant to 15 U.S.C. § 717r(a)—a condition precedent to seeking judicial review—and have moved FERC to stay the certificate order pending rehearing. Ex. 3. Accordingly, to protect Landowners' due process rights, courts must strictly follow the procedure endorsed in *Sage. Transwestern Pipeline Co.*, 550 F.3d at 777–78.

The process endorsed in *Sage* was far more careful, deliberate, and sequential than the rush to judgment urged by Plaintiff. Although Plaintiff is correct that the pipeline developer in *Sage* filed its motions simultaneously with its complaint, the district court denied the pipeline developer's motion for an expedited ruling and did not hold a hearing on the pipeline developer's motions until more than four months after they were filed. Ex. 1 at 3, 4. When the district court finally ruled on the motions on May 8, 2003, it first issued an order determining that the pipeline developer had the right to exercise eminent domain, and did not issue an injunction allowing early possession until nearly one month later on June 6, 2003. *Sage*, 361 F.3d at 820. That is, the process endorsed in *Sage* was distinctly sequential, and a period of more than four weeks passed between the order confirming condemnation authority and the issuance of an injunction. *Id.* Thus, because Plaintiff's motion for partial summary judgment is premature for the reasons set forth above, its motion for preliminary injunction is incurably premature as well.

The second reason Plaintiffs' motion for preliminary injunction is premature is that Landowners are entitled to discovery before being forced to defend a request for a mandatory injunction. As set forth in Landowners' Reply to Plaintiffs' Response to Landowners'

Emergency Motion, Landowners (ECF # 28 at 3–4 & n.1) and in Landowners' Motion for Expedited Discovery (ECF # 29), discovery is needed before preliminary injunction briefing on issues including, but not limited to, the status of Plaintiff's satisfaction of the conditions in its certificate, Plaintiff's estimate of and basis for just compensation due to Landowners, and Plaintiffs' claimed irreparable injuries. Discovery is necessary here because Plaintiff requests a mandatory preliminary injunction, which does not merely "'preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.'" *Sage*, 361 F.3d at 828 (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)). As the Ninth Circuit has observed in a condemnation action under the NGA, mandatory injunctions of this type are "particularly disfavored in law." *Transwestern Pipeline Co.*, 550 F.3d at 776 (internal quotation marks omitted). *See also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (holding that mandatory preliminary injunctions should be denied "unless the law and facts clearly favor the moving party"). The Fourth Circuit has held that a party opposing an injunction must be given "an opportunity to oppose that is commensurate with the duration of the injunction." *Ciena Corp. v. Jarrard*, 203 F.3d 312, 320 (4th Cir. 2000). Here, Plaintiff seeks essentially permanent injunctive relief that alters the status quo by conveying real property rights and privileges that cannot simply be given back. Accordingly, Plaintiff's motion for preliminary injunction is premature until discovery is completed.

Without support, Plaintiff asserts in a footnote that discovery on its estimates of the value of the easements and its claimed irreparable harm is unnecessary. ECF # 44 at 8 n.5. Plaintiff suggests that Landowners should wait until an evidentiary hearing to cross-examine its harm declarant or to learn more about its proposed bond amounts. *Id.* at 8 n.5 & 11. Plaintiff would have this Court revert to the era before federal courts allowed ample and easy discovery. As

noted above, such a reversion defies the purpose of the Federal Rules of Civil Procedure to ensure a fair contest avoid trial by ambush. *Procter & Gamble*, 356 U.S. at 682; *Walker*, 2011 WL 3667613 at \*3; *see also Henley v. FMC Corp.*, 189 F.R.D. 340, 349 n.8 (S.D. W. Va. 1999) (noting that the discovery rules were adopted by the United States Supreme Court in 1938 to abolish trial by ambush). As a result, Plaintiff's efforts to establish the timeliness of its motion for preliminary injunction fall short.

## III.    Plaintiff Has Not Established A Need For An Expedited Hearing.

To support its assertion that it is entitled to an expedited hearing on its pending motions, Plaintiff relies on two NGA condemnation cases in which there was no opposition to the expedited relief sought. *See Columbia Gas Transmission, LLC v. 1.092 Acres of Land in Township of Woolwich*, Civ. No. 15-208 JBS/KMW, 2015 WL 389402 at \*2 n. 5 (D.N.J. Jan. 28, 2015) ("No one appeared in opposition to the injunctive relief sought."); *Rover Pipeline, LLC v. Rover Tract Nos. WV-MA-ML-024.000-ROW-T*, Civ. No. 5:17-cv-16, Doc. No. 46, Order Granting Rover Pipeline LLC's Motion for Partial Summary Judgment and Immediate Access and Possession of Easements to Be Condemned at 1 (N.D. W. Va. Mar. 3, 2017) ("No other parties [besides the pipeline developer] appeared.") (attached as Ex. 4). Those two cases hardly compel the conclusion that, in this hotly contested case, Plaintiff is entitled to an expedited hearing. Where expedited procedures are opposed, the court has the discretion to deny them. Indeed, as discussed above, the procedure approved by the Fourth Circuit in *Sage* included a denial by the district court of a motion for an expedited ruling on the motion for early possession, and a hearing was not held in that case until more than four months after the filing of the early possession motion. Ex. 1 at 2–4 (Motion for Order granting immediate possession filed December 4, 2002; Motion for expedited ruling on motion for possession filed January 22, 2003;

