IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                                         ) | Civil Action No. 2:17-cv-4214 |
| ) | |
| AN EASEMENT TO CONSTRUCT, ) | |
| OPERATE AND MAINTAIN A 42-INCH ) | |
| GAS TRANSMISSION LINE ACROSS ) | |
| PROPERTIES IN THE COUNTIES OF ) | |
| NICHOLAS, GREENBRIER, MONROE, ) | |
| SUMMERS, BRAXTON, HARRISON, ) | |
| LEWIS, WEBSTER, AND WETZEL, WEST ) | |
| VIRGINIA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**LANDOWNERS' MOTION FOR RECONSIDERATION OF AND/OR
CLARIFICATION OF THE COURT'S DECEMBER 15, 2017 ORDER**

Defendants Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Tammy Capaldo, Robert M. Jarrell, Allen Walter Lehr, Jeffrey D. Osborne, Kiranasa Swami, Ronald Tobey, and Elizabeth Tobey (collectively, "Landowners"), by counsel, hereby respectfully submit this motion for reconsideration and clarification of the Court's December 15, 2017 Order (ECF # 109) (hereinafter "Discovery/Briefing Order.") Landowners recognize that motions for reconsideration should be "'rare,'" and do not submit this motion lightly. *Mt. Hawley Ins. Co. v. Felman Production, Inc.*, Civ. No. 3:09-cv-00481, 2010 WL 1404107 at *2–*3 (S.D. W. Va. Mar. 30, 2010) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Landowners respectfully submit that the extraordinary nature of the relief sought by Plaintiff, the fundamental nature of the property rights at stake in this action, and problematic aspects of the Discovery/Briefing Order justify seeking reconsideration of and/or

clarification of that Order. Moreover, Landowners file this motion because, as discussed below, the Parties could benefit from clarification of the Discovery/Briefing Order based on conflicting interpretations of the Court's expectations for the "supplemental 'five-topic' briefing." In support of this motion, Landowners assert the following:

The Court's Discovery/Briefing Order implicitly grants Landowners' Motion for Expedited Discovery in part and denies it in part. It grants it to the extent that it allows discovery, but denies it to the extent that it requires briefing prior to the conclusion of discovery.

Landowners understood Plaintiff to take the position at the hearing that they opposed expedited discovery entirely as unnecessary, but that if it were ordered, the Court should set out an order consistent with the order of the United States District Court for the Western District of Virginia (ECF # 102-1) (hereinafter, "Virginia Order"). The Virginia Order established the following deadlines:

1. All discovery requests by any party relevant to plaintiff's motion for partial summary judgment and immediate possession shall be served on or before December 15, 2017. Copies of all discovery requests shall be filed with the court. The court encourages defendants to coordinate their efforts, so as to avoid duplicate requests.

2. Objections to any discovery shall be served on or before December 22, 2017. Copies of all objections shall be filed with the court.

3. Not later than noon on December 27, 2017, the parties shall file a list of any remaining, disputed discovery. Prior to filing their lists, the parties must confer and attempt to resolve any disputes in good faith. Although each party may file its own list, the parties are encouraged to file joint lists to the extent possible.

4. At the December 28, 2017 hearing, the court will hear argument on the discovery disputes that were identified and filed by noon on December 27, 2017.

5. Thereafter, responses to agreed-upon discovery or discovery ordered by the court will be served on or before January 5, 2018. These responses should **not** be filed with the court.

2

  6.  MVP shall also make Mr. Cooper available to defendants for a deposition not later than <u>January 9, 2018</u>. If the parties believe that any other deposition is necessary, they may conduct it by agreement or with permission of the court.

ECF # 102-1 at 6–7 (emphasis added). The Discovery/Briefing Order establishes a schedule that is inconsistent with the Virginia Order, places additional burdens on the parties, and generates the potential for disputes and the necessity of additional intervention by the Court.

