UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MOUNTAIN VALLEY PIPELINE, L.L.C.**
        Plaintiff,

v.                                                                      **CIVIL ACTION NO. 2:17-cv-4214**

**AN EASEMENT TO CONSTRUCT,
OPERATE AND MAINTAIN A 42-INCH
GAS TRANSMISSION LINE ACROSS
PROPERTIES IN THE COUNTIES OF
NICHOLAS, GREENBRIER, MONROE,
SUMMERS, BRAXTON, HARRISON,
LEWIS, WEBSTER** and **WETZEL,
WEST VIRGINIA, et al.**
        Defendants.


**MOTION OF WARRIOR ENERGY RESOURCES, LLC, TO
INTERVENE PURSUANT TO _FED.R.CIV.P. 24_ AND _71.1_**

Now comes Intervenor Warrior Energy Resources, LLC ("Warrior"), and files this
Motion to Intervene as a party defendant as authorized by _Fed.R.Civ.P. 24_ and _71.1_.
Plaintiff is Mountain Valley Pipeline, L.L.C. ("MVP").  Defendants are 189 landowners
who are all owners of property ostensibly situated in the Southern District of West
Virginia, which property plaintiff seeks to condemn pursuant to the _Natural Gas Act_, 15
U.S. Code §§ 717-717(z), in order to construct and operate a multi-state, interstream
natural gas pipeline.  Intervenor's motion is timely, _see NAACP v. New York,_ 413 U.S.
345, 365 (1973).  Although Intervenor learned of the suit on October 24, 2017, up until
early December 2017, it has been, through undersigned counsel, in negotiations with
MVP regarding compensation for portions of the coal estate, which it has under lease

from landowner Rex Coal Land Company ("Rex"), pursuant to a lease agreement dated November 1, 2011, of record by Memorandum of Lease in the Office of the Clerk of the County Commission of Greenbrier County, West Virginia, in Lease Book 568, at page 528.   Warrior has filed this Motion to Intervene following notice from MVP's counsel that it would not negotiate regarding the sterilized coal.

Intervenor has a right to intervene in this suit under *Fed.R.Civ.P. 71.1(c)(3)*, which provides:

> "when the action commences, the plaintiff need join as defendants, only those persons who have or claim an interest in property and whose names are then known, but before any hearing on compensation, the plaintiff must add as defendants all of those persons who have or claim interest and whose names have become or can be found by reasonably diligent search of the records considering both the property's character and value of the interest to be acquired." *Id.*

Intervenor also has the right to intervene in this suit under *Fed.R.Civ.P. 24(a)(2)* because it has a direct, substantial and legally protectable interest in the subject matter of the suit, *United States v. Albert Investment Company, Inc.,* 585 F.3d 1386, 1397-98 (10th Cir. 2009), *John Doe #1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001).[1]

Moreover, there is a substantial risk that Intervenor's ability to protect its interest may be impaired without said intervention. *United States v. Albert Investment Company, Inc.,* 585 F.3d 1398, 39.   The present parties in the suit may not adequately represent Intervenor's interests. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972) Footnote 10.   Although landowner Rex's interests are not adverse to Warrior's interests, they represent only a portion of the ownership of the affected coal estate necessitating

---

[1] In Rex's Answer filed on Monday, December 11, 2017, Rex avers that Warrior owns a leasehold interest in the coal estate, which will be effectively taken by the requested easement sought by plaintiff and identifies Warrior as having a claim or interest in the property sought to be condemned. (*See* **Exhibit A**.)

the intervention of Warrior.  Warrior's proposed Answer in intervention is attached with this Motion. (*See* **Exhibit B**.)

For all of the aforesaid reasons, Intervenor Warrior asks the Court to grant its Motion to Intervene as a party defendant.