Order denying motion for expedited ruling on motion for possession entered February 11, 2003; Motion hearing on motion for order granting immediate possession held April 10, 2003).

Plaintiff's insistence that it needs an expedited hearing in this action to prevent delays masks the fact that Plaintiff is unlikely to adhere to its self-imposed schedule even absent land-acquisition issues. Plaintiff's conditional FERC Certificate includes a litany of conditions precedent to construction in Appendix C, including obtaining multiple regulatory approvals. ECF # 1-2 at 125–136. Plaintiff has presented no evidence, other than its unsupported optimism, that it will run the gauntlet of conditions in time to initiate construction under its self-imposed construction schedule. As of October 31, 2017, Plaintiff reported to FERC that had failed to complete 16 of the Appendix C conditions, including Condition 9, which requires it to obtain all federal regulatory authorizations before starting construction.[7] *See* State of Environmental Conditions (attached as Ex. 5).

Plaintiff argues that unless it completes tree clearing by March 31, 2018, "the MVP project may be delayed by up to an entire year." ECF # 44 at 16. Plaintiff further suggests that completion of reclamation activities will continue after the in-service date, and that a delay may jeopardize its ability to complete the project by the October 13, 2020 deadline. *Id.* at 16–17. That is a bit of hyperbole. Plaintiff acknowledges that there is a tree-clearing window authorized by the United States Fish and Wildlife Service ("USFWS") to protect certain species, but never

---

[7] Condition 9 requires Plaintiff to document that "it has received all applicable authorizations required under federal law" before it can receive written authorization from FERC to commence construction. ECF # 1-2 at 129. Those authorizations include certification from Virginia under Section 401 of the Federal Water Pollution Control Act (33 U.S.C. § 1341(a)); authorization from three districts of the United States Army Corps of Engineers for the disposal of dredged and/or fill material into waters of the United States (33 U.S.C. § 1344(a)); consultation under Section 106 of the National Historic Preservation Act, and authorization by the United States Forest Service for construction across the Jefferson National Forest (including a special use permit and condemnation agreement).

clearly defines that window for the Court. *Id.* From Plaintiff's Migratory Bird Conservation Plan, submitted to FERC in May 2017, it appears that the tree-clearing window will re-open on November 15, 2018. Ex. 6 at 6. Thus, if Plaintiff is unable to complete tree clearing by March 31, 2018, it can resume that activity by November 15, 2018. Based on Plaintiff's estimate of an in-service date of December 2018, Plaintiff could achieve an in-service date in September or October 2019 even if it had to wait until November 2018 to initiate tree clearing. That would allow Plaintiff a full year before the October 13, 2020 project completion deadline to complete the reclamation activities to which Plaintiff alludes in its November 22, 2017 Response. ECF # 44 at 17. Plaintiff does not explain why it is capable of installing a 303-mile-long pipeline across the Appalachian Mountains in one year, but would be unable to complete reclamation in a similar amount of time. Indeed, Plaintiff has told FERC that it can complete the entire project, including reclamation activities, by October 31, 2019. Ex. 7 at 2–3.[8] Even if there were a 9-month delay in tree-clearing, that would result in a completion date of approximately July 31, 2020, based on Plaintiff's FERC submission. Accordingly, Plaintiff's assertion that "[a]ny delay in granting MVP access to the properties to commence surveying and construction will impact MVP's ability to meet project deadlines" contradicts with Plaintiff has told FERC. ECF # 44 at 17. The only project deadline that is not self-imposed is FERC's project completion date of October 13, 2020. That deadline is not jeopardized by affording Landowners due process. As a result, Plaintiff is not facing the same kind of irreparable harm that the Fourth Circuit recognized in *Sage*, where delays threatened the pipeline developer's ability to meet a FERC deadline. 361 F.3d at 829.

---

[8] Exhibit 7 is the Gantt chart that Plaintiff submitted to FERC as part of its Implementation Plan on November 1, 2017, following the issuance of the conditional FERC Certificate.