  First, the Discovery/Briefing Order sets December 29, 2017, as the deadline for the close of discovery. Landowners interpret that to mean that all discovery responses must be provided by that date, based on the further requirement that defendants provide additional "five-topic" briefing on January 3, 2018.[1] Closing discovery (with the exception of the Cooper Deposition) on December 29, 2017, is problematic for multiple reasons. First, because the Discovery/Briefing Order sets no date by which discovery requests must be made, it prematurely forces many parties to submit discovery requests and/or provides the parties inadequate time to respond to them. Landowners emphasize that at the time the Court issued the Discovery/Briefing Order, **there were no pending discovery requests submitted by any party**. Landowners had not submitted any such requests because Rule 26 does not allow discovery to be conducted until after the Rule 26(f) conference, in the absence of a court order. Although

---

[1] An alternative interpretation of the deadlines in the Discovery/Briefing Order is that December 29, 2017, is the deadline for the submission of discovery requests, and that the "five-topic" briefing is not substantive briefing, but rather is briefing on discovery disputes. Counsel for Plaintiff has represented to counsel for Landowners that Plaintiff interprets the "five-topic" briefing to be for the purpose of addressing discovery disputes. Such an interpretation is undercut by the fact that there is no other substantive briefing allowed by the schedule <u>after</u> the discovery closing date to allow the parties to address evidence revealed in discovery. Landowners respectfully request that the Court clarify (1) what it intends for the Parties to address in their "five-topic" briefing and (2) by what date discovery requests should be submitted.

3

Landowners submitted requests on December 15, 2017,[2] at the conference on December 14, 2017, multiple defendants expressed concerns about the timing of a deadline for the submission of requests. With a discovery completion date of December 29, 2017, there is undue tension between allowing a reasonable time for the submission of requests and allowing a reasonable time for responding to requests.

The second problem with closing discovery on December 29, 2017, is that it does not allow time for the parties to resolve objections or other discovery disputes. The Discovery/Briefing Order does not provide clear guidance on what discovery the Court will allow. Absent such guidance, and confronted with such a tight timeframe, unresolved discovery disputes at the close of discovery are inevitable.

The third problem with closing discovery on December 29, 2017, stems from its interplay with two other deadlines in the Discovery/Briefing Order. Responses to Plaintiff's survey motion (ECF # 4) are required by December 27, 2017, and responses to Plaintiff's immediate possession motion (ECF # 6) are due on December 29, 2017. Requiring discovery responses to be complete by December 29, 2017 places defendants in the untenable position of simultaneously responding to serious substantive motions and responding to any discovery requests propounded by Plaintiff (if Plaintiff were to interpret the Discovery/Briefing Order to allow Plaintiff to make discovery requests)—all during the Christmas holiday.

The Discovery/Briefing Order's briefing deadlines on the motions for condemnation and immediate possession are equally problematic. Requiring defendants to respond to the motion for immediate possession (ECF # 6) on December 29, 2017 requires them to do so without the

---

[2] Landowners did so out of an abundance of caution, and had the ability to do so because of their Counsel's readiness to comply with the Virginia Order—an advantage that not all defendants share.

benefit of discovery. Landowners' reiterate that briefing a motion for summary judgment and a motion for a mandatory preliminary injunction without the benefit of discovery is extremely disfavored under the Federal Rules of Civil Procedure and the precedent cited in Landowners' previous briefing. It prejudices defendants' ability to present a full-throated defense to the taking of their private property by a private enterprise. Due process requires more.

Allowing supplemental briefing after discovery closes in the form contemplated by the Discovery/Briefing Order does not remedy the prejudice to defendants. Under the Discovery/Briefing Order, supplemental "five-topic" briefing—which Landowners interpret to be briefing based on evidence produced during discovery—is required on Wednesday January 3, 2018—the second business day after the close of discovery. As noted above, because of the possibility of unresolved discovery disputes at the close of discovery, it is unlikely that the full universe of discoverable facts will be known to the parties on January 3, 2018. Moreover, to the extent that documents are produced, two business days is insufficient time to review the discovered materials and answers to interrogatories and compose useful briefing. The prejudice to defendants is compounded by the fact that the deposition of Robert J. Cooper will not occur until six days after defendants' supplemental "five-topic" briefing is due. In other words, defendants will not have the benefit of the Cooper Deposition before the deadline for the final brief allowed by the Discovery/Briefing Order. Two rounds of briefing on Plaintiff's motion for immediate possession will occur, but both will precede the Cooper Deposition.

Furthermore, as noted above, the Parties have reached divergent conclusions as to what the Discovery/Briefing Order's requirement for "supplemental 'five-topic' briefing" means. Landowners interpret such briefing to be substantive briefing on Plaintiff's motion for immediate possession based on materials obtained during discovery. Counsel for Plaintiff has expressed to

counsel for Landowners that Plaintiff interprets the "five-topic" briefing to be an opportunity to address discovery disputes. Clarification of the Court's expectation for the five-topic briefing would assist the Parties as the case moves forward.