**WARRIOR ENERGY RESOURCES, LLC,**

By Counsel,

/s/ Howard M. Persinger, III
**HOWARD M. PERSINGER, III**
*(WV Bar ID# 6943)*
Persinger & Persinger, L.C.
237 Capitol Street
Charleston, WV 25301
Phone:  304-346-9333
Fax:  304-346-9337
hmp3@persingerlaw.com
*Counsel for Warrior Energy Resources, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of December, 2017, **"*MOTION OF WARRIOR ENERGY RESOURCES, LLC, TO INTERVENE PURSUANT TO FED.R.CIV.P. 24* AND *71.1*"** was served upon counsel of record by the CM/ECF System, which will notify the following CM/ECP participants:

> Nicolle R. Snyder Bagnell *(WV Bar No. 11081)*
> Lucas Liben *(WV Bar No. 11832)*
> Reed Smith, LLP
> Reed Smith Centre
> 225 Fifth Avenue
> Pittsburgh, PA  15222

> By: *s/ Howard M. Persinger, III*
> **HOWARD M. PERSINGER, III**
> (WV Bar No.: 6943)
> Persinger & Persinger, L.C.
> 237 Capitol Street
> Charleston, WV 25301
> Telephone: 304-346-9333
> Fax: 304-346-9337
> Email: hmp3@persingerlaw.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**MOUNTAIN VALLEY PIPELINE, L.L.C.**
    Plaintiff,

v.

                                **CIVIL ACTION NO. 2:17-cv-4214**

**AN EASEMENT TO CONSTRUCT,
OPERATE AND MAINTAIN A 42-INCH
GAS TRANSMISSION LINE ACROSS
PROPERTIES IN THE COUNTIES OF
NICHOLAS, GREENBRIER, MONROE,
SUMMERS, BRAXTON, HARRISON,
LEWIS, WEBSTER and WETZEL,
WEST VIRGINIA, et al.**
    Defendants.

## REX COAL LAND COMPANY'S ANSWER TO COMPLAINT

In response to the allegations contained in plaintiff's Complaint and pursuant to *Fed.R.Civ.P. 12* and *71.1*, Rex Coal Land Company ("Rex"), through its counsel Howard M. Persinger, III and Persinger & Persinger, L.C., hereby responds as follows:

### *FEDERAL RULES OF CIVIL PROCEDURE 71.1(e)(2)(A) & (B)* STATEMENTS

As required by *Fed.R.Civ.P. 71.1(e)(2)(A)* and *(B)*, Rex hereby identifies the real property in which it claims an interest to be that property described in Exhibit A of the Complaint or Tax Map No.: 11-39-7. Rex identifies its ownership in said parcel as fee simple. Warrior Energy Resources, LLC ("Warrior") has a leasehold interest in the coal situated on the property described in Exhibit A pursuant to a Lease Agreement with Rex dated November 1, 2011 and amended on October 20, 2014. Some of the aforesaid

1



coal will be sterilized by the condemnation and taking sought in the Complaint.  As such, Warrior, who has not been made a party to this action by plaintiff, is an indispensable party to this action required to be joined under *Fed.R.Civ.P. 19*.

## RESPONSES AND OBJECTIONS

### RESPONSES TO UNNUMBERED INTRODUCTORY PARAGRAPHS

In response to the unnumbered introductory paragraphs at the beginning of the Complaint, Rex admits that the Federal Energy Regulatory Commission ("FERC") did issue an Order dated October 13, 2017, related to the MVP Project (Order is attached to the Complaint as Exhibit B), which speaks for itself and requires no response from Rex. The Order, however, has been challenged by various motions for reconsideration filed by various parties and also remains subject to appeal.  Moreover, the Order, by its terms is subject to conditions including, but not limited to, the securing by plaintiff of several permits necessary to construct the pipeline.   Rex admits that it is a landowner identified on Exhibit A attached to the Complaint.  Rex is without knowledge or information sufficient to form a belief as to the truth of the remaining introductory allegations as they relate to Rex and/or other defendant landowners.

### RESPONSES TO ENUMERATED PARAGRAPHS

#### Jurisdiction And Venue

1.     Rex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2.      Rex admits that it is the owner of property interest at issue in this case which exceeds Three Thousand Dollars ($3,000.00) in value.  Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendant landowners in this matter contained in paragraph 2 of the Complaint.