Finally, Condition 28 of the FERC Certificate raises additional questions about Plaintiff's ability to meet its own self-imposed deadlines, even if granted an expedited schedule in this action. That condition provides that "Mountain Valley shall not begin construction of the proposed facilities **until** . . . all outstanding and required biological surveys for federally listed species are completed and filed with the Secretary." ECF # 1-2 at 133 (emphasis original). Construction includes tree-clearing activities. *See* FERC, Mountain Valley Project and Equitrans Expansion Project: *Final Environmental Impact Statement* at 2-35 to 2-37 (2017) (identifying "clearing and grading" as the second step in construction, and defining "clearing and grading" as the "remov[al] of trees, shrubs, roots, and large rocks from the construction work area");[9] Ex. 6 at 13 ("Construction of the proposed pipeline, associated facilities, and access roads involves clearing of forest and other vegetation."). *See also Rover Pipeline LLC*, 158 FERC ¶ 61,109 P 25 (Feb. 2, 2017) (including the tree clearing window as part of the construction of the project). Plaintiff's declarant in support of its motion for preliminary injunction concedes that additional surveys for protected species, including the bats protected by the tree-clearing window, need to be done on certain properties. ECF # 4-1 at ¶ 15. The property of Landowners Charles Chong and Rebecca Eneix-Chong is one such property. ECF # 4 at 2.[10] In July 2015, Plaintiff submitted a sworn affidavit to the United States District Court for the Southern District of West Virginia from its Senior Environmental Coordinator, who averred that surveys for Indiana bat habitat remained to be performed on the Chong property and that the USFWS restricted the timing of such a survey to June 1 through August 15. *Mountain Valley Pipeline, LLC v. Dosier*, Civ. No.

---

[9] *Available at* https://www.ferc.gov/industries/gas/enviro/eis/2017/06-23-17-FEIS/Final-Environmental-Impact-Statement.pdf.

[10] Landowners reiterate that the Chongs, among others, have voluntarily granted Plaintiff a license to perform the needed surveys. ECF # 42.

5:15-cv-03858, ECF # 50-1, Affidavit of Megan Neylon at 1 (S.D. W. Va. May 22, 2015) (attached as Exhibit 8). Condition 28 prohibits Plaintiff from commencing construction until all required biological surveys for protected species are complete; if the Indiana bat survey on the Chong property cannot be conducted until June 1, 2018, then it appears that Plaintiff cannot begin construction under its self-imposed schedule regardless of whether it obtains the expedited schedule that it seeks from this Court.

## CONCLUSION

For the foregoing reasons as well as those set out in Landowners' earlier filings, Landowners respectfully request that the Court defer briefing and hearings on Plaintiff's pending motions until Plaintiff perfects service of process on all defendants and discovery is completed.

Respectfully submitted,

/s/ Derek O. Teaney
DEREK O. TEANEY (W. Va. Bar No. 10223)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901
Phone: (304) 793-9007
Fax:    (304) 645-9008
Email: dteaney@appalmad.org
Counsel for Charles F. Chong & Rebecca Ann Eneix-Chong

/s/ Joseph M. Lovett
JOSEPH M. LOVETT (W. Va. Bar No. 6926)
Appalachian Mountain Advocates
415 7th St. NE
Charlottesville, VA 22902
Phone: (304) 520-2324
Email: jlovett@appalmad.org
Counsel for Charles F. Chong & Rebecca Ann Eneix-Chong

/s/ Isak Howell
ISAK HOWELL (W. Va. Bar No. 11558)
119 Norfolk Ave. SW # 330

Roanoke, VA 24011
Phone: (540) 998-7744
Email:  isak@howell-lawoffice.com
*Counsel for Orus Ashby Berkley, Reinhard Bouman,*
*Ashofteh Bouman, Charles F. Chong, Rebecca Ann*
*Eneix-Chong, Hilry Gordon, Robert M. Jarrell,*
*Ronald Tobey, Elizabeth Tobey, Brian Van*
*Nostrand, and Helen M. Van Nostrand*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        Civil Action No. 2:17-cv-4214 |
| | ) |
| AN EASEMENT TO CONSTRUCT, | ) |
| OPERATE AND MAINTAIN A 42-INCH | ) |
| GAS TRANSMISSION LINE ACROSS | ) |
| PROPERTIES IN THE COUNTIES OF | ) |
| NICHOLAS, GREENBRIER, MONROE, | ) |
| SUMMERS, BRAXTON, HARRISON, | ) |
| LEWIS, WEBSTER, AND WETZEL, WEST | ) |
| VIRGINIA, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## Certificate of Service

I hereby certify that, on December 1, 2017, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following counsel of record:

Nicolle S. Bagnell
REED SMITH
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
nbagnell@reedsmith.com
*Counsel for Plaintiff*

Wayne S. Stonestreet
Katz Kantor & Perkins
P.O. Box 727
Bluefield, WV 24701
wstonestreet@kksblaw.com
 *Counsel for Lacy H. Toney*