For those reasons, Landowners respectfully request that the court reconsider and/or clarify its Discovery/Briefing Order. To that end, Landowners respectfully request that the Court adopt a schedule that parallels the Virginia Order, which could include the following deadlines.

| Date | | Event |
|---|---|---|
| December 19, 2017 | – | Parties submit proposed discovery requests to the Court. |
| December 22, 2017 | – | Parties file any objections to proposed discovery requests to the Court. |
| December 27, 2017 | – | By noon, the Parties file with the Court a list of discovery disputes that remain after the parties confer to resolve asserted disputes. |
| December 27, 2017 | – | Defendants file response to motion on surveying (ECF # 4). |
| December 29, 2017 | – | The Court or the Magistrate Judge resolves outstanding discovery disputes. |
| January 3, 2018 | – | Plaintiff files reply in support of motion on surveying (ECF # 4). |
| January 5, 2018 | – | Deadline for discovery responses on agreed and court-ordered discovery. |
| January 9, 2018 | – | Deposition of Robert J. Cooper. |
| January 17, 2018[3] | – | Defendants file response to dispositive motion on condemnation and immediate possession (ECF # 6). |
| January 24, 2018 | – | Plaintiff files reply in support of dispositive motion on condemnation and immediate possession (ECF # 6). |

---

[3] This proposed deadline accounts for the hearing set in the Virginia action on January 12, 2018, as well as the federal holiday on January 15, 2018.

6

Under that proposed schedule, discovery and briefing would be complete just two weeks after the date it would be complete under the schedule set out in the Discovery/Briefing Order.

                                  Respectfully submitted,

**/s/ Derek O. Teaney**
DEREK O. TEANEY (W. Va. Bar No. 10223)
Appalachian Mountain Advocates
PO Box 507
Lewisburg, WV 24901
Phone: (304) 793-9007
Fax:    (304) 645-9008
Email: dteaney@appalmad.org
*Counsel for Orus Ashby Berkley, Tammy Capaldo, Robert M. Jarrell, Ronald Tobey, and Elizabeth Tobey.*

**/s/ Joseph M. Lovett**
JOSEPH M. LOVETT (W. Va. Bar No. 6926)
Appalachian Mountain Advocates
415 7th St. NE
Charlottesville, VA 22902
Phone: (304) 520-2324
Email: jlovett@appalmad.org
*Counsel for Orus Ashby Berkley, Tammy Capaldo, Robert M. Jarrell, Ronald Tobey, and Elizabeth Tobey.*

**/s/ Isak Howell**
ISAK HOWELL (W. Va. Bar No. 11558)
119 Norfolk Ave. SW # 330
Roanoke, VA 24011
Phone: (540) 998-7744
Email: isak@howell-lawoffice.com
*Counsel for Orus Ashby Berkley, Reinhard Bouman, Ashofteh Bouman, Tammy Capaldo, Robert M. Jarrell, Allan Walter Lehr, Jeffrey D. Osborne, Kiranasa Swami, Ronald Tobey, and Elizabeth Tobey.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:17-cv-4214 |
| ) | |
| AN EASEMENT TO CONSTRUCT, ) | |
| OPERATE AND MAINTAIN A 42-INCH ) | |
| GAS TRANSMISSION LINE ACROSS ) | |
| PROPERTIES IN THE COUNTIES OF ) | |
| NICHOLAS, GREENBRIER, MONROE, ) | |
| SUMMERS, BRAXTON, HARRISON, ) | |
| LEWIS, WEBSTER, AND WETZEL, WEST ) | |
| VIRGINIA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## Certificate of Service

I hereby certify that, on December 18, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Nicolle S. Bagnell
REED SMITH
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
nbagnell@reedsmith.com
*Counsel for Plaintiff*

Nicholas Preservati
Spilman Thomas & Battle
P.O. Box 273
Charleston, WV 25321
npreservati@spilmanlaw.com
*Counsel for ICG Eastern, LLC*

Wayne S. Stonestreet
Katz Kantor & Perkins
P.O. Box 727
Bluefield, WV 24701
wstonestreet@kksblaw.com
*Counsel for Lacy H. Toney*

Patrick C. Timony
Kenneth E. Webb Jr.
Bowles Rice
P.O. Box 1386
Charleston, WV 25325
ptimony@bowlesrice.com
*Counsel for Kincheloe Mitigation Holdings, LLC*