3.      Rex admits that some of the property, including the property owned by Rex, identified on the maps attached to the copy of the Complaint it received is located within the southern district of West Virginia, however, it appears that at least one parcel which plaintiff seeks to condemn in this action is located within the Northern District of West Virginia.  Rex lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 3 of the Complaint as they relate to other defendants and properties and therefore denies the same and demands strict proof thereof.

### Authority To Condemn

4.      Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same and demands strict proof thereof.

5.      The FERC certificate referred to in paragraph 5 of the Complaint and attached thereto as Exhibit B speaks for itself.

6.      Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same and demands strict proof thereof.

3

7.      Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same and demands strict proof thereof.

8.      In response to paragraph 8 of the Complaint, Rex admits that plaintiff has made an offer to Rex to acquire a surface easement and right-of-way across the surface of Rex's property.  However, the offer reflects only the value of Rex's surface property which will be condemned and taken by the easement sought by plaintiff. Rex affirmatively avers that the requested easement will also necessarily sterilize portions of Rex's valuable coal reserves underlying the subject surface property (effectively condemning and taking same), which are also owned by Rex and under lease to Warrior, which has applied for necessary permits for mining and removal of the same. Both Rex and Warrior have already made significant investments toward the development and mining of the sterilized coal.   Rex's consulting engineer has completed an analysis under which it was determined that 59,500 tons will be sterilized as at result of the easement.  This report was provided to plaintiff in August of 2016, at plaintiff's request and as part of a good faith effort to negotiate compensation for the sterilized coal.   Although initially indicating it would do so, plaintiff, however, has steadfastly refused to negotiate or make any offers with respect to the value of the sterilized coal, despite Rex's repeated request that it do so. Accordingly, plaintiff's offer to Rex is unreasonable and not made in good faith. Rex further admits that plaintiff has not acquired rights to Rex's property.  Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other landowners

contained in paragraph 8 of the Complaint and therefore denies the same and demands strict proof thereof.

9.     In response to the allegations contained in paragraph 9 of the Complaint, Rex avers that said allegations constitute legal conclusions which require no response. To the extent that such response is required, Rex denies the same.

## The Easements To Be Taken

10.     In response to paragraph 10 of the Complaint, Rex objects to plaintiff's condemnation of any easement or right of way across its property as shown (approximately) on the plat attached as Exhibit C to the Complaint.   Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other land owners or their properties.

11.     In response to paragraph 11 of the Complaint, Rex objects to plaintiff's condemnation of any easement or right of way across its property as shown (approximately) on the plat attached as Exhibit C to the Complaint.   Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other land owners or their properties.   Rex did not receive copies of all the maps of all of the properties involved in this action when it was served with process and therefore lacks knowledge or information sufficient to form a belief as to the truth regarding what may be included on maps or plats or whether it is necessary to take all rights and interests sought by plaintiff.   Rex lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations with respect to the other landowners and/or their properties.

12.     In response to paragraph 12 of the Complaint, Rex objects to plaintiff's condemnation of any easement or right of way across its property as shown on the plat attached as Exhibit C to the Complaint.  Rex further objects in that the map contains insufficient detail to show the exact route of the proposed pipeline across Rex's property.  Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other landowners or their properties, and therefore denies the same and demands strict proof thereof.

13.     Rex admits that it is identified on Exhibit A of the Complaint.  Rex is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.

14.     Rex lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

Rex denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES AND OBJECTIONS

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Rex asserts and reserves the following as affirmative defenses pursuant to *Fed.R.Civ.P. 8(c)(1)* and *71.1(e)(3)* so as to avoid waiver should the same be shown to be applicable during the course of this action:  Estoppel, Failure of Consideration, Fraud, Illegality, Laches, Pre-emption, *Res Judicata*, Statute of Limitations, Waiver, Arbitration and Award, Payment and Release, Statute of Frauds, Unclean Hands, and any and all other matters constituting affirmative defenses which may become apparent through the course of discovery.