Nicholas Preservati
Spilman Thomas & Battle
P.O. Box 273
Charleston, WV 25321
npreservati@spilmanlaw.com
*Counsel for ICG Eastern, LLC*

Patrick C. Timony
Kenneth E. Webb Jr.
Bowles Rice
P.O. Box 1386
Charleston, WV 25325
ptimony@bowlesrice.com
*Counsel for Kincheloe Mitigation Holdings, LLC*

Thomas H. Ewing
Kay Casto & Chaney
P.O. Box 2031
Charleston, WV 25327
tewing@kaycasto.com
*Counsel for Paco Land, Inc.*

C. Joseph Stevens
William J. Stevens II
The Law Firm of C. Joseph Stevens
P.O. Box 635
Hamlin, WV 25523
joe@jstevenslaw.com
Jackie@jstevenslaw.com
*Counsel for Adam L. Matheny, Addison Dunlap Dobbs, Arthur C. Roberts, Bonnie K. Barberie, Bonnie Larew Walsh, Brent Fairbanks, Carl E. Mann, Carla D. Fountain, Chloda Crosier, Clarence Frank Sills, Jr., Cynthia A. Broyles Morris, David Fairbanks, David Allen Johnson, Dennis F. Fountain, Donald E. Mann, Edward Charles Smith, II, Everett Johnson, Jr., Gladys Larew Carter, Glenn D. Matheny, II, Hannah G. Mann, James O. Gore, James Tully Larew, Janet Larew Haag, Jean M. Mann, Jeremy Collins, John White, II, Joyce A. Reese, Judy D. Roberts, Kelley Anne Sandell Sills, Larry W. Mann, Lee Filmore Dobbs, III, Lisa B. Meadows, Lucy G. Booth, Marjorie Boothe, Maury W. Johnson, Melanie J. Miller, Nancy L. Phillips, Norvel P. Mann, Oscar D. Darago, Patricia J. Williams, Petrie Dobbs Brown, Rebecca H. Crabtree, Rodger L. Boothe, Roger D. Crabtree, Roy P. Reese, Thomas B. Mann, Travis Eastham, Virginia B. Broyles, Wayne Johnson, William Townsend Bright, William S. Broyles, William H. Mann, Zane R. Lawhorn, Cheryl L. Boone, and Kerry N. Boone*

W. Howard Sammons, II
The Law Office of Howard Sammons II
206 Capitol Street, Suite 1
Charleston, WV
howard@sammonslawfirmwv.com
*Counsel for Gregory L. Berry*

Charles Malcolm Lollar, Jr.
Lollar Law
109 East Main Street
Norfolk, VA 23510
chip@lollarlaw.com
*Counsel for Adam L. Matheny, Addison Dunlap Dobbs, Arthur C. Roberts, Barry G. Meadows, Bonnie K. Barberie, Bonnie Larew Walsh, Brent Fairbanks, Carl E. Mann, Carla D. Fountain, Chloda Crosier, Clarence Frank Sills, Jr., Cynthia A. Broyles Morris, David Fairbanks, David Allen Johnson, Dennis F. Fountain, Donald E. Mann, Edward Charles Smith, II, Everett Johnson, Jr., Gladys Larew Carter, Glenn D. Matheny, II, Hannah G. Mann, Harry L. Mann, James O. Gore, James Tully Larew, Janet Larew Haag, Jean M. Mann, Jeremy Collins, John White, II, Joyce A. Reese, Judy D. Roberts, Kelley Anne Sandell Sills, Larry W. Mann, Lee Filmore Dobbs, III, Lisa B. Meadows, Lucy G. Booth, Marjorie Boothe, Maury W. Johnson, Melanie J. Miller, Nancy L. Phillips, Norvel P. Mann, Oscar D. Darago, Patricia J. Williams, Petrie Dobbs Brown, Rebecca H. Crabtree, Rodger L. Boothe, Roger D. Crabtree, Roy P. Reese, Thomas B. Mann, Travis Eastham, Virginia B. Broyles, Wayne Johnson, William Townsend Bright, William S. Broyles, William H. Mann, Zane R. Lawhorn, Cheryl L. Boone, and Kerry N. Boone*

///

///

///

Countey Anne Kirtley
Kay Casto & Chaney
103 Fayette Ave.
Fayetteville, WV 25840
ckirtley@kaycasto.com
*Counsel for Paco Land, Inc.*

Anna Ziegler
David Ziegler
Elise Keaton
Ziegler & Ziegler
110 James Street
Hinton, WV 25951
anna.ziegler@zieglerandziegler.com
*Counsel for Anne M. Berkley, Elora C.*
*McKenzie, James Robert Persinger,*
*Landcey Ragland, Lillian Sue Persinger,*
*Monte G. McKenzie, and Richard Berkley*

 /s/ Derek Teaney
Derek Teaney (W. Va. Bar No. 10223)