Thomas H. Ewing
Kay Casto & Chaney
P.O. Box 2031
Charleston, WV 25327
tewing@kaycasto.com
*Counsel for Paco Land, Inc.*

C. Joseph Stevens
William J. Stevens II
The Law Firm of C. Joseph Stevens
P.O. Box 635
Hamlin, WV 25523
joe@jstevenslaw.com
Jackie@jstevenslaw.com
*Counsel for Adam L. Matheny, Addison Dunlap Dobbs, Arthur C. Roberts, Bonnie K. Barberie, Bonnie Larew Walsh, Brent Fairbanks, Carl E. Mann, Carla D. Fountain, Chloda Crosier, Clarence Frank Sills, Jr., Cynthia A. Broyles Morris, David Fairbanks, David Allen Johnson, Dennis F. Fountain, Donald E. Mann, Edward Charles Smith, II, Everett Johnson, Jr., Gladys Larew Carter, Glenn D. Matheny, II, Hannah G. Mann, James O. Gore, James Tully Larew, Janet Larew Haag, Jean M. Mann, Jeremy Collins, John White, II, Joyce A. Reese, Judy D. Roberts, Kelley Anne Sandell Sills, Larry W. Mann, Lee Filmore Dobbs, III, Lisa B. Meadows, Lucy G. Booth, Marjorie Boothe, Maury W. Johnson, Melanie J. Miller, Nancy L. Phillips, Norvel P. Mann, Oscar D. Darago, Patricia J. Williams, Petrie Dobbs Brown, Rebecca H. Crabtree, Rodger L. Boothe, Roger D. Crabtree, Roy P. Reese, Thomas B. Mann, Travis Eastham, Virginia B. Broyles, Wayne Johnson, William Townsend Bright, William S. Broyles, William H. Mann, Zane R. Lawhorn, Cheryl L. Boone, and Kerry N. Boone*

W. Howard Sammons, II
The Law Office of Howard Sammons II
206 Capitol Street, Suite 1
Charleston, WV
howard@sammonslawfirmwv.com
*Counsel for Gregory L. Berry*

Charles Malcolm Lollar, Jr.
Lollar Law
109 East Main Street
Norfolk, VA 23510
chip@lollarlaw.com
*Counsel for Adam L. Matheny, Addison Dunlap Dobbs, Arthur C. Roberts, Barry G. Meadows, Bonnie K. Barberie, Bonnie Larew Walsh, Brent Fairbanks, Carl E. Mann, Carla D. Fountain, Chloda Crosier, Clarence Frank Sills, Jr., Cynthia A. Broyles Morris, David Fairbanks, David Allen Johnson, Dennis F. Fountain, Donald E. Mann, Edward Charles Smith, II, Everett Johnson, Jr., Gladys Larew Carter, Glenn D. Matheny, II, Hannah G. Mann, Harry L. Mann, James O. Gore, James Tully Larew, Janet Larew Haag, Jean M. Mann, Jeremy Collins, John White, II, Joyce A. Reese, Judy D. Roberts, Kelley Anne Sandell Sills, Larry W. Mann, Lee Filmore Dobbs, III, Lisa B. Meadows, Lucy G. Booth, Marjorie Boothe, Maury W. Johnson, Melanie J. Miller, Nancy L. Phillips, Norvel P. Mann, Oscar D. Darago, Patricia J. Williams, Petrie Dobbs Brown, Rebecca H. Crabtree, Rodger L. Boothe, Roger D. Crabtree, Roy P. Reese, Thomas B. Mann, Travis Eastham, Virginia B. Broyles, Wayne Johnson, William Townsend Bright, William S. Broyles, William H. Mann, Zane R. Lawhorn, Cheryl L. Boone, and Kerry N. Boone*

///

///

///

| | |
|---|---|
| Countey Anne Kirtley<br>Kay Casto & Chaney<br>103 Fayette Ave.<br>Fayetteville, WV 25840<br>ckirtley@kaycasto.com<br>*Counsel for Paco Land, Inc.* | Anna Ziegler<br>David Ziegler<br>Elise Keaton<br>Ziegler & Ziegler<br>110 James Street<br>Hinton, WV 25951<br>anna.ziegler@zieglerandziegler.com<br>*Counsel for Anne M. Berkley, Elora C. McKenzie, James Robert Persinger, Landcey Ragland, Lillian Sue Persinger, Monte G. McKenzie, and Richard Berkley* |

 /s/ Derek Teaney
Derek Teaney (W. Va. Bar No. 10223)