3. The Complaint must be dismissed because plaintiff has failed to name indispensable parties, namely Rex's coal lessee, Warrior, who claims an interest in the subject property within the meaning of *Fed.R.Civ.P. 19* and *71.1(c)(3)*.

4. The Complaint must be dismissed because it fails to properly identify the property to be condemned and taken from Rex pursuant to *Fed.R.Civ.P. 71.1(c)(2)* in that it does not identify the coal estate portions of which will be sterilized and effectively condemned and taken by the proposed pipeline.

5. The requested taking of easements alleged in the Complaint is predicated upon contingencies and conditions as set forth in the FERC Certificate attached as Exhibit B to the Complaint. Said contingencies and conditions have not been satisfied, including but not limited to, plaintiff's failing to secure necessary permits needed to complete the pipeline.

6. As set forth in paragraph 8 herein, plaintiff did not negotiate in good faith and its proposed condemnation damages are unjust and wholly inadequate to compensate Rex and its lessee, Warrior, for the value of the property taken or other related damages. Both the proposed compensation and the proposed easement would therefore constitute a taking of property without just compensation in violation of Rex's Fifth Amendment rights under the United States Constitution and Article 3, Section 3-9 of the West Virginia Constitution.

7. Plaintiff has failed to comply with applicable laws, rules and regulations.

8. This matter is not ripe for decision given the motions for reconsideration currently pending before the FERC.

9.      Plaintiff has no power of quick-take similar to that granted to the federal government in the *Declarations of Taking Act,* 40 U.S.C. §3114(b), as Congress granted natural gas companies a right of eminent domain under Section (b) of the NGA that only provides possession upon compensation by trial.

10.     Plaintiff has failed to demonstrate in proceedings before the FERC, and cannot demonstrate, nor has it alleged in its Complaint, that it is financially capable of justly compensating all defendants herein, including landowners, for the property interests and properties it seeks to acquire by the extraordinary governmental power of eminent domain.   Unless and until such financial condition is established by actual payments following just compensation trials, plaintiff has no right to enter, take possession, and begin construction of the MVP project.

11.     Rex reserves the right to assert additional defenses as may be revealed to be appropriate through discovery or otherwise and to amend this answer if appropriate after full investigation and discovery in this matter, including the assertion of counterclaims and other causes.  Rex demands a trial by jury.


### REQUESTS FOR DISCOVERY PURSUANT TO *Fed.R.Civ.P. 71.1*

Rex requests discovery under *Rule 26* of the *Federal Rules of Civil Procedure* and specifically, that it be permitted to discover all documents in the possession of MVP, its employees, contractors and attorneys, relating to the sterilization of its coal and the value thereof as discussed in paragraph 8 of the Complaint herein, as well as other matters that may become relevant during the course of this action.

## REQUEST FOR JURY TRIAL

Pursuant to *Fed.R.Civ.P. 71(h)(1)(B)*, Rex respectfully demands a jury trial on all issues so triable.

## REQUEST TO SEVER

Rex requests that its property and the owners thereof be severed from this action and discovery and trial occur separately given its unique procedural posture as set forth herein.

**WHEREFORE**, Rex respectfully requests the Court enter an Order dismissing this action, rendering judgment in favor of Rex and denying plaintiff the right to condemn Rex's property and if the Complaint is not dismissed:

(1)    allowing Rex to recover full, fair and just compensation for all damages resulting from the taking;

(2)    that it be awarded its attorney's fees, costs of action and prejudgment interest as appropriate under governing law; and

(3)    any such other relief as the Court may deem appropriate.

**REX COAL LAND COMPANY,**
By Counsel,

/s/ Howard M. Persinger, III
**HOWARD M. PERSINGER, III**
*(WV Bar ID# 6943)*
Persinger & Persinger, L.C.
237 Capitol Street
Charleston, WV 25301
Phone:  304-346-9333
Fax:  304-346-9337
hmp3@persingerlaw.com
　　　*Counsel for Rex Coal Land Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of December, 2017, **"REX COAL LAND COMPANY'S ANSWER TO COMPLAINT"** was served upon counsel of record by the CM/ECF System, which will notify the following CM/ECP participants:

>      Nicolle R. Snyder Bagnell *(WV Bar No. 11081)*
>      Lucas Liben *(WV Bar No. 11832)*
>      Reed Smith, LLP
>      Reed Smith Centre
>      225 Fifth Avenue
>      Pittsburgh, PA  15222

>      By: *s/ Howard M. Persinger, III*
>      **HOWARD M. PERSINGER, III**
>      (WV Bar No.: 6943)
>      Persinger & Persinger, L.C.
>      237 Capitol Street
>      Charleston, WV 25301
>      Telephone: 304-346-9333
>      Fax: 304-346-9337
>      Email: hmp3@persingerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MOUNTAIN VALLEY PIPELINE, L.L.C.**
        Plaintiff,

v.                                                    **CIVIL ACTION NO. 2:17-cv-4214**

**AN EASEMENT TO CONSTRUCT,**
**OPERATE AND MAINTAIN A 42-INCH**
**GAS TRANSMISSION LINE ACROSS**
**PROPERTIES IN THE COUNTIES OF**
**NICHOLAS, GREENBRIER, MONROE,**
**SUMMERS, BRAXTON, HARRISON,**
**LEWIS, WEBSTER** and **WETZEL,**
**WEST VIRGINIA, et al.**
        Defendants.

**WARRIOR ENERGY RESOURCES, LLC'S**
<u>**ANSWER TO COMPLAINT**</u>

In response to the allegations contained in plaintiff's Complaint and pursuant to *Fed.R.Civ.P.* 12 and *71.1*, Warrior Energy Resources, LLC ("Warrior"), through its counsel Howard M. Persinger, III and Persinger & Persinger, L.C., hereby responds as follows:

<u>*FEDERAL RULES OF CIVIL PROCEDURE 71.1(e)(2)(A) & (B)* **STATEMENTS**</u>

As required by *Fed.R.Civ.P. 71.1(e)(2)(A)* and *(B)*, Warrior hereby identifies the real property in which it claims an interest to be that property described in Exhibit A of the Complaint or Tax Map No.: 11-39-7. Warrior identifies its ownership in said parcel as a leasehold interest in the coal situated on the property described in Exhibit A


EXHIBIT
B

pursuant to a Lease Agreement with Rex Coal Land Company ("Rex") dated November 1, 2011 and amended on October 20, 2014.  Some of the aforesaid coal will be sterilized by the condemnation and taking sought in the Complaint.

## RESPONSES AND OBJECTIONS

### RESPONSES TO UNNUMBERED INTRODUCTORY PARAGRAPHS

In response to the unnumbered introductory paragraphs at the beginning of the Complaint, Warrior admits that the Federal Energy Regulatory Commission ("FERC") did issue an Order dated October 13, 2017, related to the MVP Project (Order is attached to the Complaint as Exhibit B), which speaks for itself and requires no response from Warrior.  The Order, however, has been challenged by various motions for reconsideration filed by various parties and also remains subject to appeal. Moreover, the Order, by its terms is subject to conditions including, but not limited to, the securing by plaintiff of several permits necessary to construct the pipeline.   Warrior admits that it has a leasehold interest in the coal situated on the property identified on Exhibit A attached to the Complaint.   Warrior is without knowledge or information sufficient to form a belief as to the truth of the remaining introductory allegations as they relate to Warrior and/or other defendant landowners.

## RESPONSES TO ENUMERATED PARAGRAPHS

### Jurisdiction And Venue

1.     Warrior is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

2.     Warrior admits that it has a leasehold interest in the coal situated on the property interest at issue in this case which exceeds Three Thousand Dollars ($3,000.00) in value.  Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendant landowners in this matter contained in paragraph 2 of the Complaint.

3.     Warrior admits that some of the property, including the property owned by Warrior, identified on the maps attached to the copy of the Complaint it received is located within the southern district of West Virginia, however, it appears that at least one parcel which plaintiff seeks to condemn in this action is located within the Northern District of West Virginia.  Warrior lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 3 of the Complaint as they relate to other defendants and properties and therefore denies the same and demands strict proof thereof.

### Authority To Condemn

4.     Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same and demands strict proof thereof.

3

5.      The FERC certificate referred to in paragraph 5 of the Complaint and attached thereto as Exhibit B speaks for itself.

6.      Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same and demands strict proof thereof.

7.      Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same and demands strict proof thereof.

8.      In response to paragraph 8 of the Complaint, Warrior admits that plaintiff has made an offer to Rex to acquire a surface easement and right-of-way across the surface of Rex's property.  However, the offer reflects only the value of Rex's surface property which will be condemned and taken by the easement sought by plaintiff. Warrior affirmatively avers that the requested easement will also necessarily sterilize portions of Rex's valuable coal reserves underlying the subject surface property (effectively condemning and taking same), which are also owned by Rex and under lease to Warrior, which has applied for necessary permits for mining and removal of the same.  Both Rex and Warrior have already made significant investments toward the development and mining of the sterilized coal.   Rex's consulting engineer has completed an analysis under which it was determined that 59,500 tons will be sterilized as at result of the easement.  This report was provided to plaintiff in August of 2016, at plaintiff's request and as part of a good faith effort to negotiate compensation for the sterilized coal.    Although initially indicating it would do so, plaintiff, however, has steadfastly refused to negotiate or make any offers with respect to the value of the

4

sterilized coal, despite Rex's repeated request that it do so. Accordingly, plaintiff's offer to Rex is unreasonable and not made in good faith. Warrior further admits that plaintiff has not acquired rights to Rex's property. Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other landowners contained in paragraph 8 of the Complaint and therefore denies the same and demands strict proof thereof.

9.     In response to the allegations contained in paragraph 9 of the Complaint, Warrior avers that said allegations constitute legal conclusions which require no response. To the extent that such response is required, Warrior denies the same.

## The Easements To Be Taken

10.     In response to paragraph 10 of the Complaint, Warrior objects to plaintiff's condemnation of any easement or right of way across the property it has a leasehold interest in as shown (approximately) on the plat attached as Exhibit C to the Complaint. Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other land owners or their properties.

11.     In response to paragraph 11 of the Complaint, Warrior objects to plaintiff's condemnation of any easement or right of way across its property as shown (approximately) on the plat attached as Exhibit C to the Complaint. Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other land owners or their properties. Warrior did not receive copies of all the maps of all of the properties involved in this action and therefore lacks knowledge or information sufficient to form a belief as to the truth regarding what may be included on

maps or plats or whether it is necessary to take all rights and interests sought by plaintiff. Warrior lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations with respect to the other landowners and/or their properties.

12. In response to paragraph 12 of the Complaint, Warrior objects to plaintiff's condemnation of any easement or right of way across Rex's property as shown on the plat attached as Exhibit C to the Complaint. Warrior further objects in that the map contains insufficient detail to show the exact route of the proposed pipeline across Rex's property. Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other landowners or their properties, and therefore denies the same and demands strict proof thereof.

13. Warrior denies that it is identified on Exhibit A of the Complaint. Warrior is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint.

14. Warrior lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

Warrior denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES AND OBJECTIONS

1. The Complaint fails to state a claim upon which relief can be granted.

2. Warrior asserts and reserves the following as affirmative defenses pursuant to *Fed.R.Civ.P. 8(c)(1)* and *71.1(e)(3)* so as to avoid waiver should the same be shown to be applicable during the course of this action: Estoppel, Failure of

Consideration, Fraud, Illegality, Laches, Pre-emption, *Res Judicata*, Statute of Limitations, Waiver, Arbitration and Award, Payment and Release, Statute of Frauds, Unclean Hands, and any and all other matters constituting affirmative defenses which may become apparent through the course of discovery.

3.     The Complaint must be dismissed because plaintiff has failed to name indispensable parties, namely Rex's coal lessee, Warrior, who claims an interest in the subject property within the meaning of *Fed.R.Civ.P. 19* and *71.1(c)(3)*.

4.     The Complaint must be dismissed because it fails to properly identify the property to be condemned and taken from Warrior pursuant to *Fed.R.Civ.P. 71.1(c)(2)* in that it does not identify the coal estate portions of which will be sterilized and effectively condemned and taken by the proposed pipeline.

5.     The requested taking of easements alleged in the Complaint is predicated upon contingencies and conditions as set forth in the FERC Certificate attached as Exhibit B to the Complaint. Said contingencies and conditions have not been satisfied, including but not limited to, plaintiff's failing to secure necessary permits needed to complete the pipeline.

6.     As set forth in paragraph 8 herein, plaintiff did not negotiate in good faith and its proposed condemnation damages are unjust and wholly inadequate to compensate Warrior and its lessor, Rex, for the value of the property taken or other related damages.  Both the proposed compensation and the proposed easement would therefore constitute a taking of property without just compensation in violation of Warrior's Fifth Amendment rights under the United States Constitution and Article 3, Section 3-9 of the West Virginia Constitution.

7.     Plaintiff has failed to comply with applicable laws, rules and regulations.

8.     This matter is not ripe for decision given the motions for reconsideration currently pending before the FERC.

9.     Plaintiff has no power of quick-take similar to that granted to the federal government in the *Declarations of Taking Act,* 40 U.S.C. §3114(b), as Congress granted natural gas companies a right of eminent domain under Section (b) of the NGA that only provides possession upon compensation by trial.

10.     Plaintiff has failed to demonstrate in proceedings before the FERC, and cannot demonstrate, nor has it alleged in its Complaint, that it is financially capable of justly compensating all defendants herein, including landowners, for the property interests and properties it seeks to acquire by the extraordinary governmental power of eminent domain.   Unless and until such financial condition is established by actual payments following just compensation trials, plaintiff has no right to enter, take possession, and begin construction of the MVP project.

11.     Warrior reserves the right to assert additional defenses as may be revealed to be appropriate through discovery or otherwise and to amend this answer if appropriate after full investigation and discovery in this matter, including the assertion of counterclaims and other causes.  Warrior demands a trial by jury.


**REQUESTS FOR DISCOVERY PURSUANT TO *Fed.R.Civ.P. 71.1***

Warrior requests discovery under *Rule 26* of the *Federal Rules of Civil Procedure* and specifically, that it be permitted to discover all documents in the possession of MVP, its employees, contractors and attorneys, relating to the sterilization of its coal

and the value thereof as discussed in paragraph 8 of the Complaint herein, as well as other matters that may become relevant during the course of this action.

## REQUEST FOR JURY TRIAL

Pursuant to *Fed.R.Civ.P. 71(h)(1)(B)*, Rex respectfully demands a jury trial on all issues so triable.

## REQUEST TO SEVER

Warrior requests that its property and the owners thereof be severed from this action and discovery and trial occur separately given its unique procedural posture as set forth herein.

**WHEREFORE**, Warrior respectfully requests the Court enter an Order dismissing this action, rendering judgment in favor of Warrior and denying plaintiff the right to condemn Warrior's property and if the Complaint is not dismissed:

(1)   allowing Warrior to recover full, fair and just compensation for all damages resulting from the taking;

(2)   that it be awarded its attorney's fees, costs of action and prejudgment interest as appropriate under governing law; and

(3)   any such other relief as the Court may deem appropriate.

**WARRIOR ENERGY RESOURCES, LLC**
By Counsel,


/s/ Howard M. Persinger, III
**HOWARD M. PERSINGER, III**
*(WV Bar ID# 6943)*
Persinger & Persinger, L.C.
237 Capitol Street
Charleston, WV 25301
Phone:  304-346-9333
Fax:  304-346-9337
hmp3@persingerlaw.com
    *Counsel for Warrior Energy Resources, LLC*